United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BJB ELECTRIC LP,

            Plaintiff,

    v.

BRIDGELUX, INC.,

            Defendant.

Case No. 22-cv-01886-RS

**ORDER DENYING LEAVE TO FILE SECOND AMENDED COMPLAINT**

In this breach of contract action for liquidated damages from Defendant Bridgelux, Inc. for its alleged failure to meet a minimum purchase requirement, Plaintiff BJB Electric LP moves for leave to file a second amended complaint. Plaintiff seeks to amend in order to add a second Plaintiff—BJB GmbH & Co. KG ("BJB Germany"), an affiliate of BJB Electric—and a second claim for breach of contract for BJB Germany, as a third-party beneficiary.

Federal Rule of Civil Procedure 15 provides that parties may amend their pleadings once as a matter of course, provided that amendment occurs within 21 days of service or, if the pleading is one to which a responsive pleading is required, 21 days after service of that responsive pleading. Fed. R. Civ. P. 15(a)(1). Rule 15 also states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While the Ninth Circuit holds "'[t]his policy is to be applied with extreme liberality,'" *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)), such leave is not automatic. Courts generally consider four factors: (1) bad faith on the part of the

movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, prejudice to the opposing party carries the most weight. *Eminence Capital*, 316 F.3d at 1052. In addition, courts may also consider whether the plaintiff has previously amended his complaint. *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 2017 WL 3149297, at *2 (N.D. Cal. July 25, 2017).

Here, undue delay and prejudice counsel against granting leave to amend. There is evidence of delay: Plaintiff's motion comes nearly a year after its Complaint was filed[1], and on the eve of the close of fact discovery—the day before, in fact. Plaintiff's only proffered explanation for this delay is that "[t]he appropriateness of adding BJB Germany as a party has only recently come to light in the context of BJB's preparation of its discovery responses." Dkt 32 at 2. Yet the motion comes from the same counsel that filed the Complaint, and Plaintiff offers no new evidence or intervening changes of law to explain why this theory of recovery was only recently made available. Most importantly, BJB Germany's involvement was obvious to Plaintiff from the very beginning—something its own motion admits. *See* Dkt. 32 at 3 ("BJB Germany's involvement in the manufacture of the Holders was well known to Bridgelux (and, of course, to BJB Electric) and was in fact an intended and integral part of contract fulfillment . . . ."); *see also In re Fritz Companies Sec. Litig.*, 282 F. Supp. 2d 1105, 1110 (N.D. Cal. 2003) ("Delay is especially damaging to the plaintiff's motion where the facts were previously available and no reason is given for their exclusion from antecedent complaints.") (citations omitted). This unexplained delay, moreover, compounds the prejudice to Defendant, as BJB Electric "freely concedes that adding BJB Germany as a party may require some additional discovery and perhaps modification of the case schedule." Dkt. 44 at 4; *see also Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the

---

[1] Plaintiff filed its complaint in March of 2022 and filed its motion for leave to amend on January 12, 2023. Dkts. 1, 32.

United States District Court
Northern District of California

complaint."). Plaintiff argues that depositions have yet to be taken, but this improperly discounts that written discovery and documents have already been exchanged, and would have to be repeated for BJB Germany, which Plaintiff had ironically previously objected to as irrelevant. *See, e.g.*, Dkt. 43-2 at 12 (Plaintiff's Response to n Request for Production explaining that information about items "produced and manufactured by BJB's affiliate, BJB GmbH & Co. KG" is "irrelevant to BJB's claim in this action," and "overbroad").

Having furnished no good explanation for the undue delay and finding that reopening discovery would cause prejudice to Defendant, Plaintiff's motion for leave to file a second amended complaint is denied.

**IT IS SO ORDERED**.

Dated: February 9, 2023

_____
RICHARD SEEBORG
Chief United States District Judge