CRAIG A. GELFOUND (SBN 176378)
craig.gelfound@afslaw.com
KIRSTEN A. HART (SBN 258433)
kirsten.hart@afslaw.com
JESSICA B. DO (SBN 317517)
jessica.do@afslaw.com
**ARENTFOX SCHIFF LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: 213.629.7400
Facsimile: 213.629.7401

Attorneys for Defendant and Counter-Claimant
BRIDGELUX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BJB ELECTRIC LP,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BRIDGELUX, INC.,<br><br>　　　　　Defendant. | Case No. 22-cv-01886-RS<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>*[Filed concurrently with Declaration of Craig Gelfound and Proposed Order]*<br><br>Hearing Date:　July 27, 2023<br>Time:　　　　1:30 p.m.<br>Ctrm:　　　　3 |
| BRIDGELUX, INC,<br><br>　　　　　Counter-Claimant,<br><br>　v.<br><br>BJB ELECTRIC LP,<br><br>　　　　　Counter-Defendant. | Judge:　　Hon. Richard Seeborg<br>Magistrate:Hon. Laurel Beeler<br><br>Date Filed:　March 24, 2022<br>Trial Date:　August 21, 2023 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 27, 2023, at 1:30 p.m. in Ctrm 3 of the above entitled court, Defendant and Counter-Claimant BRIDGELUX, INC. ("Bridgelux") hereby moves this Court for an Order granting summary judgment against Plaintiff/Counter-Defendant BJB ELECTRIC LP ("BJB") on its Amended Complaint for Damages (the "Amended Complaint"), and entering judgment in favor of Bridgelux on the Amended Complaint's sole claim for breach of contract.

This Motion is brought pursuant to Federal Rule of Civil Procedure 56(a), on the grounds that BJB's claim for breach of contract cannot be established as a matter of law where the undisputed facts confirm that Bridgelux did not breach the Letter Agreement between the parties.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Craig Gelfound, all pleadings and records on file in these proceedings, and on such other evidence and argument as may be presented to the Court before or during the hearing of the Motion.

Dated:  June 22, 2023                    **ARENTFOX SCHIFF LLP**

By: */s/Craig A. Gelfound*
Craig A. Gelfound
Kirsten A. Hart
Jessica B. Do
Attorneys for Defendant and
Counter-Claimant
BRIDGELUX, INC.

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................. 1
II. STATEMENT OF FACTS .................................................................................... 1
   A. THE PARTIES .......................................................................................... 1
   B. THE LETTER AGREEMENT ................................................................. 2
   C. BRIDGELUX'S PERFORMANCE UNDER THE LETTER AGREEMENT ............................................................................................ 3
III. PROCEDURAL HISTORY ................................................................................... 3
IV. ARGUMENT ......................................................................................................... 4
   A. LEGAL STANDARD ............................................................................... 4
   B. BJB'S BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW. ................................................................................. 6
      1. CALIFORNIA LAW GOVERNS THE INTERPRETATION OF THE LETTER AGREEMENT .......... 6
      2. BRIDGELUX IS ENTITLED TO SUMMARY JUDGMENT BECAUSE BJB CANNOT SHOW THAT BRIDGELUX BREACHED THE EXPRESS TERMS OF THE LETTER AGREEMENT. ................................................... 6
V. CONCLUSION ...................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

### Cases

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................................ 5

*Bank of the West v. Superior Court*,
  2 Cal.4th 1254 (1992) .............................................................................................. 6

*Batiz v. Am. Commercial Sec. Servs.*,
  776 F.Supp.2d 1087 (C.D. Cal. 2011) ..................................................................... 5

*Berman v. Bromberg*,
  56 Cal.App.4th 936 (1997) ...................................................................................... 7

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ............................................................................................ 4, 5

*Cleveland v. Groceryworks.com, LLC*,
  No. 14-CV-00231-JCS, 2016 WL 4140504 (N.D. Cal. Aug. 4, 2016) ................... 6

*Gasaway v. Northwestern Mut. Life Ins. Co.*,
  26 F.3d 957 (9th Cir. 1994) ..................................................................................... 5

*Japan Telecom, Inc. v. Japan Telecom Am. Inc.*,
  287 F.3d 866 (9th Cir.2002) .................................................................................... 5

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ................................................................................................ 6

*In re Oracle Corp. Sec. Litig.*,
  627 F.3d 376 (9th Cir. 2010) ................................................................................ 5, 6

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
  809 F.2d 626 (9th Cir. 1987) ................................................................................... 5

*Thornhill Publ'g Co., Inc. v. GTE Corp.*,
  594 F.2d 730 (9th Cir. 1979) ................................................................................... 5

*Titan Group, Inc. v. Sonoma Valley County Sanitation Dist.*,
  164 Cal.App.3d 1122 (1985) ................................................................................... 7

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- ii -

BRIDGELUX, INC.'S NOTICE OF MOTION
AND MOTION FOR SUMMARY
JUDGMENT

*Winograd v. American Briadcasting Co.*,
 68 Cal.App.4th 624 (1998) ................................................................................... 7

**Statutes**

Cal. Civ. Code, § 1635 ............................................................................................. 6

Cal. Civ. Code, § 1636 ............................................................................................. 6

Cal. Civ. Code, § 1638 ............................................................................................. 7

Cal. Civ. Code, § 1639 ............................................................................................. 6

**Other Authorities**

Fed. R. Civ. P. 56(a) ................................................................................................. 4

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant and Counter-Claimant BRIDGELUX, INC. ("Bridgelux") submits the following Memorandum of Points and Authorities in support of its Motion for Summary Judgment against Plaintiff/Counter-Defendant BJB ELECTRIC LP ("BJB") on its Amended Complaint for Damages (the "Am. Complaint").

## I. INTRODUCTION

This matter arises from a dispute concerning performance of a written contract (the "Letter Agreement") between Bridgelux and BJB, as manufacturer, for the development and sale of custom electro-mechanical holders (each, a "Holder") for Bridgelux's Vero 2.0 LED array product family (the "Holder Project"). BJB's sole legal claim arises out of its specious assertion that Bridgelux breached the Letter Agreement by failing to order sufficient Holders pursuant to the terms of the Letter Agreement.

BJB's claim is ripe for summary judgment because (1) the plain terms of the Letter Agreement require Bridgelux to place orders for 15 million Holders within a specified time period referred to as the Cost Sharing Period (defined below); and (2) the undisputed facts demonstrate Bridgelux placed orders for more than 15 million Holders prior to the expiration of the Cost Sharing Period.

Accordingly, summary judgment should be granted in favor of Bridgelux.

## II. STATEMENT OF FACTS

### A. The Parties

BJB is a limited partnership located in the State of Georgia. Am. Compl. [ECF No. 25], ¶ 2. Bridgelux is a Delaware corporation with principal place of business at 46410 Fremont Blvd., Fremont, California 94538. *Id*., ¶ 3. BJB manufactures components for the luminaire industry, among other business lines. *Id*., ¶ 6. Bridgelux is a developer and manufacturer of LED lighting products. *Id*., ¶ 7.

### B. The Letter Agreement

On or about March 21, 2016, BJB and Bridgelux entered into the Letter Agreement pursuant to which BJB would develop, and make available for sale to Bridgelux, custom electro-mechanical Holders for Bridgelux's Vero 2.0 LED array product family. ECF No. 25 (Am. Compl., ¶ 8); Declaration of Craig Gelfound ("Gelfound Decl."), **Ex. B** (Deposition of Albert Pruenster ("Pruenster Depo."), Ex. 2). Article 2 of the Letter Agreement states that:

> If BJB is awarded the Holder Project (i.e. Bridgelux designated BJB as the supplier of the Holder), such units will be purchased by Bridgelux (or its designated contract manufacturer) under its purchase order at the pricing designated under Schedule A. However, if BJB fails to obtain orders for at least 15 million units ("Minimum Requirement") of the Vero 2.0 Holder within 4 years after "First Availability" of the Vero 2.0 Holder ("Cost Sharing Period"), Bridgelux agrees that it or its contract manufacturer will purchase the "Shortfall Quantity" of such Vero 2.0 Holders at the pricing designated under Schedule A ($0.08 per unit) pursuant to a Bridgelux purchase order.

Gelfound Decl., **Ex. B** (Pruenster Depo., Ex. 2).

The term "Shortfall Quantity" as used in the Letter Agreement "is the difference between the Minimum Requirement and the number of Vero 2.0 Holders ordered ("Ordered Holders") during the Cost Sharing Period." *Id*. "First Availability" means "the date that 'Shippable Holders' are available for sale and shipment by BJB (with such availability then indicated via written confirmation from BJB to Bridgelux)." *Id*. "Shippable Holders" are "the production version of Vero 2.0 Holders which are then available for sale and shipment." *Id*.

Article 10 of the Letter Agreement further states that Bridgelux's Purchase Order Terms and Conditions ("T&C") shall apply to the sale and purchase of the Holders. *Id*. In relevant part, Section 1.1 of the T&C defines the term "order" as follows:

> These terms and conditions, together with any additional terms appearing on the purchase order and attachments or documents referenced herein, including without limitation, product or service specification, requirements documents, statements of work, standards of case, or supplier code of conduct (collectively "Order") are incorporated

by reference into each purchase order . . . .

Gelfound Decl., **Ex. D** (Deposition of Timothy W. Lester ("Lester Depo."), Ex. 18).

### C. Bridgelux's Performance Under the Letter Agreement

"First Availability" as used in the Letter Agreement occurred in October of 2016. ECF No. 25 (Am. Compl., ¶ 12). Thus, the 4-year Cost Sharing Period under the Letter Agreement expired in October of 2020. *Id*.

After the "First Availability" date, but prior to August 14, 2020, Bridgelux ordered and BJB delivered 2,220,398 Vero 2.0 Holders. Gelfound Decl., **Ex. C** (Lester Depo at 68:13-23); Gelfound Decl., **Ex. E** (Deposition of Joseph Laufer ("Laufer Depo.") at 134:10-135:5). On August 14, 2020, before the end of the Cost Sharing Period, Bridgelux sent BJB an email enclosing a purchase order for 13,018,500 Vero 2.0 Holders, also dated August 14, 2020 ("PO0801-01"). Gelfound Decl., **Ex. D** (Lester Depo., Ex. 18). Bridgelux's T&Cs were appended to PO0801-01. *Id*. In total, Bridgelux submitted orders totaling more than 15 million Holders prior to the expiration of the Cost Sharing Period, a fact which BJB's President, Albert Pruenster, confirmed under oath during his deposition and which BJB further affirmed through written discovery. Gelfound Decl., **Ex. A** (Pruenster Depo. at 193:9-21); Gelfound Decl., **Ex. F** (BJB's Response to Request No. 1 of Defendant Bridgelux, Inc.'s First Requests for Admissions ["BJB admits that . . . Bridgelux submitted orders to BJB for at least 15,000,000 units of the Holder by the close of the Cost Sharing Period . . . ."]).

### III. PROCEDURAL HISTORY

On March 24, 2022, BJB filed its initial Complaint asserting a claim for breach of contract against Bridgelux. ECF No. 1. On April 15, 2022, Bridgelux filed its Answer and Counterclaim for breach of contract against BJB. ECF No. 13. BJB answered Bridgelux's Counterclaim on May 4, 2022. ECF No. 18.

On September 1, 2022, BJB filed the operative Amended Complaint. ECF No. 25. In its Amended Complaint, BJB alleges that the "Cost Sharing Period

expired without BJB having obtained orders from Bridgelux for the Minimum Requirement of 15 million units [Vero 2.0 Holders]." *Id.*, ¶ 13. BJB also alleges that, following the expiration of the Cost Sharing Period, "Bridgelux was required to pay BJB liquidated damages in the amount of the Shortfall Quantity – 12,779,602 units [of Vero 2.0 Holders] – times $0.08 per unit, or $1,022,368.16, plus interest thereon, which it failed to." *Id.*, ¶ 15. Thus, BJB claims that Bridgelux is liable for breach of the Letter Agreement in the amount of $1,022,368.16, plus interest. *Id.*, ¶ 16. BJB further alleges in the alternative that "Bridgelux has breached the Letter Agreement, and Bridgelux is liable to BJB for its actual damages caused by breach in an amount to be proved at trial, plus interest thereon." *Id.*, ¶ 17.

## IV. ARGUMENT

BJB's claim for breach of the Letter Agreement fails as a matter of law because (1) it is undisputed that Bridgelux submitted "orders" for 2,220,398 Holders after the "First Availability" date, but prior to August 14, 2020; and (2) the purchase order PO0801-01 for 13,018,500 Holders dated August 14, 2020 constitutes an "order" under the Letter Agreement for the remaining balance of the Minimum Requirement during the Cost Sharing Period. Accordingly, summary judgment should be granted in favor of Bridgelux.

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the non-moving party has the burden at trial, the party seeking summary judgment bears only the initial burden to show the basis for its motion and to identify those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Defendants need not produce evidence negating or disproving every essential element of the plaintiff's claims. *Id.*

at 325. Rather, the moving party's burden is met by pointing out there is an absence of evidence supporting the non-moving party's case, thereby identifying the issues on which the plaintiff cannot meet its burden of proof at trial. *See In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). If the moving party meets its initial burden, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Hearsay statements in affidavits are inadmissible" to defeat summary judgment. *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 875 n. 1 (9th Cir.2002). And summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

In considering a motion for summary judgment, the evidence should be viewed in the light most favorable to the non-moving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). But the non-moving party cannot simply rely on the pleadings, and must show through "depositions, answers to interrogatories and admission on file, . . . specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 323-24. "Mere allegations or denials" do not meet the opposing party's burden of showing a genuine issue of material fact. *Gasaway v. Northwestern Mut. Life Ins. Co.*, 26 F.3d 957, 960 (9th Cir. 1994) Likewise, conclusory, speculative testimony or other evidence is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). "This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence." *Batiz v. Am. Commercial Sec. Servs.*, 776 F.Supp.2d 1087, 1095 (C.D. Cal. 2011), citing *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir.2010), *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505). "The non-moving party must do more than show there is some

'metaphysical doubt' as to the material facts at issue." *In re Oracle*, 627 F.3d at 387 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

Further, where a rational trier of fact could not find for the non-moving party based on the record as a whole, there is no "genuine issue for trial" and summary judgment is appropriate. *Cleveland v. Groceryworks.com, LLC*, No. 14-CV-00231-JCS, 2016 WL 4140504, at *7 (N.D. Cal. Aug. 4, 2016), citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

### B. <u>BJB's Breach of Contract Claim Fails as a Matter of Law.</u>

Determining whether BJB can establish a breach of contract claim requires interpreting the plain language of the Letter Agreement and applying the properly construed language to the undisputed facts in this case.

#### 1. California Law Governs the Interpretation of the Letter Agreement.

Here, the T&C, which are fully incorporated into the Letter Agreement, provide for California law to apply. *See* Gelfound Decl., **Ex. B** (Pruenster Depo., Ex. 2, Art. 10); Gelfound Decl., **Ex. D** (Lester Depo., Ex. 18). Accordingly, California law applies for purposes of contract interpretation.

#### 2. Bridgelux is Entitled to Summary Judgment Because BJB Cannot Show that Bridgelux Breached the Express Terms of the Letter Agreement.

The issue of whether Bridgelux breached the Letter Agreement presents a straightforward question of contract interpretation. Under California law, "[a]ll contracts, whether public or private, are to be interpreted by the same rules, except as otherwise provided by [the California Civil Code]." Cal. Civ. Code, § 1635. The basic goal of contract interpretation is to give effect to the parties' mutual intent as it existed at the time of contracting. Cal. Civ. Code, § 1636; *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1264 (1992). "When a contract is reduced to writing, the parties' intention is determined from the writing alone, if possible. Cal.

1  Civ. Code, § 1639. "It is the objective intent, as evidenced by the words of the
2  contract, rather than the subjective intent of one of the parties, that controls
3  interpretation." *Titan Group, Inc. v. Sonoma Valley County Sanitation Dist.*, 164
4  Cal.App.3d 1122, 1127 (1985). The parties' undisclosed intent or understanding is
5  irrelevant to contract interpretation. *Winograd v. American Briadcasting Co.*, 68
6  Cal.App.4th 624, 632 (1998); *Berman v. Bromberg*, 56 Cal.App.4th 936, 948 (1997).
7  If the language of the contract is clear and explicit, it governs its interpretation.
8  Cal. Civ. Code, § 1638.

9  Here, the language of the Letter Agreement is clear and explicit—to meet its obligation, Bridgelux must "order" the Minimum Requirement of the Holders within the Cost Sharing Period. Gelfound Decl., **Ex. B** (Pruenster Depo., Ex. 2 ["However, if BJB fails to obtain orders for at least 15 million units ("Minimum Requirement") of the Vero 2.0 Holder within 4 years after "First Availability" of the Vero 2.0 Holder ("Cost Sharing Period"), Bridgelux agrees that it or its contract manufacturer will purchase the "Shortfall Quantity" . . . ."]).

16  The undisputed facts in this matter demonstrate that BJB obtained sufficient orders from Bridgelux within the Cost Sharing Period. In particular, it is undisputed that Bridgelux ordered 2,220,398 Vero 2.0 Holders after the "First Availability" date, but prior to August 14, 2020. Gelfound Decl., **Ex. C** (Lester Depo. at 68:13-23); Gelfound Decl., **Ex. E** (Laufer Depo. at 134:10-135:5); ECF No. 25 (Am. Compl., ¶ 13). And it is further undisputed that, on August 14, 2020, Bridgelux ordered 13,018,500 additional Vero 2.0 Holders *via* purchase order PO0801-01. Gelfound Depo., **Ex. D** (Lester Depo., Ex. 18), **Ex. F** (BJB's Response to Requests for Admission, Request No. 1: "BJB admits that . . . Bridgelux submitted orders to BJB for at least 15,000,000 units of the Holder by the close of the Cost Sharing Period . . . ."), **Ex. A** (Pruenster Depo. at 193:9-21 [Q: And you will agree that Bridgelux ordered the 15 million within the cost-sharing period? A: They submitted multiple orders, at least two orders. Q: And those orders totaled up to more than 15

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 7 -

BRIDGELUX, INC.'S NOTICE OF MOTION
AND MOTION FOR SUMMARY
JUDGMENT

million units within the cost-sharing period? A: Yes.]).

Additionally, PO0801-01 on its face is an "order" under the Letter Agreement. Moreover, PO0801-01 is consistent with the T&C definition of "Order." Gelfound Depo., **Ex. D** (Lester Depo., Ex. 18 at Section 1.1). And the T&C are incorporated by reference into the Letter Agreement. Gelfound Decl., **Ex. B** (Pruenster Depo., Ex. 2, Art. 10).

Having received the plainly worded PO0801-01, consistent with prior purchase orders, and having sworn in oral and written discovery in this case that Bridgelux placed orders for at least 15 million Vero 2.0 Holders prior to the expiration of the Cost Sharing Period, BJB cannot now credibly dispute that Bridgelux's orders met the Minimum Requirement. And BJB has not articulated any other basis for its breach of contract claim against Bridgelux.

As such, BJB cannot raise a genuine dispute of material fact as to its sole claim against Bridgelux, and Bridgelux is entitled to summary judgment as a matter of law.

## V.   **CONCLUSION**

For the reasons set forth herein, Bridgelux respectfully requests that the Court grant summary judgment against BJB, and enter judgment in favor of Bridgelux on BJB's claim for breach of contract.

Dated:  June 22, 2023                                    **ARENTFOX SCHIFF LLP**


By: */s/Craig A. Gelfound*
Craig A. Gelfound
Kirsten A. Hart
Jessica B. Do
Attorneys for Defendant and Counter-Claimant
BRIDGELUX, INC.