1  CRAIG A. GELFOUND (SBN 176378)
   craig.gelfound@afslaw.com
2  KIRSTEN A. HART (SBN 258433)
   Kirsten.hart@afslaw.com
3  JESSICA B. DO (SBN 317517)
   jessica.do@afslaw.com
4  **ARENTFOX SCHIFF LLP**
   555 West Fifth Street, 48th Floor
5  Los Angeles, CA  90013
   Telephone:  213.629.7400
6  Facsimile:   213.629.7401

7  Attorneys for Defendant and Counter-Claimant
   BRIDGELUX, INC.
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12 BJB ELECTRIC LP,                    | Case No. 22-cv-01886-RS

13            Plaintiff,               | **DEFENDANT BRIDGELUX,
                                         INC.'S NOTICE OF MOTION**
14      v.                             | **AND MOTION TO EXCLUDE
                                         THE TESTIMONY OF**
15 BRIDGELUX, INC.,                    | **PLAINTIFF'S PURPORTED
                                         EXPERT ALBERT PRUENSTER**
16            Defendant.               | **AND STRIKE PLAINTIFF'S
                                         DISCLOSURE OF MR.**
17                                     | **PRUENSTER; MEMORANDUM
                                         OF POINTS AND AUTHORITIES**
18 ─────────────────────────────────

19 BRIDGELUX, INC,                     | [*Filed concurrently with the
                                         Declaration of Craig Gelfound;*
20            Counter-Claimant,        | *[Proposed] Order*]

21 v.                                  | Date:      July 27, 2023
                                         Time:      1:30 pm
22 BJB ELECTRIC LP,                    | Ctrm:      3

23            Counter-Defendant.       | Judge: Hon. Richard Seeborg
                                         Date Filed: March 24, 2022
24                                     | Trial Date: August 21, 2023

25

26

27

28

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS                          DEF'S MTN TO EXCLUDE THE TESTIMONY OF A.
                                        PRUENSTER AND STRIKE PLAINTIFF'S
                                        DISCLOSURE OF A. PRUENSTER

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 27, 2023, at 1:30 p.m., or as soon thereafter as the matter can be heard, in Courtroom 3 of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Richard Seeborg, Defendant and Counter-Claimant Bridgelux, Inc. ("Bridgelux") hereby moves this Court for:

(1) an order excluding the testimony and rebuttal report of Plaintiff and Counter Defendant BJB Electric LP's ("BJB") purported expert, Albert Pruenster, and

(2) an order striking BJB's purported Rule 26(a)(2)(C) disclosure of Mr. Pruenster.

The hearing on this matter will take place either in-person, virtually, or telephonically, in a manner that will be directed by the Court, or the Court will take the matter under submission on the papers.

This Motion is based upon Federal Rules of Evidence 702 and 703, and the Supreme Court's *Daubert* decision and its progeny, and is made on the grounds that the testimony of Mr. Pruenster is unreliable as it is based entirely on speculation, and not supported by any foundational documents. Furthermore, Mr. Pruenster is not qualified to opine on manufacturing costs. Accordingly, Mr. Pruenster's testimony is inadmissible and the introduction of such evidence would not assist, but rather confuse, the trier of fact.

This Motion is also based on Federal Rules of Civil Procedure 26 and 37, and is made on the grounds that BJB failed to provide a written report for Mr. Pruenster in violation of Federal Rule of Civil Procedure 26(2)(a)(B) and that such failure is not substantially justified and harmless.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Administrative

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 2 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

1  Motion to Consider Whether Another Party's Material Should Be Sealed pursuant to

2  Local Rules 7-11 and 79-5(f) with the supporting declaration of Craig A. Gelfound,

3  the pleadings, papers, and exhibits on file in this matter, the Declaration of Craig A.

4  Gelfound filed herewith, and such other matters as deemed appropriate for

5  consideration by the Court.

6

7  Dated: June 22, 2023                    **ARENTFOX SCHIFF LLP**

8

9                                          By: */s/ Craig A. Gelfound*

10                                              Craig A. Gelfound
                                                Kirsten A. Hart
11                                              Jessica B. Do
                                                Attorneys for Defendant
12                                              BRIDGELUX, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 3 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................ III1

II.     RELEVANT FACTUAL & PROCEDURAL BACKGROUND ................. 2

    A.      The Letter Agreement ................................................................. 2

    B.      The Instant Action ...................................................................... 3

    C.      BJB's Document Production ........................................................ 3

    D.      Mr. Pruenster's Deposition Testimony ...................................... 4

    E.      BJB's Disclosure of Mr. Pruenster as an Expert Pursuant to Rule 26(a)(2)(C) .................................................................................. 5

    F.      BJB's Disclosure of Mr. Pruenster as a Rebuttal Expert .............. 6

I.      LEGAL STANDARDS REGARDING ADMISSIBILITY OF EXPERT TESTIMONY ..................................................................................... 7

III.    LEGAL ARGUMENT ......................................................................... 8

    A.      Mr. Pruenster Should Not be Permitted to Provide Expert Opinion Testimony Concerning Damages ................................................. 8

        1.      Mr. Pruenster's opinions should not be proffered to a jury Because they are based on speculation ................................ 8

            a.      Mr. Pruenster's sales calculations are based exclusively on speculation and should be excluded ........ 9

            b.      Mr. Pruenster's testimony on lost profits is also based on speculation and should be excluded ............... 10

            c.      Mr. Pruenster's Overhead Calculations are Entirely Speculative and Should Be Excluded. .................... 12

            d.      Mr. Pruenster's "Efficiency Adjustments" Are Entirely Speculative And Concern A Topic On Which Mr. Pruenster Is Not Qualified To Opine. .......... 12

        2.      Mr. Pruenster's Rebuttal Testimony Should Also be Excluded. ......................................................................... 13

    B.      BJB's Expert Disclosure of Mr. Pruenster Violates the Federal Rules of Civil Procedure and Should be Stricken. ...................... 14

        1.      BJB Failed to Provide a Written Report for Mr. Pruenster's Opinion as Required by FRCP 26(a)(2)(B), And Therefore Mr. Pruenster Cannot Be Used To Provide Evidence At Trial ............................................................... 14

        2.      BJB's Disclosure Does Not Qualify as a Rule 26(a)(2)(B) Written Report. ................................................................ 17

        3.      The Proper Remedy for BJB's Violation of the Federal Rules of Civil Procedure is to Strike the Disclosure and Bar Mr. Pruenster from Offering Expert Opinion Testimony. .................................................................... 18

IV.     CONCLUSION ............................................................................... 19

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- i -

DEF'S MTN TO EXCLUDE THE TESTIMONY
OF A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alpha GRP, Inc. v. Subaru of Am., Inc.*,
No. CV182133MWFMRWX, 2021 WL 1146029
(C.D. Cal. Feb. 8, 2021) ....................................................................8, 10, 11

*Bermudez v. Cnty. of San Bernardino*,
No. EDCV20438JGBSHKX, 2021 WL 6618857 (C.D. Cal. Dec. 6, 2021) ..... 13

*Cantu v. United States*,
No. CV 14-00219-MMM-JCGx, 2015 WL 12743881
(C.D. Cal. Apr. 6, 2015) ............................................................................ 15

*Claar v. Burlington N.R.R. Co.*,
29 F.3d 499 (9th Cir. 1994) ......................................................................... 8

*Copart, Inc. v. Sparta Consulting, Inc.*,
No. 214CV00046KJMCKD, 2018 WL 1871414
(E.D. Cal. Apr. 19, 2018) ...................................................................8, 15, 16

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993) ................................................................................... 7

*Diviero v. Uniroyal Goodrich Tire Co.*,
114 F.3d 851 (9th Cir. 1997) ...................................................................... 7

*Elec. Funds Sols., LLC v. Murphy*,
134 Cal. App. 4th 1161 (Cal. App. 2005) .................................................... 8

*Energy Oils, Inc. v. Montana Power Co.*,
626 F.2d 731 (9th Cir. 1980) .................................................................... 14

*Goodman v. Staples The Office Superstore, LLC*,
644 F.3d 817 (9th Cir. 2011) ...............................................................14, 15, 16

*Kumho Tire Co., Ltd. v. Carmichael*,
526 U.S. 137 (1999) ................................................................................... 7

*LuMetta v. U.S. Robotics, Inc.*,
824 F.2d 768 (9th Cir. 1987) ...................................................................... 8

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- ii -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF A.
PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

*Lust By and Through Lust v. Merrell Down Pharm., Inc.*
   89 F3d 594 (9th Cir. 1996) ................................................................................. 8

*Marx & Co., Inc. v. Diners' Club, Inc.,*
   550 F.2d 505 (2d Cir. 1977) ............................................................................. 14

*Masimo Corp. v. Apple Inc.,*
   No. SACV2000048JVSJDEX, 2022 WL 18285029
   (C.D. Cal. Nov. 22, 2022) ........................................................................... 15, 19

*Merchant v. Corizon Health, Inc.,*
   993 F.3d 733 (9th Cir. 2021) ........................................................................... 18

*Orozco v. WPV San Jose, LLC,*
   36 Cal. App. 5th 375 (Cal. App. 2019) ........................................................... 10

*Trevino v. Gates,*
   99 F.3d 911 (9th Cir. 1996) ..................................................................... 8, 9, 14

*Trulove v. D'Amico,*
   2018 WL 1090248 (N.D. Cal. Feb. 27, 2018) ................................................. 19

*Turner v. ThyssenKrupp Materials, N.A.,*
   492 F. Supp. 3d 1045 (C.D. Cal. 2020) ............................................................ 8

*Wang Lab'ys, Inc. v. Mitsubishi Elecs. Am., Inc.,*
   860 F. Supp. 1448 (C.D. Cal. 1993) ................................................................ 10

*Weisgram v. Marley Company,*
   528 U.S. 440 (2000) .......................................................................................... 7

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.,*
   259 F.3d 1101 (9th Cir. 2001) ......................................................................... 15

**Other Authorities**

Fed. R. Civ. P. 26 .............................................................................. 2, 10, 16, 19

Fed. R. Civ. P. 26(a) ......................................................................................... 15

Fed. R. Civ. P. 26(a)(1)(A)(iii) ................................................................. 8, 9, 10

Fed. R. Civ. P.  26(a)(2)(B) ........................................................................ *passim*

Fed. R. Civ. P.  26(a)(2)(B)(ii), (iv)-(vi) ......................................................... 18

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- iii -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

Fed. R. Civ. P.  26(a)(2)(C) ............................................................. 1, 5, 15, 18

Fed. R. Civ. P.  34 ................................................................................. 8, 9

Fed. R. Civ. P. 37(c) ................................................................................. 2

Fed. R. Civ. P. 37(c)(1) ...................................................................... 15, 18

Fed. R. Evid. 702 ......................................................................... 7, 13, 19

Fed. R. Evid. 702(a) ............................................................................... 13

Fed. R. Evid. 702(b) ................................................................................. 9

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- iv -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

1 **I.    <u>INTRODUCTION</u>**

2       The purported expert testimony of Plaintiff and Counter Defendant BJB

3 Electric LP's ("BJB") designated expert Albert Pruenster, BJB's current President,

4 concerning damages should be excluded because it is based on speculative figures

5 which are unsupported by any documentation. In particular, one of the bases of Mr.

6 Pruenster's lost profits calculations is ████████████████████████████████████

7 ████████████████████████████████ In addition to the fact that ██████

8 ████████████████████████████████████████ BJB also has not

9 produced any documentation confirming that the figures used by Mr. Pruenster are

10 accurate. Bridgelux reasonably sought this information in discovery, to no avail.

11 Without these and other unproduced records related to pricing and overhead, there is

12 no way to verify Mr. Pruenster's damages calculations. And, in light of the fact that

13 BJB exclusively bought the Vero 2.0 Holders from its parent company, there is also

14 no way to determine whether the pricing is consistent with an arm's length

15 transaction.

16       Additionally, Mr. Pruenster's Rebuttal Report predominantly consists of

17 improper legal conclusions accusing Bridgelux of breaching the Letter Agreement.

18 The Rebuttal Report also draws conclusions as to whether Purchase Order ("PO")

19 1104-07 is the most current PO for damages analysis, which is a disputed issue in the

20 case, and a question for this Court to determine, and not Mr. Pruenster. And in the

21 Rebuttal Report, Mr. Pruenster utilizes a "mix" of products uncorrelated to the mix

22 identified in PO 1104-07, which is the operative PO.  This apparently random mix is

23 not instructive, and fails to lend itself to a non-speculative expert opinion.

24       Finally, BJB improperly disclosed Mr. Pruenster as an expert pursuant to

25 Federal Rule of Civil Procedure 26(a)(2)(C) when his testimony goes far beyond his

26 percipient knowledge of the case. Rather, Mr. Pruenster's damages analysis fits

27 squarely into the type of expert opinion which must be fully set forth in a written

28 report pursuant to Rule 26(a)(2)(B). BJB's failure to provide this report was neither

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 1 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF A.
PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

substantially justified nor harmless. Accordingly, Mr. Pruenster's testimony should be excluded pursuant to Rule 37(c) for failure to comply with Rule 26.

## II.   RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A.   The Letter Agreement

On or about March 21, 2016, BJB and Bridgelux entered into a written agreement (the "Letter Agreement") where BJB agreed to undertake the development of electro-mechanical holders for Bridgelux's Vero 2.0 product series (each a "Vero 2.0 Holder"), and make the Vero 2.0 Holders available for sale to Bridgelux (and its designated contract manufacturers) (the "Holder Project"). Declaration of Craig A. Gelfound ("Gelfound Decl."), Ex. F (Deposition of Albert Pruenster ("Pruenster Depo."), Ex 2).

Article 2 of the Letter Agreement provides as follows:

> If BJB is awarded the Holder Project (i.e., Bridgelux designates BJB as the supplier of the Holder), such units will be purchased by Bridgelux (or its designated contract manufacturer) under its purchase order at the pricing designated under Schedule A. However, if BJB fails to obtain orders for at least 15 million units ("Minimum Requirement") of the Vero 2.0 Holder within 4 years after "First Availability" of the Vero 2.0 Holder ("Cost Sharing Period"), Bridgelux agrees that it or its contract manufacturer will purchase the "Shortfall Quantity" of such Vero 2.0 Holders at the pricing designated under Schedule A ($0.08 per unit) pursuant to a Bridgelux purchase order.

*Id*. at Ex. 2, Art. 2.

Article 10 of the Letter Agreement provides that Bridgelux's Purchase Order Terms and Conditions ("T&C") are fully incorporated into the Letter Agreement and shall apply to the sale and purchase of the Vero 2.0 Holder products. *Id*. at Art. 10. Subsection (h) of Article 10 provides that a breach includes without limitation "… (c) [BJB]'s failure to provide [Bridgelux], upon request, with reasonable assurances

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 2 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

of performance; or (d) any other serious and persistent failure by [BJB] to make delivery of the [products] or perform the Services within the time specific in this Order or any authorized extension, or otherwise materially breach the Arrangement. *Id*. at Ex. 2, Art. 10.

Between the time the Vero 2.0 Holder first became available and up to on or about August 14, 2020, Bridgelux ordered, and BJB delivered, 2,220,398 Vero 2.0 Holders. Gelfound Decl., Ex. A (Lester Depo at 68:13-23); Gelfound Decl., Ex. D (Deposition of Joseph Laufer ("Laufer Depo.") at 134:10-135:5)

On or about August 14, 2020, Bridgelux submitted an order to BJB for the remainder of the Minimum Requirement, 13,018,500 Vero 2.0 Holders ("Purchase Order"). Gelfound Decl., Ex. B (Lester Depo., Ex. 18). Bridgelux's T&Cs were appended to PO0801-01. *Id.* The Purchase Order specified the dates of delivery for the Vero 2.0 Holders. *Id.*

### B.   The Instant Action

Despite Bridgelux's satisfaction of the Minimum Requirement, BJB nonetheless contends otherwise, and brings this action seeking liquidated damages against BJB in the amount of $0.08 per shortfall unit. ECF No. 25 (Amended Complaint), ¶¶ 13, 15. Alternatively, BJB seeks actual damages. *Id.* at ¶ 17.

Bridgelux's counterclaim against BJB asserts that BJB breached the Letter Agreement by failing to deliver the Vero 2.0 Holders in accordance with the Letter Agreement and various purchase orders. ECF No. 26 (Counterclaim, ¶¶ 15-16).

### C.   BJB's Document Production

Between August and December 2022, Bridgelux served three sets of Requests for Production of Documents on BJB. Gelfound Decl., ¶ 2. These requests purposefully sought BJB's financial documents necessary for Bridgelux to confirm BJB's damages analysis in this action. *Id.* Aside from limited purchase orders and invoices, BJB failed to produce documentation regarding the investment in machinery, tooling, and equipment to produce the Holders (*see* RFPs 4, 26-27, 31);

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 3 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

revenues, costs, overhead, and profit (*see* RFP 6); and information necessary to confirm BJB's accounting, including income tax returns, annual audited reviews/compilations, financial statements, internal reports, annual acquisition budget for tools/equipment (*see* RFPs 34-43, 45). *Id.* BJB also has not produced documents consisting of any agreements between BJB and its affiliate company, BJB GmbH & Co. KH ("BJB Germany")[1], reflecting the price at which BJB Germany agreed to sell Vero 2.0 Holders to BJB. *Id.* at ¶ 3.

On February 20, 2023, after the January 13, 2023, fact discovery cut-off, BJB produced an Excel spreadsheet bates stamped BJB0002097. *Id.* at ¶ 6, Ex. C. This spreadsheet was created by BJB to support its damages analysis and therefore lacks the reliability of the documents requested by Bridgelux but not produced by BJB.

### D.   Mr. Pruenster's Deposition Testimony

On February 6, 2023, the Court issued an order modifying the Case Management Scheduling Order so that the new deadline to take non-expert depositions became March 10, 2023, and the new deadline for expert discovery became April 28, 2023. ECF No. 46.

On March 9, 2023, Bridgelux took the deposition of Mr. Pruenster, BJB's President. Gelfound Decl., at ¶ 8. At his deposition, Mr. Pruenster produced a new document he prepared only three days earlier which purported to provide calculations regarding BJB's overhead. *Id.* at ¶ 8, Ex. E at 57:1-58:7; *id.* at ¶ 10, Ex. G. ████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[1] *See* ECF No. 33 (Declaration of Albert Pruenster in Support of BJB's Motion for Leave to File Second Amended Complaint) at ¶ 1 (referring to BJB Germany as BJB's "affiliated company").

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 4 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

1    ████████████████████████ Gelfound Decl., Ex. E (Pruenster Depo., 65:17-

2    67:5; 67:8-68:1; 69:4-11).

3         Mr. Pruenster also testified about an Excel spreadsheet he created a few days

4    prior that purports to reflect his opinions on efficiency gains, sourcing costs, and

5    profits.[3] Mr. Pruenster opined on efficiency gains in the manufacturing process

6    even though he has no expertise in manufacturing. *Id.* at 154:22-159:19.

7         Further, Mr. Pruenster's testimony on sourcing costs is derived from ██

8    ████████████████████████████████████████████████

9    ██████████████████████████████████████████

10   ████████████████████████████████████████████

11   purposes of calculating damages. *Id.* at 164:8-165:4; 160:25-162:5. Although Mr.

12   Pruenster relied on ████████████████████████████████████

13   ████████████████████ the lack of any agreement with BJB Germany allowed

14   BJB to set at whatever it wanted to for the purposes of calculating damages.  The

15   ██████████████████ is demonstrated in the Excel spreadsheet produced by

16   BJB which showed ████████████████████████████████ *See*

17   Gelfound Decl., Ex. C. Moreover, the failure of BJB to produce financial

18   documents prevents any assessment as to whether ████████████████

19   ████████████████████ is consistent with an arms-length transaction. *See id.* at ¶

20   2.

21        **E.    BJB's Disclosure of Mr. Pruenster as an Expert Pursuant to Rule**

22            **26(a)(2)(C)**

23        On March 31, 2023, weeks after his deposition as a percipient witness, BJB

24   produced its expert disclosures and identified Mr. Pruenster, the president of BJB,

25   [2] ████████████████████████████████████████████████

26   ████████████████████████████████████

27   [3] The Excel spreadsheet with bates number BJB0002097 includes four tabs which
     were submitted as separate exhibits. Gelfound Decl., Ex. C. Exhibit 11 is the tab
     entitled "shipments." Exhibit 12 is the tab entitled "sales calc." Exhibit 13 is the tab

28   entitled "sourcing cost." Exhibit 14 is the tab entitled "profit."  Gelfound Decl., Ex.
     E (Pruenster Depo.) at 151:9-152:7.

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS                              - 5 -              DEF'S MTN TO EXCLUDE THE TESTIMONY OF
                                                              A. PRUENSTER AND STRIKE PLAINTIFF'S
                                                              DISCLOSURE OF A. PRUENSTER

1   as an expert witness pursuant to 26(a)(2)(C) to opine on ███████████

2   ██████████████████ the "Expert Disclosure"). Gelfound Decl. at ¶ 11, Ex. H.

3   BJB did not attach an expert report to its Expert Disclosure. *Id.* And the two-and-a-

4   half-page Expert Disclosure lacks any analysis or explanation of how Mr. Pruenster

5   calculated BJB's damages. *Id.* Instead, the Expert Disclosure purports to

6   ████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████

8   ████████████████████████████████████ *Id.*

9        The Expert Disclosure attaches three exhibits:

10       <u>Exhibit 1:</u> Mr. Pruenster's curriculum vitae as Exhibit 1 which demonstrates

11   ████████████████████████████████████ *Id.*; *see also* Ex. E

12   (Pruenster Depo.) at 18:5-8.████████████████████████████

13   ████████████████████████████████████████ *Id.*; *see also*

14   Ex. E (Pruenster Depo.) at 18:5-13. ████████████████████████

15   ████████████████████████████████████████████████████████

16   ██████████████████████████ *Id.*; *see also* Ex. E (Pruenster Depo.) at

17   19:1-6. Mr. Pruenster's CV also shows ████████████████████████

18   ████████████████████████████████████████████████████████

19   ████████████████████████████████████ *Id.*; *see also*

20   Ex. E (Pruenster Depo.) at 16:1-17:21.

21       <u>Exhibit 2:</u> Excel spreadsheet bates stamped BJB0002097, which was produced

22   by BJB after the fact discovery cutoff. *Id.* at ¶ 12(b).

23       <u>Exhibit 3:</u> Mr. Pruenster's purported overhead calculation, which was

24   produced for the first time at his deposition. *Id.* at ¶ 12(c).

25   **F.   BJB's Disclosure of Mr. Pruenster as a Rebuttal Expert**

26       On March 31, 2023, Bridgelux produced its expert disclosure and identified

27   Lawrence Leavitt, CPA as an expert witness. *Id.* at ¶ 13. Simultaneously, Bridgelux

28   produced a copy of Mr. Leavitt's written report pursuant to FRCP 26(a)(2)(B)."). *Id.*

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 6 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

In response, on April 21, 2023, BJB served its Disclosure of Rebuttal Expert Testimony which identified Mr. Pruenster as BJB's rebuttal witness. *Id.* at ¶ 14, Ex. I. Unlike in its Expert Disclosure, with its Disclosure of Rebuttal Expert Testimony, BJB provided a Rebuttal Report styled as a declaration by Mr. Pruenster. *Id.* Mr. Pruenster's declaration sets forth a response to the written report of Bridgelux's expert Mr. Leavitt. *See id.*

## I. LEGAL STANDARDS REGARDING ADMISSIBILITY OF EXPERT TESTIMONY

Parties relying on "expert" opinion evidence are deemed to have "notice of the exacting standards of reliability such evidence must meet." *Weisgram v. Marley Company*, 528 U.S. 440, 455 (2000) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Courts serve as a gatekeepers of expert evidence and must therefore decide whether such testimony should be presented to the jury. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147-48 (1999). A "trial judge must ensure that any and all [expert] testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 589 (1993). Rule 702 of the Federal Rules of Evidence provides that:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise; if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The Supreme Court has recognized that the term "knowledge" as used in Rule 702 "connotes more than subjective belief or unsupported speculation." *Daubert,* 509 U.S. at 590; *see also Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) (citing *Daubert,* 509 U.S. at 590) ("Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs."). An expert's

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 7 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

opinions are unreliable if based on "mere subjective beliefs or unsupported speculation." *Turner v. ThyssenKrupp Materials, N.A*., 492 F. Supp. 3d 1045, 1048 (C.D. Cal. 2020) (citing *Claar v. Burlington N.R.R. Co*., 29 F.3d 499, 502 (9th Cir. 1994)).

Finally, BJB bears the burden of showing admissibility of Mr. Pruenster's opinions. *See Lust By and Through Lust v. Merrell Down Pharm., Inc*. 89 F3d 594, 598 (9th Cir. 1996) ("It is the proponent of the expert who has the burden of proving admissibility.").

### III.   LEGAL ARGUMENT

####    A.    Mr. Pruenster Should Not be Permitted to Provide Expert Opinion Testimony Concerning Damages

#####        1.    Mr. Pruenster's opinions should not be proffered to a jury Because they are based on speculation.

"[D]amages must be calculated using reliable and concrete evidence." *Alpha GRP, Inc. v. Subaru of Am., Inc*., No. CV182133MWFMRWX, 2021 WL 1146029, at *8 (C.D. Cal. Feb. 8, 2021) (citing *Elec. Funds Sols., LLC v. Murphy*, 134 Cal. App. 4th 1161 (Cal. App. 2005) (noting that "[t]he measure of damages for the diminution of the value of business due to a wrongful act is reflected by loss of profits, expenses incurred, or similar concrete evidences of injury."). "Parties 'must' disclose 'a computation of each category of damages' and 'must also make available for inspection and copying under Rule 34 the documents or other evidentiary material' on which the damages are based.'" *Copart, Inc. v. Sparta Consulting, Inc.*, No. 214CV00046KJMCKD, 2018 WL 1871414, at *11 (E.D. Cal. Apr. 19, 2018) (citing Fed. R. Civ. P. 26(a)(1)(A)(iii), 34(a)(1)).

Additionally, "where foundational facts demonstrating relevancy or qualification are not sufficiently established, exclusion of proffered expert testimony is justified." *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1996) (citing *LuMetta v. U.S. Robotics, Inc*., 824 F.2d 768, 771 (9th Cir. 1987)). For example, in *Trevino,* the

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 8 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

Ninth Circuit upheld the trial court's decision to exclude expert testimony where the experts' opinions concerning child support payments were based on an assumption unsupported by any documentation that the plaintiff's father was employed full time before he died. *Id.* at 923. The record in *Trevino* lacked pay stubs, W-2s, tax returns, cancelled checked, and employer testimony to support the basis of the expert's opinion. *Id.*

And, FRCP 26(a)(1)(A)(iii) provides that a party is required to "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each [damages] computation is based, including materials bearing on the nature and extent of injuries suffered."

        a.     **Mr. Pruenster's sales calculations are based exclusively on speculation and should be excluded.**

Mr. Pruenster's testimony regarding sales calculations[4] should be excluded because it is based on insufficient facts and data. *See* FRE 702(b). Namely, Mr. Pruenster improperly used ███████████████████, and produced no documentation to backstop his figures.

At his deposition, Mr. Pruenster testified that ████████████████ ████████████████████████████████████████ ██████████████████████████[5] Gelfound Decl., Ex. E at (Pruenster Depo.) 154:4-156:14.  But Mr. Pruenster's numbers are based on ████████████████████████████████████ *See id.* Second, ████████████████████████████████████████ ████████████████████████████ *See id.* For example, ███ ████████████████████████████████████████

---

[4] ███████ mony concerns t████████████ and is reflected ███████████████ing

[5] *See* Exhibit 12 to Mr. Pruenster's deposition, which is also the "sales calc" tab for the spreadsheet bates stamped BJB0002097.

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 9 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

 *See id.* Then _____ *See id.*

Additionally, BJB produced no documentation to support these pricing figures, without which Bridgelux cannot confirm or verify Mr. Pruenster's opinions. *See* Gelfound Decl., ¶ 2.

Yet conversely, the only documents BJB produced upon which Mr. Pruenster's testimony relies are a single summary spreadsheet and overhead calculation, both of which were created by Mr. Pruenster and are based entirely on Mr. Pruenster's assumptions, any not any verifiable metrics.  BJB's failure and refusal to produce these documents violates FRCP 26 and is fatal to Mr. Pruenster's testimony. FRCP 26(a)(1)(A)(iii).

> b.  **Mr. Pruenster's testimony on lost profits is also based on speculation and should be excluded.**

Where lost profits are based on pricing in an intra-company transaction, the pricing must be consistent with an arm's length transaction.  An arm's length transaction is one either "between two unrelated and unaffiliated parties" or "between two parties, however closely related they may be, conducted as if the parties were strangers, so that no conflict of interest arises." Transaction, Black's Law Dictionary (11th Ed. 2019). Lost profits are properly calculated based on similar transactions between unrelated parties. *See Alpha GRP, Inc.,* 2021 WL 1146029, at *9 (citing *Orozco v. WPV San Jose, LLC*, 36 Cal. App. 5th 375, 400 (Cal. App. 2019)).  But, to be reliable, a party must also show that its existing revenue data is from an arm's length transaction. *Wang Lab'ys, Inc. v. Mitsubishi Elecs. Am., Inc.*, 860 F. Supp. 1448, 1450 (C.D. Cal. 1993).

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 10 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

1    Here, Mr. Pruenster's lost profit analysis is derived entirely from ███████

2    █████████████████████████████████████████████████ Mr. Pruenster could

3    have analyzed lost profits either by comparing BJB's sales to similar transactions

4    between unrelated parties, or by relying on "existing revenue data and reliable future

5    assumptions." *Alpha GRP, Inc.,* 2021 WL 1146029, at *9.  Mr. Pruenster did neither.

6    He did not testify about any comparable unrelated party transactions. And BJB did

7    not produce any documents from which the pricing could appropriately be analyzed,

8    in conjunction with its expert disclosure or otherwise. For example, BJB has not

9    produced information showing its pricing is consistent with an arm's length

10   transaction, or any financial reports that show the cost of labor, materials, and

11   overhead allocated to the manufacture of Holders.

12       This is particularly problematic because, without this foundational data, we

13   cannot know whether BJB and its parent manipulated their accounting in to order

14   book higher profits for the purposes of its damages calculation. Specifically, the BJB

15   organization as a whole would benefit by shifting profits from BJB Germany to BJB

16   by having BJB Germany offer lower pricing than market value to BJB when selling

17   them the Vero 2.0 Holders. As a result, BJB would have a lower cost of goods

18   ("COG") and higher profits, and BJB Germany would have reduced sales revenue

19   and lower profits. An intra-company transaction consistent with an arm's length

20   transaction would not allow for this shifting of profits between the BJB and BJB

21   Germany to arrive at whatever profit best suits BJB in this litigation, but such

22   transaction cannot be verified without foundational data.

23       Without proof of an arm's length transaction or backup information verifying

24   the reasonableness of the sales data, Mr. Pruenster's opinions on lost profits are

25   entirely speculative and should be offered as expert opinions at trial.

26

27

28

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 11 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

c.   **Mr. Pruenster's Overhead Calculations are Entirely Speculative and Should Be Excluded.**

Mr. Pruenster's testimony on overhead is most notable for its lack of precision and intentional use of incorrect figures, when accurate information was available for Mr. Pruenster's consideration.  For example, regarding the allocation of overhead,

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████.  Gelfound Decl., Ex. E (Pruenster Depo., 65:17-66:20; 67:8-68:1; 69:4-11).

Importantly, Bridgelux specifically propounded discovery seeking financial documents that could be used to determine a reasonable allocation of overhead. *See* Gelfound Decl., ¶ 2. Aside from limited purchase orders and invoices, no such financial documents specific to overhead have been produced. *See id.* Without these documents, there is no way to determine whether Mr. Pruenster's allocation of overhead to the Vero 2.0 Holders was reasonable.

d.   **Mr. Pruenster's "Efficiency Adjustments" Are Entirely Speculative And Concern A Topic On Which Mr. Pruenster Is Not Qualified To Opine.**

Mr. Pruenster's lost profits calculation includes unsupported efficiency adjustments which also should not be proffered to a jury. ████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████[6] Mr. Pruenster even testified at his deposition that ████

████████████████████████████ Gelfound Decl., Ex. E (Pruenster Depo.) at 159:11-13. Specifically, Mr. Pruenster testified that ████████████████

---

[6] *See* Gelfound Decl., Ex. C (the Excel spreadsheet), Ex. F (Pruenster's Depo. Ex. 2).

1   ██████████████████████████████████ *Id.* at 200:2-6. He also testified that ████

2   ████████████████████████████████████████████████████████████

3   ████████████████████████████████ *Id.* at 200:18-202:8.

In other words, Mr. Pruenster's testimony regarding efficiency adjustments is based only on his speculation.

These purported efficiency gains are likewise not supported by any documents produced by BJB.  This is despite the fact that Bridgelux requested the foundational documents in discovery. *See id.* at ¶ 2.

Additionally, courts should exclude testimony of an expert who is not qualified by knowledge, skill, experience, training, or education to render an opinion. Fed. R. Evid. 702(a). As an independent basis for exclusion, Mr. Pruenster should not be permitted to opine on damages related to manufacturing efficiencies as he is not qualified to provide expert testimony regarding efficiency gains in the manufacturing processes. Mr. Pruenster has ████████████████████████████████████████

████████████████████████ *See* Gelfound Decl., Ex. H (BJB's Expert Disclosure at Ex. 1); *see also* Ex. E (Pruenster Depo.) at 16:1-17:21. And while Mr. Pruenster's CV demonstrates that he has a background in ████████████████████████████

██████, this does not translate to expertise in the manufacturing process. *See e.g., Bermudez v. Cnty. of San Bernardino,* No. EDCV20438JGBSHKX, 2021 WL 6618857, at *7 (C.D. Cal. Dec. 6, 2021) (excluding expert testimony concerning ballistics where his resume indicated expertise in police procedures but did not qualify him to offer opinions about ballistics or bullet trajectory). Thus, Mr. Pruenster's testimony which consists of any purported manufacturing efficiency gains should be excluded. Fed. R. Evid. 702.

### 2.  Mr. Pruenster's Rebuttal Testimony Should Also be Excluded.

"The construction of written agreements belongs to the court," and witnesses are generally not permitted to testify as to the legal effect or meaning of a contract.

*Energy Oils, Inc. v. Montana Power Co*., 626 F.2d 731, 737 (9th Cir. 1980); *see also Marx & Co., Inc. v. Diners' Club, Inc*., 550 F.2d 505, 509-10 (2d Cir. 1977) (expert testimony consisting of legal conclusions regarding existence of contract or meaning of its terms not admissible). Here, Mr. Pruenster's Rebuttal Testimony should be excluded because he purports to provide legal conclusions concerning who breached the Letter Agreement and which purchase order is controlling. *See* Gelfound Decl., Ex. I (Rebuttal Report) at ¶¶ 3,7. These are matters in the exclusive purview of the Court.

Additionally, the same fatal defects in Mr. Pruenster's affirmative damages analysis as established above, including the wholesale deficit of supporting data, also apply to his rebuttal testimony. *See supra* III(A)(1)-(4). Specifically, BJB failed to produce documents supporting the figures used in Mr. Pruenster's alleged "comparison and actual sales" analysis attached to the Rebuttal Report and thus, there is no way to verify the conclusions contained in this document. *See* Gelfound Decl. at Ex. I. Thus, Mr. Pruenster's testimony concerning the Rebuttal Report's unsupported calculations should also be excluded. *See Trevino*, 99 F.3d at 922.

### B. BJB's Expert Disclosure of Mr. Pruenster Violates the Federal Rules of Civil Procedure and Should be Stricken.

#### 1. BJB Failed to Provide a Written Report for Mr. Pruenster's Opinion as Required by FRCP 26(a)(2)(B), And Therefore Mr. Pruenster Cannot Be Used To Provide Evidence At Trial.

Written expert reports are required "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" and where a witness's opinion is formed outside of their percipient observations. Fed. R. Civ. P. 26(a)(2)(B); *See Goodman v. Staples The Office Superstore, LLC,* 644 F.3d 817, 826 (9th Cir. 2011). "'[C]ourts considering whether expert witnesses—including physicians—are 'non-retained' or 'retained' have found the nature of the expert's testimony particularly

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 14 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

important: when an expert is to offer testimony limited to his or her percipient knowledge, i.e., knowledge and opinions formed at the time an earlier evaluation or report was made, the expert is treated as a non-retained expert;' in contrast, where 'the witness's testimony relies on information beyond his or her percipient knowledge, the witness is treated as a retained expert.'" *Masimo Corp. v. Apple Inc.*, No. SACV2000048JVSJDEX, 2022 WL 18285029, at *3 (C.D. Cal. Nov. 22, 2022) (citing *Cantu v. United States*, No. CV 14-00219-MMM-JCGx, 2015 WL 12743881, at *4 (C.D. Cal. Apr. 6, 2015)). A witness can be a "percipient expert" where "the witness's testimony is restricted to expert opinions rendered in the normal course of their work duties." *Copart, Inc. v. Sparta Consulting, Inc*., No. 2:14-CV-00046-KJM-CKD, 2018 WL 1871414, at *20 (E.D. Cal. Apr. 19, 2018). Opinions of percipient experts are referred to as "historical opinions," i.e., what they already know from their job; percipient experts, however, may not offer "a current opinion for the purposes of litigation." *Id.*

Also, "[w]hen a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless." *Goodman*, 644 F.3d at 826 (citing Fed. R. Civ. P. 37(c)(1)). "Rule 37(c)(1) is 'self-executing' and 'automatic.'" *Id.* at 827 (quoting *Yeti by Molly Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001)).

For example, in *Masimo Corporation,* 2022 WL 18285029, at *1, the plaintiff designated Richard Priddell, its Senior Vice President of Hardware Engineering, and Bilal Muhsin, its Chief Operating Officer, as witnesses pursuant to Rule 26(a)(2)(C) among others and did not provide written reports for them pursuant to Rule 26(a)(2)(B). The court determined that the "vast majority of Priddell's disclosure exceeds his percipient knowledge as a design engineer at Masimo" because he reviewed additional information and was asked to "provide his opinions in connection with this litigation and in preparation for trial." *Id.* at *4. Because Priddell

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 15 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

1   was offering "litigation-driven opinions, [he] is functioning as a retained expert and

2   is subject to the written-report requirement of Rule 26(a)(2)(B)." *Id.* Masimo's

3   COO's disclosure included cost-estimate opinions which similarly "were clearly

4   prepared in connection with this litigation and in preparation for trial." *Id.* The court

5   similarly determined that these opinions "go far beyond 'historical opinions' of a

6   percipient employee witness" and instead offers "a current opinion of the purposes

7   of litigation" and are therefore also subject to the written-report requirement of Rule

8   26(a)(2)(B). *Id.* (citing *Copart, Inc.*, 2018 WL 1871414, at *20); *see also Goodman,*

9   644 F.3d at 826 (holding that "a treating physician is only exempt from Rule

10  26(a)(2)(B)'s written report requirement to the extent that his opinions were formed

11  during the course of treatment.").

12      The *Massimo* court further held that the plaintiff's failure to provide the Rule

13  26(a)(2)(B) reports was not substantially justified or harmless. *Id.* at *7. The court

14  recognized that "[a]llowing Plaintiffs to backdoor their damages case through

15  piecemeal written disclosures combined with proposed belated declarations standing

16  in for Rule 26(a)(2)(B) reports, especially where those disclosures contain previously

17  undisclosed, fully-formed damages theories, would prejudice [the defendant] at this

18  late hour." *Id.* The court also determined that defendant Apple was prejudiced

19  because there was insufficient time to allow for Rule 26 compliant written reports,

20  follow-up fact discovery, full depositions, selection or rebuttal witnesses, and more.

21  *Id*. According, the Court granted the defendant's motion to strike the expert

22  disclosures of Priddell and Muhsin, which "should have been presented in Rule

23  26(a)(2)(B) written reports." *Id.*

24      Here, Mr. Pruenster should be treated as a retained expert because his intended

25  testimony regarding damages goes far beyond his observations as a percipient

26  witness in this action. His damages calculations, like the cost estimate calculations in

27  *Massimo*, are not contemporaneously created but were prepared specifically for

28  litigation and with trial in mind. And Mr. Pruenster's testimony is not akin to that of

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 16 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

a non-retained physician expert who opines on historical facts the physician directly witnessed. Rather, there is no evidence that Mr. Pruenster, the president of BJB, calculated overhead costs or profits in the normal course of his job duties. Instead, his opinions are litigation-driven look backs built largely on Mr. Pruenster's guesses and assumptions. Further, Mr. Pruenster's testimony includes previously undisclosed damages theories and opinions. And BJB has not and cannot justify its failure to provide a Rule 26(a)(2)(B) expert report, or any supporting documentation. Accordingly, Mr. Pruenster's failure to provide a written report violates the requirements of Rule 26(a)(2)(B), and therefore BJB cannot use Mr. Pruenster to supply evidence (through testimony or otherwise) at trial.

### 2. BJB's Disclosure Does Not Qualify as a Rule 26(a)(2)(B) Written Report.

The Expert Disclosure made by BJB is woefully insufficient and does not meet the requirements of a Rule 26(a)(2)(B) report, which requires:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Here, in contrast, BJB's two-and-a-half-page Expert Disclosure lacks any analysis or explanation of *how* Mr. Pruenster calculated BJB's damages. *See* Gelfound Decl., ¶ 11, Ex. H. Instead, the Expert Disclosure purports to ███████

████████████████████████████████

████████████████████████████████

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 17 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

1    ████████████████████████████. *Id.* This is plainly not a "complete
2    statement" of Mr. Pruenster's opinions and the reasons for them as required by Rule
3    26(a)(2)(B). The Expert Disclosure also fails to identify the facts and data relied on
4    by Mr. Pruenster in reaching his damages calculations, does not list other cases he
5    previously testified in as an expert, and a statement of whether he is being
6    compensated for his testimony. *See* FRCP 26(a)(2)(B)(ii), (iv)-(vi). Accordingly, the
7    Expert Disclosure does not satisfy the Rule 26(a)(2)(B) written report requirement,
8    and cannot be substituted for a report that complies with the Federal Rule.

9                3.    **The Proper Remedy for BJB's Violation of the Federal**
                       **Rules of Civil Procedure is to Strike the Disclosure and Bar**
10                     **Mr. Pruenster from Offering Expert Opinion Testimony.**

11       FRCP 37(c)(1) sets forth an "'automatic' sanction that prohibits the use of"
12   information or a witness when the party "'fails to [timely] provide [that] information
13   or identify a witness as required by Rule 26(a) and (e).'" *Merchant v. Corizon Health,*
14   *Inc.*, 993 F.3d 733, 740 (9th Cir. 2021). The party who failed to disclose may "escape
15   . . . exclusion only if they prove the discovery violations were substantially justified
16   or harmless." *Id.* BJB cannot meet its burden on either front. First, BJB has provided
17   no persuasive justification for why it treated Mr. Pruenster as a FRCP 26(a)(2)(C)
18   witness. BJB also not explained or remedied its ongoing failure to produce
19   documents in response to Bridgelux's many requests seeking documents that would
20   support BJB's damages calculations. *See* Gelfound Decl., ¶ 2. Instead, BJB waited
21   until after the fact discovery cut off to produce an Excel document related to its
22   damages calculation, and waited until Mr. Pruenster's deposition to produce
23   calculations (based on rank speculation) related to BJB's overhead costs. Gelfound
24   Decl., ¶ 6, Ex. C.

25       BJB also cannot reasonably argue that its errors were harmless. BJB's
26   strategic decision to ignore their obligations under FRCP 26(a)(2)(B) and failure to
27   produce responsive records leaves Bridgelux without sufficient information "to
28   properly depose that witness, select a rebuttal expert witness, and prepare for trial"—

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 18 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

particularly given that trial is now just two months away. *Trulove v. D'Amico*, 2018 WL 1090248, at *3 (N.D. Cal. Feb. 27, 2018) (discovery error was not harmless where failure to provide FRCP 26(a)(2)(B) reports "completely undercut the purposes of expert discovery"); *Masimo Corp.,* 2022 WL 18285029, at *7 (holding that the defendant would be prejudiced if the plaintiff were allowed to "backdoor their damages case through piecemeal written disclosures . . . especially where those disclosures contain previously undisclosed, fully-formed damages theories"). BJB cannot be permitted to sandbag Bridgelux with this last-minute, unqualified purported "expert" who has already testified that his opinions are based on guesses and assumptions in lieu of verifiable data.   As such, an order excluding Mr. Pruenster's litigation-driven opinions is warranted.

## IV.  **CONCLUSION**

Mr. Pruenster's "expert" testimony, as offered by BJB, is not in compliance with Rule 702 of the Federal Rules of Evidence because the testimony will not assist the trier of fact either to understand the evidence or to determine any fact in issue. Mr. Pruenster's testimony is entirely speculative and unsupported by necessary backup data, and Mr. Pruenster is not qualified as an expert in manufacturing efficiencies. Further, BJB's Expert Disclosure of Mr. Pruenster includes litigation-driven information falling outside the scope of his percipient observations and therefore required a written report pursuant to 26(a)(2)(B). BJB's failure to comply with Rule 26 was not substantially justified nor harmless. Accordingly, Bridgelux respectfully requests that this Court grant the motion in its entirety, exclude the testimony and rebuttal report of Mr. Pruenster from trial, and strike BJB's Expert Disclosure.

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 19 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER

1   Dated: June 22, 2023                              **ARENTFOX SCHIFF LLP**

2

3                                              By:  */s/ Craig A. Gelfound*

4                                                    Craig A. Gelfound
                                                     Kirsten A. Hart
5                                                    Jessica B. Do
                                                     Attorneys for Defendant and
6                                                    Counter-Claimant
                                                     BRIDGELUX, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22-cv-01886-RS

- 20 -

DEF'S MTN TO EXCLUDE THE TESTIMONY OF
A. PRUENSTER AND STRIKE PLAINTIFF'S
DISCLOSURE OF A. PRUENSTER