CRAIG A. GELFOUND (SBN 176378)
craig.gelfound@afslaw.com
KIRSTEN A. HART (SBN 258433)
Kirsten.hart@afslaw.com
JESSICA B. DO (SBN 317517)
jessica.do@afslaw.com
**ARENTFOX SCHIFF LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone:  213.629.7400
Facsimile:   213.629.7401

Attorneys for Defendant and Counter-Claimant
BRIDGELUX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BJB ELECTRIC LP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRIDGELUX, INC.,<br><br>　　　　　Defendant.<br><br>―――――――――――――――<br>BRIDGELUX, INC,<br><br>　　　　　Counter-Claimant,<br><br>　　v.<br><br>BJB ELECTRIC LP,<br><br>　　　　　Counter-Defendant. | Case No. 22-cv-01886-RS<br><br>**DEFENDANT BRIDGELUX, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S PURPORTED EXPERT ALBERT PRUENSTER AND STRIKE PLAINTIFF'S DISCLOSURE OF MR. PRUENSTER**<br><br>Date:　　July 27, 2023<br>Time:　　1:30 pm<br>Ctrm:　　3<br><br>Judge: Hon. Richard Seeborg<br>Date Filed: March 24, 2022<br>Trial Date: August 21, 2023 |

22-cv-01886-RS

REPLY ISO MTN TO EXCLUDE THE TESTIMONY OF A. PRUENSTER AND STRIKE PLTF'S DISCLOSURE OF A. PRUENSTER

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................... 1

II. MR. PRUENSTER'S OPINION ON DAMAGES IS SPECULATIVE AND SHOULD THEREFORE BE EXCLUDED. .......................................... 2

    A. BJB Concedes Documents Necessary To Support Mr. Pruenster's Analysis Do Not Exist. ...................................................... 2

    B. The Documents BJB Produced Lack Indicia of Reliability Such That They Cannot Support Mr. Pruenster's Testimony ....................... 3

    C. Mr. Pruenster Is Not Qualified To Opine On Production Efficiencies, Which Renders His Testimony On This Topic Wholly Speculative Such That It Should Be Disqualified. .................. 6

III. MR. PRUENSTER'S REBUTTAL TESTIMONY SHOULD ALSO BE EXCLUDED AT TRIAL. ............................................................................. 6

IV. AS A LAY PERSON, MR. PRUENSTER'S TESTIMONY SHOULD BE LIMITED TO THAT WITHIN HIS PERCIPIENT KNOWLEDGE. ............................................................................................. 7

V. MR. PRUENSTER'S ANTICIPATED DAMAGES TESTIMONY SHOULD BE EXCLUDED BECAUSE IT EXCEEDS HIS "HISTORICAL OPINION." ............................................................................ 9

VI. CONCLUSION ....................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bright Harvest Sweet Potato Co. v. H.J. Heinz Co.*,
No. 1:13-cv-296-BLW, 2015 WL 1020644 (D. Idaho March 9, 2015) ........... 7, 8

*Cantu v. United States*,
No. CV 14-00219-MMM-JCGx, 2015 WL 12743881
(C.D. Cal. Apr. 6, 2015) ................................................................................. 9

*Energy Oils, Inc. v. Montana Power Co.*,
626 F.2d 731 (9th Cir. 1980) ......................................................................... 7

*Fresenius Med. Care Holdings, Inc. v. Baxter Inter., Inc.*,
2006 WL 1330002 (N.D. Cal. May 15, 2006) .............................................. 8

*Goodman v. Staples The Off. Superstore*,
LLC, 644 F.3d 817 (9th Cir. 2011) ............................................................ 10

*Masimo Corp. v. Apple Inc.*,
No. SACV2000048JVSJDEX, 2022 WL 18285029
(C.D. Cal. Nov. 22, 2022) ............................................................................. 9

*Med. Sales & Consulting Grp. v. Plus Orthopedics USA, Inc.*,
No. 08CV1595 BEN BGS, 2011 WL 1898600 (S.D. Cal. May 19, 2011) .......... 8

*Montalvo v. Am. Fam. Mut. Ins. Co.*,
No. CV-12-02297-PHX-JAT, 2014 WL 2986678 (D. Ariz. July 2, 2014) ..... 8, 9

*Orozco v. WPV San Jose, LLC*,
36 Cal. App. 5th 375 (Cal. App. 2019) ......................................................... 4

*Trevino v. Gates*,
99 F.3d 911 (9th Cir. 1996) ........................................................................... 2

*U.S. v. Conn.*,
297 F.3d 548 (7th Cir.2002) ......................................................................... 8

*U.S. v. Crawford*,
239 F.3d 1086 (9th Cir. 2001) ...................................................................... 6

22-cv-01886-RS
- ii -
REPLY ISO MTN TO EXCLUDE THE
TESTIMONY OF A. PRUENSTER AND STRIKE
PLTF'S DISCLOSURE OF A. PRUENSTER

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

*United States v. Durham*,
    464 F.3d 976 (9th Cir. 2006) .................................................................................................. 8

*Wagnon v. Rocklin Unified Sch. Dist.*,
    No. 2:17-CV-1666-KJN, 2023 WL 4352623 (E.D. Cal. July 5, 2023) ............... 6

**Other Authorities**

Fed. R. Evid. 701(c) ................................................................................................................... 7

Fed. R. Evid. 702 ........................................................................................................................ 7

Fed. R. Civ. P. 37(c)(1) ............................................................................................................ 10

Fed. R. Civ. P. 26 ....................................................................................................................... 9

Fed. R. Civ. P. 26(a)(2)(B) ............................................................................................... 7, 8, 10

Fed. R. Civ. P. 26(a)(2)(C) ........................................................................................................ 8

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- iii -

REPLY ISO MTN TO EXCLUDE THE
TESTIMONY OF A. PRUENSTER AND STRIKE
PLTF'S DISCLOSURE OF A. PRUENSTER

## I. INTRODUCTION

The testimony of Plaintiff and Counter-Defendant BJB Electric LP's ("BJB") designated "expert" Albert Pruenster concerning damages should be excluded at trial. BJB's Opposition admits that Mr. Pruenster is a layperson, and his trial testimony should accordingly be limited to matters within his percipient knowledge. Moreover, Mr. Pruenster's testimony on damages should be excluded because it is speculative. First, BJB failed to produce documents sufficient to independently confirm the underlying numbers used in his damages calculations. BJB has also failed to provide any type of documentation confirming that the pricing between BJB Germany and BJB is an arm's length transaction, and, affirmed in its Opposition that none exists. Additionally, the limited documentation BJB did produce does not support the validity of Mr. Pruenster's opinions. Lastly, Mr. Pruenster is not qualified to opine as an expert on manufacturing efficiencies. And nothing in BJB's Opposition establishes Mr. Pruenster's bona fides as an expert in manufacturing efficiencies. Even if he were, he would have had to submit an expert report, which he failed to do. In fact, although BJB concedes Mr. Pruenster is only a lay witness, to the extent BJB nonetheless continues to attempt to offer expert testimony through Mr. Pruenster, BJB failed to meet its obligation to produce an expert report and on that basis alone Mr. Pruenster's (purported expert) testimony must be excluded.

Finally, Mr. Pruenster's rebuttal report and testimony should also be excluded because it is based on improper legal conclusions concerning the controlling purchase order. This is an issue exclusively in the Court's purview. Thus, Defendant and Counter-Claimant Bridgelux, Inc. ("Bridgelux") respectfully requests this Court to grant its Motion in its entirety, exclude the purported "expert" testimony and rebuttal report of Mr. Pruenster from trial, and strike BJB's Expert Disclosure.

/ / /

/ / /

## II. MR. PRUENSTER'S OPINION ON DAMAGES IS SPECULATIVE AND SHOULD THEREFORE BE EXCLUDED.

Mr. Pruenster's testimony is inherently speculative, and therefore should be excluded. BJB's assertion that all relevant supporting documents for its damages calculations have been produced obfuscates the real issue, which is that necessary supporting documents *do not exist*. See BJB's Opposition ("BJB's Opp.") [Dkt. No. 72], 9:20-22; *see also* Declaration of Albert Pruenster in support of BJB's Opposition ("Pruenster Decl.") [Dtk. No. 72-2], ¶¶ 6-7. And, to the extent BJB produced any materials related to their damages claims, the documents are so speculative that they cannot be used as reference points for Mr. Pruenster's testimony.

Finally, Mr. Pruenster is not qualified to opine on production efficiencies. Therefore, his testimony on this issue is inherently speculative and should be excluded.

### A. BJB Concedes Documents Necessary To Support Mr. Pruenster's Analysis Do Not Exist.

Mr. Pruenster's testimony should be excluded due to the non-existence of any supporting documentation. *See Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1996) (excluding expert testimony where the expert's opinion lacked documentation to support the opinion). As established in Bridgelux's moving papers, BJB's failure to produce the underlying documents supporting Mr. Pruenster's figures and damages analysis renders his anticipated testimony speculative. This is absolutely critical here due to the close relationship between BJB and BJB Germany, which calls into question whether the transfer of the Vero 2.0 Holders constitute arm's length transactions.

Also, BJB has failed and refused to produce documents that would allow Bridgelux to confirm the amounts paid, if any, by BJB Germany to BJB, such as financial statements, internal reports, and annual audited reviews/ compilations.

Declaration of Craig Gelfound in Support of the Motion ("Gelfound Decl.") [Dkt. No. 68-1], ¶ 2. Without this documentation, Bridgelux cannot independently determine whether the sales between BJB and BJB Germany were the result of an arm's length transaction, or otherwise consistent with similar market transactions. BJB's Opposition and Mr. Pruenster's supporting declaration do not refute BJB's nondisclosure of these records. Instead,

BJB admits there is no written agreement between the BJB entities, but tries to explain away this inadequacy by stating that the supply and purchase of the Vero 2.0 Holders between the two BJB entities is "exclusive." BJB's Opp. [Dkt. No. 72], at 10:2-10. This is beside the point. Even if the supply and purchase of the Vero 2.0 Holders is exclusive, BJB can still produce foundational documents showing the cost of goods to BJB Germany, which would include items such as labor, materials, and overhead. These are critical figures that could then be used to determine profit and whether the pricing represents an arm's length transaction.

BJB alternatively attempts to show that the BJB-BJB Germany relationship was an arm's length transaction by offering up Mr. Pruenster's deposition testimony related to BJB's compliance with price transfer rules. *See* BJB's Opp. [Dkt. No. 72], at 10:2-7. However, Mr. Pruenster is far from a neutral witness, and because his testimony is unsupported by any documentation, it cannot be verified and is therefore undeserving of any weight. Thus, without any independent foundational information, there is no visibility into the reasonableness and validity of BJB Germany's pricing, thus rendering Mr. Pruenster's testimony on this topic speculative.

### B. The Documents BJB Produced Lack Indicia of Reliability Such That They Cannot Support Mr. Pruenster's Testimony.

Bridgelux does not dispute that the damages analysis should be based on the cost of goods and raw sales data. *See* BJB's Opp. [Dkt. No. 72], at 9:6-18. However, Mr. Pruenster's calculations are speculative because the numbers they are based on

are unsupported by documentation. For example, BJB's Opposition cites to *Orozco v. WPV San Jose, LLC*, 36 Cal. App. 5th 375, 400-01 (Cal. App. 2019), as an example where the court upheld a jury's award of lost profits where the expert analyzed "raw sales data," "provided distinct calculations of the lost profit estimates," and "specified the different assumptions on which they were based." Here, however, BJB has failed to produce the documentary support for Mr. Pruenster's calculations (aka the underlying "raw data"). Mr. Pruenster, a lay person, is not a retained expert in this matter; *and* Mr. Pruenster is not an expert on manufacturing efficiencies, which the damages calculation is based on. As such, Mr. Pruenster's damages analysis is unreliable.

And to the extent BJB attempted to provide supporting documents, as BJB suggests in its Opposition, they fall well short of what would be necessary to support an expert opinion. For example, BJB's purported "sales calculations" are speculative. *See* BJB's Excel spreadsheet bates stamped BJB0002097 [Dkt No. 67-3]. The Sourcing Cost "tab" indicates that BJB's calculations are based on the historical data for approximately 2.2 million Vero 2.0 Holders, which is a small sample relative to the 15 million Bridgelux actually ordered. *See id.; see also* Deposition Transcript of Albert Pruenster ("Pruenster Tr.") [Dkt. No. 72-1] at 157:3-5.

Additionally, the price per unit for holders of the same type (meaning that the share the same "Item No") appears to vary randomly over time. *See id.* This raises two concerns. First, the all-over-the-place pricing shows that BJB Germany selected whatever price it wanted to pay for the Holders, which is inconsistent with an arm's length transaction. Second, efficiencies of the sort to which Mr. Pruenster testified would be revealed in consistent lower cost of goods over time. Instead, prices swung rapidly up and down, discounting the possibility that, as Mr. Pruenster testified, BJB passed through any manufacturing efficiencies, as it would with any of its other customers. These observations alone eliminate any indicia of reliability in the tiny

amount of data BJB produced.

Also, Mr. Pruenster's overhead calculations (which were produced for the first time at his deposition) are unsupported by any true documentation.[1] Although numbers for revenue and the purchase cost for the holders are included, BJB has produced no documentation which would allow Bridgelux to verify these numbers. *See* Declaration of Dana Richens in support of BJB's Opposition ("Richens Decl.") [Dkt. No. 72-1], at Exh. 9. Additionally, the figures used by Mr. Pruenster stand out for what they do not include: Mr. Pruenster does not include costs for travel and administration, among other categories. *See id*. This is significant because the lower the costs, the higher the profits as argued by BJB to support its alleged actual damages. BJB tries to sidestep this issue by claiming it did not have significant costs due to the administrative nature of its role vis a vis the Holders. BJB's Opp. [Dkt. No. 72], at 10. This is pretextual. Again, there are any number of cost figures BJB could include, regardless of its role related to the Holders, but clearly chose not to in order to increase its lost profits estimate. The manipulability of these figures, as plainly seen through what BJB chose not to include, further indicates that they cannot form a substantive basis for Mr. Pruenster's "expert" testimony. Thus, Mr. Pruenster's overhead cost calculations are inherently suspect in addition to being unsubstantiated by any foundational documentation.

---

[1] Mr. Pruenster's overhead calculations are set forth in Exhibit 6 to Mr. Pruenster's deposition. This document is attached as Exhibit 9 to the Declaration of Dana Richens filed in support of the Opposition, which has been publicly filed. *See* Dkt. No. 72-1 at Exh. 9. Because this document was designated as "Attorneys Eyes Only" by BJB when it was produced, Bridgelux met and conferred with BJB prior to filing the Motion. *See* Declaration of Craig Gelfound in support of Bridgelux's Administrative Motion ("Gelfound Admin. Mtn. Decl.") [Dkt. 67-5], ¶¶ 4, 7-8. Although BJB declined to waive its confidential designation of this document at that time, its confidential designation is now waived by BJB's public filing of this document. *See* Dkt. No. 72-1 at 118.

22-cv-01886-RS — - 5 -   REPLY ISO MTN TO EXCLUDE THE TESTIMONY OF A. PRUENSTER AND STRIKE PLTF'S DISCLOSURE OF A. PRUENSTER

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

### C. Mr. Pruenster Is Not Qualified To Opine On Production Efficiencies, Which Renders His Testimony On This Topic Wholly Speculative Such That It Should Be Disqualified.

Mr. Pruenster is not qualified to provide expert testimony related to manufacturing efficiency adjustments, and therefore he should not be permitted to testify on this topic. Mr. Pruenster does not have a degree or specific training in manufacturing. *See* Gelfound Admin. Mtn. Decl., Exh. E [Dkt. No. 67-5] at Exh. 1 (Mr. Pruenster's CV). Mr. Pruenster's limited experience in this area is as an "executive assistant to management BJB Germany" and one year of "train[ing] with the BJB Germany finance department." Pruenster Decl., ¶ 9. At his deposition, Mr. Pruenster testified that this one year of training "was basically accounting and working with the accountants of BJB."). *See* Richens Decl. [Dkt. No. 72-1], Exh. 5 at 19:22-20:3. This general experience in management and finance does not equate to expertise in the manufacturing process. And despite BJB's attempts to spruce up Mr. Pruenster's experience in their Opposition (*see* BJB's Opp. [Dkt. No. 72], at 11:5-12:1), BJB pointed to no caselaw that would support their position that Mr. Pruenster's limited qualification suffice for him to opine on this topic. Indeed, he is not.

### III. MR. PRUENSTER'S REBUTTAL TESTIMONY SHOULD ALSO BE EXCLUDED AT TRIAL.

Even if Mr. Pruenster's testimony was being provided as a lay person as BJB asserts, such testimony is considered "unhelpful—and thus inadmissible—if it is mere speculation, **expresses an opinion of law**, or usurps the jury's function." *Wagnon v. Rocklin Unified Sch. Dist.*, No. 2:17-CV-1666-KJN, 2023 WL 4352623, at *8 (E.D. Cal. July 5, 2023) (emphasis added) (citing *U.S. v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001) (noting that legal conclusions inadmissible when presented as lay testimony)).

Here, BJB freely acknowledges in its Opposition that Mr. Pruenster's Rebuttal

22-cv-01886-RS — - 6 - — REPLY ISO MTN TO EXCLUDE THE TESTIMONY OF A. PRUENSTER AND STRIKE PLTF'S DISCLOSURE OF A. PRUENSTER

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

addresses whether Purchase Order 1104-07 is the controlling purchase order. *See* BJB's Opp. [Dkt. No. 72], at 12:17-13:2. But this is a legal conclusion which is reserved for the Court. *Energy Oils, Inc. v. Montana Power Co.*, 626 F.2d 731, 737 (9th Cir. 1980) ("The construction of written agreements belongs to the court," and witnesses are generally not permitted to testify as to the legal effect or meaning of a contract).

BJB further contends that the Pruenster Rebuttal "primarily consists of comparing the Holder volumes and delivery dates contained within various Bridgelux purchase orders (1104-01, 1104-07, 1104-08) with actual purchases and delivery dates." BJB's Opp. [Dkt. No. 72], at 13:2-5. This analysis is irrelevant because the question of which purchase order is controlling is a question of law for the Court to determine. Because Mr. Pruenster's rebuttal report and testimony is unhelpful and inadmissible, it should be excluded at trial.

### IV. AS A LAY PERSON, MR. PRUENSTER'S TESTIMONY SHOULD BE LIMITED TO THAT WITHIN HIS PERCIPIENT KNOWLEDGE.

BJB concedes in its Opposition that Mr. Pruenster is a lay witness. BJB's Opp. [Dkt. No. 72], at 6:6-7. Unlike expert witnesses, lay persons cannot provide opinion testimony "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). However, BJB asserts that lay persons, like Mr. Pruenster, may provide testimony about lost profits if they have "particularized knowledge of the facts that form [their] opinion and [have] a rational connection to those facts." BJB's Opp. [Dkt. No. 72], at 6:25-7:1 (citing *Bright Harvest Sweet Potato Co. v. H.J. Heinz Co.,* No. 1:13-cv-296-BLW, 2015 WL 1020644, at *5 (D. Idaho March 9, 2015). BJB's Opposition cites to *Bright Harvest Sweet Potato Co.,* in support of its position. *Id.* In that case, Heinz filed a motion to preclude Bright Harvest's CEO and CFO from providing testimony concerning damages because they were not disclosed as expert witnesses with written reports pursuant to Rule

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS
- 7 -
REPLY ISO MTN TO EXCLUDE THE TESTIMONY OF A. PRUENSTER AND STRIKE PLTF'S DISCLOSURE OF A. PRUENSTER


26(a)(2)(B), and because Bright Harvest's Rule 26(a)(2)(C) disclosure failed to identify the subject matter of their expected testimony, which was required. *Id.* at *5. Thus, the only way their testimony could come in was as lay persons. *Id.* The court ruled that the Bright Harvest President and CFO were permitted to provide testimony based on their personal knowledge and experience with the company's finances only "to the extent they have personal and particularized knowledge of the facts that form their opinions." *Id.* at *6.

The Ninth Circuit has recognized that opinion testimony of lay witnesses must be "'predicated upon concrete facts within their own observation and recollection- that is facts perceived from their own senses, **as distinguished from their opinions or conclusions drawn from such facts**.'" *United States v. Durham*, 464 F.3d 976, 982 (9th Cir. 2006) (emphasis added) (internal citation omitted). While lay witnesses may provide testimony based on personal knowledge, they may not "provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." *Fresenius Med. Care Holdings, Inc. v. Baxter Inter., Inc.*, 2006 WL 1330002, *3 (N.D. Cal. May 15, 2006) (quoting *U.S. v. Conn.*, 297 F.3d 548, 554 (7th Cir.2002)).

For example, in *Montalvo v. American Family Mutual Insurance Co.*, the plaintiffs offered the testimony of a witness on the estimated cost of repairs to the plaintiff's home, which based in part on the witness' experience in the industry as an insurance adjuster. *Montalvo v. Am. Fam. Mut. Ins. Co.*, No. CV-12-02297-PHX-JAT, 2014 WL 2986678, at *5 (D. Ariz. July 2, 2014). The court held that the witness' "testimony regarding the estimate repair costs falls within the scope of specialized knowledge." *Id.* at *6. Thus, the plaintiffs were required to provide a written report pursuant to Rule 26(a)(2)(B). *Id.; see also Med. Sales & Consulting Grp. v. Plus Orthopedics USA, Inc.*, No. 08CV1595 BEN BGS, 2011 WL 1898600, at *6 (S.D. Cal. May 19, 2011) (holding that the testimony of the plaintiff's former

22-cv-01886-RS - 8 - REPLY ISO MTN TO EXCLUDE THE TESTIMONY OF A. PRUENSTER AND STRIKE PLTF'S DISCLOSURE OF A. PRUENSTER

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

director of sales, which was based on his thirty years of experience in the industry, was specialized knowledge and therefore not admissible as lay person testimony).

Here, Mr. Pruenster's Declaration submitted in support of the Opposition admits that his assumptions related to efficiency adjustments are based on his years of experience working on manufacturing projects. Pruenster Decl. [Dkt. No. 72-2], ¶¶ 9-10. Similar to estimated home repair costs in *Montalvo,* the efficiency gains over time related to the manufacturing of a specially developed lighting product such as the Vero 2.0 Holders is not known to a typical layperson. Since Mr. Pruenster's analysis is based on this specialized type of knowledge, a written report is required, which BJB failed to provide. And, in any event, Mr. Pruenster is not qualified to opine on manufacturing efficiencies. Thus, his testimony on this issue should be excluded and/or BJB's Disclosure should be stricken.

## V. MR. PRUENSTER'S ANTICIPATED DAMAGES TESTIMONY SHOULD BE EXCLUDED BECAUSE IT EXCEEDS HIS "HISTORICAL OPINION."

Mr. Pruenster's testimony as a lay person must be limited to that within his personal knowledge, and not extend beyond his "historical opinion" supported by a disclosed written expert report. As BJB's current President, and the Vice President of Finance during the time the parties negotiated and entered into the Letter Agreement, there are obvious relevant topics on which Mr. Pruenster could reasonably testify at trial. *See* Pruenster Decl. [Dkt. No. 72-2], ¶ 9.

As Bridgelux established in its moving papers, a lay person becomes a retained expert requiring a Rule 26 written report "when his testimony exceeds his percipient knowledge." *Masimo Corp. v. Apple Inc.*, No. SACV2000048JVSJDEX, 2022 WL 18285029, at *3 (C.D. Cal. Nov. 22, 2022) (citing *Cantu v. United States*, No. CV 14-00219-MMM-JCGx, 2015 WL 12743881, at *6 (C.D. Cal. Apr. 6, 2015)). Here, Mr. Pruenster's anticipated damages testimony is based on his review of purchase orders, "actual sales," overhead calculations "derived from BJB Electric's profit and

1  loss statement," invoices from BJB Germany to BJB Electric, assumptions
2  concerning time needed to process the orders, and assumptions concerning
3  production efficiencies and efficiency adjustments. *See* Pruenster Decl., ¶¶ 6, 8, 10.
4  Based on these documents, Mr. Pruenster then prepared a number of calculations for
5  the purposes of this litigation. First, he prepared a "calculation of BJB Electric's lost
6  profits (gross) on the Shortfall Quantity of 12,779,602 [Vero 2.0] Holders," which is
7  Exhibit 1 to BJB's Disclosure. BJB's Opp. [Dkt. No. 72], at 4:2-3. Second, Mr.
8  Pruenster prepared a "calculation of overhead allocable to the Holder project," which
9  is Exhibit 3 to BJB's Disclosure. *Id.* at 4:6-7. Finally, Mr. Pruenster prepared a "study
10 . . . comparing the delivery timing and quantities stated in Bridgelux purchase orders
11 1104-01, 1104-07 and 1104-08 with actual sales," which is Exhibit 1 to his rebuttal.
12 *See* Pruenster Decl., ¶ 11. Mr. Pruenster's analysis and testimony concerning
13 damages is undoubtably prepared for the purpose of this litigation and trial. This goes
14 far beyond "historical knowledge" and is subject to Rule 26(a)(2)(B)'s requirement
15 for a written report. BJB's failure to timely provide such a report is automatic grounds
16 to strike BJB's Disclosure of Mr. Pruenster pursuant to Federal Rule of Civil
17 Procedure 37(c)(1). *Goodman v. Staples The Off. Superstore*, LLC, 644 F.3d 817,
18 826 (9th Cir. 2011) (noting that "Rule 37(c)(1) is 'self-executing' and 'automatic'").

## VI.  CONCLUSION

For the foregoing reasons, Bridgelux respectfully requests that this Court grant the Motion in its entirety, exclude the testimony and rebuttal report of Mr. Pruenster from trial, and strike BJB's Expert Disclosure.

Dated: July 13, 2023

**ARENTFOX SCHIFF LLP**

By: */s/ Craig A. Gelfound*
Craig A. Gelfound
Kirsten A. Hart
Jessica B. Do
Attorneys for Defendant and
Counter-Claimant
BRIDGELUX, INC.

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 10 -

REPLY ISO MTN TO EXCLUDE THE
TESTIMONY OF A. PRUENSTER AND STRIKE
PLTF'S DISCLOSURE OF A. PRUENSTER