CRAIG A. GELFOUND (SBN 176378)
craig.gelfound@afslaw.com
KIRSTEN A. HART (SBN 258433)
Kirsten.hart@afslaw.com
JESSICA B. DO (SBN 317517)
jessica.do@afslaw.com
**ARENTFOX SCHIFF LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013
Telephone:  213.629.7400
Facsimile:   213.629.7401

Attorneys for Defendant and Counter-Claimant
BRIDGELUX, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BJB ELECTRIC LP,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIDGELUX, INC.,<br><br>    Defendant.<br><br>―――――――――――――――<br><br>BRIDGELUX, INC,<br><br>    Counter-Claimant,<br><br>    v.<br><br>BJB ELECTRIC LP,<br><br>    Counter-Defendant. | Case No. 22-cv-01886-RS<br><br>**DEFENDANT AND COUNTER-CLAIMANT BRIDGELUX, INC.'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE EXTRINSIC EVIDENCE REGARDING INTERPRETATION OF THE LETTER AGREEMENT**<br><br>Judge:  Hon. Richard Seeborg<br>Magistrate:  Hon. Laurel Beeler<br><br>Date Filed: March 24, 2022<br>Trial Date: August 21, 2023 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to the Court's Bench Trial Standing Order, May 5, 2023 Order Re: Trial, or as soon as the matter may be heard at in Courtroom 3 of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Richard Seeborg, Defendant and Counter-Claimant Bridgelux, Inc. ("Bridgelux") hereby moves this Court *in limine* for an order precluding all extrinsic evidence under the parole evidence rule to interpret the provision in the Letter Agreement that requires Plaintiff and Counter-Defendant BJB Electric, Inc. ("BJB Electric") to "obtain orders" from Bridgelux for 15 million Vero 2.0 Holders during the Cost Sharing Period.

This Motion is made on the grounds that such evidence is excluded by the parole evidence rule, which is codified at California Civil Code sections 1625 and 1856, and is irrelevant and prejudicial under Fed. R. Evid. 402 and 403.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, all of the pleadings and records in this action, such additional evidence or authorities as may be presented prior to or at the hearing on this Motion, such oral argument and other evidence as this Court may permit, and such other matters as the Court may consider.

This Motion is also based on Bridgelux's concurrently filed Administrative Motion to Enlarge Time to File Motions *in Limine* Nos. 1 and 2. Pursuant to the Court's Bench Trial Standing Order, motions *in limine* were to be filed and served "[a]t least ten days before the Pretrial Conference," which is scheduled for August 9, 2023. Thus, the filing due date was Sunday, July 20, 2023. In light of the Court's recent ruling on Friday, July 28, 2023, regarding the Parties' Motions for Summary Judgment [Dkt No. 87], Bridgelux respectfully seeks one additional day to file its two Motions *in Limine* which address topics raised by the Court's recent ruling.

| | |
|---|---|
| Dated: July 31, 2023 | **ARENTFOX SCHIFF LLP**<br><br>By: */s/ Craig A. Gelfound*<br>Craig A. Gelfound<br>Kirsten A. Hart<br>Jessica B. Do<br>Attorneys for Defendant and<br>Counter-Claimant<br>BRIDGELUX, INC. |

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 3 -

DEFENDANT'S MIL NO. 1 TO EXCLUDE
EXTRINSIC EVIDENCE RE
INTERPRETATION OF THE LETTER
AGREEMENT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The Court should grant this Motion because the Letter Agreement includes an integration clause that excludes parol evidence; and unambiguous as to the meaning of the term "obtain orders." Accordingly, extrinsic evidence to interpret the term "obtain orders" in the Letter Agreement should be excluded under the parol evidence rule, and on the further basis that such evidence is irrelevant and prejudicial.

## II. RELEVANT FACTUAL BACKGROUND

The Parties entered into a Letter Agreement on March 21, 2016. Pursuant to the Letter Agreement, BJB Electric agreed to undertake the development of electro-mechanical holders for the Vero 2.0 product series (each a "Vero 2.0 Holder"), which BJB Electric agreed to make available for sale to Bridgelux (the "Holder Project").

Article 2 of the Letter Agreement provides as follows:

> If BJB is awarded the Holder Project (i.e., Bridgelux designates BJB as the supplier of the Holder), such units will be purchased by Bridgelux (or its designated contract manufacturer) under its purchase order at the pricing designated under Schedule A. However, if BJB fails to **obtain orders** for at least 15 million units ("Minimum Requirement") of the Vero 2.0 Holder within 4 years after "First Availability" of the Vero 2.0 Holder ("Cost Sharing Period"), Bridgelux agrees that it or its contract manufacturer will purchase the "Shortfall Quantity" of such Vero 2.0 Holders at the pricing designated under Schedule A ($0.08 per unit) pursuant to a Bridgelux purchase order. Bridgelux (or its designated contract manufacturers) purchase order(s) will become mutually binding upon BJB's written confirmation to Bridgelux of said purchase order(s). The "Shortfall Quantity" is the difference between the Minimum Requirement and the number of Vero 2.0 Holders ordered ("Ordered Holders") during the Cost Sharing Period. "First Availability" is the date that "Shippable Holders" are available for sale and shipment by BJB (with such availability then indicated via

> written confirmation from BJB to Bridgelux). "Shippable Holders" are the production version of Vero 2.0 Holders which are then available for sale and shipment.

(Emphasis added.)

### III. LEGAL STANDARD

California has codified the parol evidence rule at California Code of Civil Procedure sections 1625 and 1856. *See Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 977 (N.D. Cal. 2006). Under the parole evidence rule, extrinsic evidence may be considered to resolve an ambiguity. Cal. Code Civ. Proc. § 1856(c),(g). In making this determination, the court should provisionally receive, without actually admitting, all credible evidence to determine whether or not the contract is reasonably susceptible to the interpretation urged by a party. *Id.*; *Blumenfeld v. R. H. Macy & Co.*, 92 Cal. App. 3d 38, 45 (Cal. App. 1979).

As indicated in the Court's July 28, 2023 Order denying the Parties' respective Motions for Summary Judgment [Dkt No. 87], parole evidence that may be used to resolve an ambiguity is limited to "course of dealing, course of performance, or usage of trade" and "consistent additional terms." (Cal. Com. Code § 2202.) If the Court decides in light of this extrinsic evidence that the contract language is reasonably susceptible to the interpretation urged by the party, then the Court may admit such extrinsic evidence to interpret the language. On the other hand, if the Court decides in light of this extrinsic evidence that the language is not reasonably susceptible to the interpretation urged by the party, then the evidence is irrelevant and inadmissible to interpret the contract. *See Tahoe National Bank v. Phillips*, 4 Cal. 3d 11, 23 (Cal. 1971); *In re Marriage of Dawley*, 17 Cal. 3d 342, 353, fn. 7 (Cal. 1976); *Estate of Cohen*, 4 Cal.3d 41, 54 (1971). Unless the language is "reasonably susceptible" to the proposed meaning, extrinsic evidence cannot even be considered to explain or otherwise shed light upon the parties' intent. *Gerdlund v. Electronic Dispensers International*, 190 Cal.App.3d 263, 272 (Cal. 1987).

## IV. PAROL EVIDENCE CONCERNING THE MEANING OF THE TERM "OBTAIN ORDERS" IN THE LETTER AGREEMENT SHOULD BE EXCLUDED AT TRIAL

The Letter Agreement is unambiguous in what it says: that BJB must "obtain orders" of at least 15 million Vero 2.0 Holders to be placed by Bridgelux during the Cost Sharing Period. Accordingly, the parol evidence should be excluded because there is no ambiguity to resolve.

The Parties have not introduced any extrinsic evidence thus far and Bridgelux would be prejudiced if BJB Electric were allowed to introduce such evidence for the first time at trial. BJB Electric is expected to argue at trial that the term "obtaining orders" means that Bridgelux must order 15 million Vero 2.0 Holders *and* BJB Electric must accept the orders. In support of its position, BJB Electric will likely rely on additional text in Article 2 of the Letter Agreement which provides that "purchase order(s) will become mutually binding upon BJB's written confirmation to Bridgelux of said purchase order(s)." The additional text is intrinsic evidence. As noted in the Court's July 28, 2023 Order denying the Parties' Motions for Summary Judgment [Dkt No. 87], the Parties do not present any parol evidence to clarify the term's meaning. Since none was presented by the Parties, and no extrinsic evidence has been produced by BJB Electric during discovery that would clarify the meaning, no extrinsic evidence should be admitted to interpret the meaning of this provision of the Letter Agreement.

This Court has already rejected the use of any evidence showing the parties understood the Minimum Requirement was intended to compensate BJB Electric for BJB Germany's tooling and equipment investment because it is not evidence of "course of dealing, course of performance, or usage of trade" evidence. *See* Dkt. No. 87 at 7:22-8:15. And, while the Court has indicated that it is willing to consider evidence that shows that the purchase orders issued prior to PO 801-01 did not require

1  installment deliveries, that evidence is irrelevant.  The Court's recent Order notes
2  that: "at best, this evidence supports that the parties intended for Defendants to 'place
3  orders for the Holders and take delivery shortly thereafter.'" *Id.* at 8:9-11.  The Order
4  further stated that "[t]here is no ability at this stage to accept that deliveries must have
5  occurred during the Cost Sharing Period to satisfy the Minimum Requirement." *Id.*
6  at 8:14-15.  In a footnote, the Court noted that "[t]his conclusion is bolstered by the
7  phrasing of Article 2. Had delivery of the Minimum Requirement been required to
8  be completed within the Cost Sharing Period, Article 2 could have easily so stated –
9  bit instead, the Minimum Requirement requires Plaintiff to 'obtain' sufficient orders,
10 rather than for Plaintiff to make those deliveries." *Id.* at 8:25-27.

11 Accordingly, since no further extrinsic evidence has been produced by BJB
12 Electric during discovery that would clarify the meaning, no extrinsic evidence
13 should be admitted to interpret the meaning of this provision of the Letter Agreement
14 at trial.  Additionally, Bridgelux would be prejudiced if BJB Electric were permitted
15 to introduce new extrinsic evidence for the first time at trial.  Allowing BJB Electric
16 to introduce extrinsic evidence would also only result in undue delay and wasted time
17 because such evidence cannot be used to interpret the unambiguous term "obtain" in
18 the Letter Agreement.

19 **V.   CONCLUSION**

20 For the reasons set forth herein, Bridgelux respectfully requests that the Court
21 grant this motion *in limine* and order that any and all extrinsic evidence to interpret
22 the provision in the Letter Agreement that requires BJB Electric to "obtain orders"
23 from Bridgelux for 15 million Vero 2.0 Holders during the Cost Sharing Period be
24 excluded at trial.

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 7 -

DEFENDANT'S MIL NO. 1 TO EXCLUDE
EXTRINSIC EVIDENCE RE
INTERPRETATION OF THE LETTER
AGREEMENT

| | |
|---|---|
| Dated: July 31, 2023 | **ARENTFOX SCHIFF LLP**<br><br>By: */s/ Craig A. Gelfound*<br>Craig A. Gelfound<br>Kirsten A. Hart<br>Jessica B. Do<br>Attorneys for Defendant and<br>Counter-Claimant<br>BRIDGELUX, INC. |

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 8 -

DEFENDANT'S MIL NO. 1 TO EXCLUDE
EXTRINSIC EVIDENCE RE
INTERPRETATION OF THE LETTER
AGREEMENT