CRAIG A. GELFOUND (SBN 176378)
craig.gelfound@afslaw.com
KIRSTEN A. HART (SBN 258433)
Kirsten.hart@afslaw.com
JESSICA B. DO (SBN 317517)
jessica.do@afslaw.com
**ARENTFOX SCHIFF LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013
Telephone:  213.629.7400
Facsimile:   213.629.7401

Attorneys for Defendant and Counter-Claimant
BRIDGELUX, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BJB ELECTRIC LP,<br><br>            Plaintiff,<br><br>     v.<br><br>BRIDGELUX, INC.,<br><br>            Defendant.<br><hr>BRIDGELUX, INC,<br><br>            Counter-Claimant,<br><br>     v.<br><br>BJB ELECTRIC LP,<br><br>            Counter-Defendant. | Case No. 22-cv-01886-RS<br><br>**DEFENDANT AND COUNTER-CLAIMANT BRIDGELUX, INC.'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE EXTRINSIC EVIDENCE AS TO WHETHER PO 0801-01 CONSTITUTES A PURCHASE ORDER**<br><br>[Concurrently filed with the Declaration of Craig A. Gelfound in support thereof]<br><br>Judge: Hon. Richard Seeborg<br>Magistrate: Hon. Laurel Beeler<br><br>Date Filed: March 24, 2022<br>Trial Date: August 21, 2023 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to the Court's Bench Trial Standing Order, May 5, 2023 Order Re: Trial, or as soon as the matter may be heard at in Courtroom 3 of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Richard Seeborg, Defendant and Counter-Claimant Bridgelux, Inc. ("Bridgelux") hereby moves this Court *in limine* for an order precluding any evidence regarding the subjective intent of Bridgelux in determining whether PO 0801-01 ("PO 0801-01") is an "order" in accordance with the Letter Agreement between Plaintiff BJB Electric, Inc. ("Plaintiff") and Bridgelux on the grounds that such evidence is irrelevant.

This Motion is made on the grounds that such evidence is irrelevant and prejudicial under Fed. R. Evid. 402 and 403. This Motion is based upon this Notice of Motion and Motion, the accompanying Declaration of Craig A. Gelfound, the Memorandum of Points and Authorities attached hereto, all of the pleadings and records in this action, such additional evidence or authorities as may be presented prior to or at the hearing on this Motion, such oral argument and other evidence as this Court may permit, and such other matters as the Court may consider.

This Motion is also based on Bridgelux's concurrently filed Administrative Motion to Enlarge Time to File Motions *in Limine* Nos. 1 and 2. Pursuant to the Court's Bench Trial Standing Order, motions *in limine* were to be filed and served "[a]t least ten days before the Pretrial Conference," which is scheduled for August 9, 2023. Thus, the filing due date was Sunday, July 20, 2023. In light of the Court's recent ruling on Friday, July 28, 2023, regarding the Parties' Motions for Summary Judgment [Dkt No. 87], Bridgelux respectfully seeks one additional day to file its two Motions *in Limine* which address topics raised by the Court's recent ruling.

| | | |
|---|---|---|
| 1 | Dated: July 31, 2023 | **ARENTFOX SCHIFF LLP** |
| 2 | | |
| 3 | | By: */s/ Craig A. Gelfound* |
| 4 | | Craig A. Gelfound |
| | | Kirsten A. Hart |
| 5 | | Jessica B. Do |
| | | Attorneys for Defendant and |
| 6 | | Counter-Claimant |
| | | BRIDGELUX, INC. |

## I. INTRODUCTION

Defendant Bridgelux, Inc. ("Bridgelux") respectfully requests that the Court enter an order precluding any evidence regarding the subjective intent of Bridgelux in determining whether PO 0801-01 ("PO 0801-01") is an "order" in accordance with the Letter Agreement between Plaintiff BJB Electric, Inc. ("Plaintiff") and Bridgelux on the grounds that such evidence is irrelevant.

Article 2 of the underlying Letter Agreement requires Bridgelux to order fifteen million holders from Plaintiff within the Cost Sharing Period. Bridgelux manifestly fulfilled this requirement through PO 0801-01, which Plaintiff argues is not actually an order, but rather a "forecast," as Bridgelux never actually intended for holders to be delivered at the scheduled specified in PO 0801-01. *See* Plaintiff's Opposition to Motion for Summary Judgment [Dtk. 71]. Whether PO 0801-01 constitutes an "order" is dependent on the language in the purchase order. Any evidence of the parties' subjective intent is not relevant and should be excluded.

## II. LEGAL STANDARD

Only relevant evidence is admissible. (Fed. R. Evid. 402). California courts have adopted the definition of "offer" found at Restatement Second of Contracts, section 24: "An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *City of Moorpark v. Moorpark Unified School Dist.*, 54 Cal. 3d 921, 930 (Cal. 1991). Under basic contract law "[a]n offer must be sufficiently definite, or must call for such definite terms in the acceptance that the performance promised is reasonably certain." *Ladas v. California State Automobile Assn.*, 19 Cal. App. 4th 761, 770 (Cal. App. 1993).

"The trier of fact must determine 'whether a reasonable person would necessarily assume . . . a willingness to enter into contract*." In re First Capital Life Insurance Co*. (1995) 34 Cal.App.4th 1283, 1287.

## III. LEGAL ARGUMENT

### A. The Subjective Intent of Bridgelux is Irrelevant to Whether Bridgelux Made a Valid Offer.

PO 0801-01 expressly states:

"This purchase order, together with Bridgelux Purchase Order Terms and Conditions, and any attachment hereto (collectively "Order") **shall constitute an offer by Bridgelux** to Supplier and a purchase order placed in accordance with the Arrangement between Bridgelux and Supplier dated March 21, 2016." (emphasis added). *See* Declaration of Craig Gelfound, ("Gelfound Decl."), Ex. A.

The Terms and Conditions, referenced above, expressly state as follows:

"…this Order shall constitute an offer by Bridgelux to Supplier upon the terms and conditions of the Order. The Order shall become a binding agreement upon said terms and conditions upon acceptance by Suppler (as provided in Section 1.4) and shall constitute the entire agreement between Bridgelux and Supplier with respect to the sale of Goods or Services. Any and all prior agreements, quotes, requests for quotes, negotiations, correspondence, promises, covenants, communications, undertaking, arrangements, representations and warranties, whether oral or written, of Bridgelux or Supplier, shall be superseded by the Order. *Id.*, at Ex. A.

The language of PO 0801-01 is not ambiguous: Bridgelux clearly made a manifestation of willingness to enter a bargain. Because PO 0801-01 clearly outlines among other things, the goods to be shipped, the quantity, and the price, it is sufficient to apprise Plaintiff of the offer to contract. See *Hua v. MEMC Elec. Materials, Inc.*, No. C09-555JFRS, 2009 WL 1363545, at *5 (N.D. Cal. May 14, 2009) (holding Plaintiff's purchase order constituted an offer to contract because it described, goods to be shipped, quantity, and price); *see also Camsight, Inc. v. Hamamatsu Corp.*, No. CV1001677MMMAGRX, 2011 WL 13214314, at *11 (C.D. Cal. Apr. 19, 2011) ("a reasonable jury could conclude that the purchase order constituted Camsight's offer to contract"); *see also Honey Bum, LLC v. Fashion Nova, Inc.*, 63 F.4th 813, 825 (9th Cir. 2023) (holding Plaintiff's purchase order was an "offer to contract").

Plaintiff argues that PO 0801-01 was not actually an order, but rather a "forecast," as Bridgelux never actually intended for holders to be delivered at the scheduled specified in PO 0801-01. *See* Plaintiff's Opposition to Motion for Summary Judgment [Dtk. 71]. Plaintiff cites the deposition testimony of Bridgelux's CEO Tim Lester in support of this position. Plaintiff mischaracterizes Defendant's testimony. Mr. Lester did not testify that the orders were speculative, rather, he admits that the customer forecast on which the purchase orders are based, can be speculative[1]. However, even if Plaintiff's framing of Mr. Lester's testimony were true, his testimony regarding Bridgelux's subjective intent is not relevant and should be excluded. PO 0801-01 alone is sufficient to show that Bridgelux made a valid offer.

Evidence of the parties' subjective intent is not relevant. Even if such evidence was deemed relevant, its prejudicial effect would substantially outweigh its probative value. (Fed. R. Evid. 403).

## IV.   CONCLUSION

Accordingly, Bridgelux respectfully request this Court bar Plaintiff from introducing evidence regarding the subjective intent of the parties with respect to whether PO 0801-01 is an "order" and therefore a valid offer in accordance with the Letter Agreement between Plaintiff and Bridgelux.

---

[1] Q: Yes. And the more closer in dates, I think you said, were forecasted from – based on orders that you already had?
A: Not orders but customer forecasts.
Q: Okay. So would you agree with me, Mr. Lester, based on how you've laid out how this was put together and how you described the backend heaviness, a lot of this for months far into the future is somewhat speculative, is it not?
A: Yeah. It is all – in one respect it's all speculative, yeah.

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

22-cv-01886-RS

- 6 -

BRIDGELUX, INC.'S MOTION IN LIMINE
NO. 2 TO EXCLUDE EXTRINSIC
EVIDENCE RE PO 801

| | |
|---|---|
| Dated: July 31, 2023 | **ARENTFOX SCHIFF LLP**<br><br>By: */s/ Craig A. Gelfound*<br>Craig A. Gelfound<br>Kirsten A. Hart<br>Jessica B. Do<br>Attorneys for Defendant and Counter-Claimant<br>BRIDGELUX, INC. |