PATRICK J. CAIN (SBN 105331)
**SMITH, GAMBRELL & RUSSELL, LLP**
444 South Flower Street Suite 1700
Los Angeles, California 90071
Telephone: 213-358-7200
Facsimile: 213-358-7300

DANA M. RICHENS (PRO HAC VICE)
**SMITH, GAMBRELL & RUSSELL, LLP**
1105 W. Peachtree St. NE, Suite 1000
Atlanta, Georgia 30309
Telephone: 404-815-3659
Facsimile: 404-685-6959

Email: pcain@sgrlaw.com
drichens@sgrlaw.com

Attorneys for Plaintiff
BJB ELECTRIC LP

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| BJB ELECTRIC LP,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BRIDGELUX, INC.,<br><br>　　　　　Defendant. | Case No. 3:22-cv-01886-RS<br><br>**PLAINTIFF BJB ELECTRIC LP'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF FOOTNOTE 5 OF ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**<br><br>Trial Date: August 21, 2023 |
| BRIDGELUX, INC.,<br><br>　　　　　Counter-Claimant,<br><br>vs.<br><br>BJB ELECTRIC LP,<br><br>　　　　　Counterclaim-Defendant. | |

Pursuant to Local Rule 7-9, Plaintiff BJB Electric LP ("BJB Electric") hereby moves the Court for leave to file a motion for reconsideration of Footnote 5 contained within its July 28, 2023 Order Denying Motions for Summary Judgment (the "Summary Judgment Order") (Dkt. #87).

In Footnote 5, the Court concludes that Cal. Com. Code § 2202, not Cal. Civ. Proc. Code § 1856, governs the admissibility of extrinsic evidence as to whether delivery of the Holders must occur during the Cost Sharing Period. See Summary Judgment Order, p. 8, n.5.

In support of its argument that, indeed, delivery must take place during the Cost Sharing Period, BJB Electric seeks, pursuant to Cal. Civ. Proc. Code §1856(g), to introduce evidence of the parties' shared understanding at the time the Letter Agreement was entered into that the four-year Cost Sharing Period was intended to give BJB Electric the opportunity to recoup its affiliate's investment in tools and equipment before Defendant Bridgelux, Inc. ("Bridgelux") designed the Holders out of its product line. Otherwise, to use the expression first used by Bridgelux then-president Tim Lester, BJB Electric would be left "holding the bag."

As required by Local Rule 7-9(b), BJB Electric respectfully shows that the motion for reconsideration contemplated by BJB Electric would address a material difference in the law from that which was presented by Bridgelux before entry of the Summary Judgment Order. Specifically, in its Reply in Support of Bridgelux, Inc.'s Motion for Summary Judgment (Dkt. #81), Bridgelux argues that "evidence of the Parties' purported contemporaneous 'understanding' that BJB attempts to introduce to explain the Letter Agreement's terms is inadmissible under the Commercial Code's exception to the parol evidence rule. See Cal. Com. Code § 2202(a)." (Bridgelux Reply, p. 8.)

However, in its requested motion for reconsideration, BJB Electric will argue that the parol evidence rule, codified in Cal. Civ. Proc. Code § 1856, is matter of substantive law, and not merely a law of evidence. Riverisland Cold Storage, Inc. v.

1

**PLAINTIFF BJB ELECTRIC LP'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF FOOTNOTE 5 OF ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT -3:22-CV-01886-RS**

Fresno-Madera Prod. Credit Ass'n, 55 Cal. 4th 1169, 1174 (2013).  It is broadly applicable to all written agreements.  In contrast, Cal. Com. Code § 2202 is part of the Commercial Code, the purpose of which is set out in Cal. Com. Code § 1103, subsection (b) of which provides that "[u]nless displaced by the particular provisions of this code, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, and other validating or invalidating cause supplement its provisions." (emphasis added.)  This notion is repeated in the official comments to the statute, which state, "The Uniform Commercial Code was drafted against the backdrop of existing bodies of law, including the common law and equity, and relies on those bodies of law to supplement it [sic] provisions in many important ways."  However, "while principles of common law and equity may supplement provisions of the Uniform Commercial Code, they may not be used to supplant its provisions . . ."  In other words, there is room to bring in other parts of the law, such as Cal. Civ. Pro. Code § 1856(g), so long as doing so does not supplant a specific provision of the Commercial Code.

Thus, BJB Electric respectfully submits that the broader scope of Cal. Com. Code § 1856(g) is available here, as the parol evidence to be offered does not contradict any terms of the written agreement, which is the purpose prohibited by the first sentence of Cal. Com. Code § 2202.  Nor does Cal. Com. Code § 2202 prohibit the use of the circumstances under which an agreement was made to interpret such agreement.  In other words, the proposed use of Cal. Civ. Proc. Code § 1856(g) does not "supplant" any specific aspect of Cal. Com. Code § 2202.

As required by Local Rule 7-9, BJB Electric respectfully submits that it has shown reasonable diligence in bringing this motion, which addresses an issue in the Summary Judgment Order entered just 10 days ago.

2

**PLAINTIFF BJB ELECTRIC LP'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF FOOTNOTE 5 OF ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT -3:22-CV-01886-RS**

## **CONCLUSION**

For the foregoing reasons, BJB Electric respectfully requests that it be granted leave to file a motion for reconsideration with respect to Footnote 5 of the Summary Judgment Order.

DATED: August 7, 2023                    SMITH, GAMBRELL & RUSSELL, LLP

By:   */s/ Dana M. Richens*
Patrick J. Cain
Dana M. Richens
Attorneys for
BJB ELECTRIC LP

3

**PLAINTIFF BJB ELECTRIC LP'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF FOOTNOTE 5 OF ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT -3:22-CV-01886-RS**