UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BJB ELECTRIC LP,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIDGELUX, INC.,<br><br>    Defendant. | Case No. 22-cv-01886-RS<br><br>**ORDER DENYING MOTIONS IN LIMINE AND DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION** |

## I. INTRODUCTION

In this breach of contract dispute between Plaintiff BJB Electric LP and Defendant Bridgelux, Inc., Defendant has filed two motions in limine and Plaintiff has requested leave to file a motion for reconsideration of the relevant authority governing parol evidence in this matter. For the reasons articulated below, both sets of motions are denied.

## II. MOTIONS IN LIMINE

Defendant seeks to exclude: (1) all extrinsic evidence regarding the meaning of "obtain orders" in the disputed Minimum Requirement provision at issue; and (2) evidence regarding Defendant's subjective intent as to whether PO 0801-01 constitutes an order under the Letter Agreement that should have satisfied the Minimum Requirement provision.[1] In support of its first motion in limine, Defendant argues that the Letter Agreement has an integration clause that

---

[1] This order assumes familiarity with the facts of the matter, which are recited in greater detail in the prior order denying summary judgment.

excludes parol evidence; the term "obtain orders" is unambiguous and therefore parol evidence should be excluded; and Plaintiff's proffered extrinsic evidence is irrelevant and prejudicial. In support of its second motion in limine, Defendant argues that the language of PO 0801-01 meets the definition of an offer, and any evidence about Bridgelux's subjective intent regarding the purchase order should be disallowed.

Defendant's arguments do not persuade that the evidence should be excluded. As an initial matter, motions in limine are not generally needed for bench trials. *See United States v. Heller*, 551 F.3d 1108, 1112 (9th Cir. 2009) ("Because the judge rules on this evidentiary motion, in the case of a bench trial, a threshold ruling is generally superfluous. . . . [O]nce the case became a bench trial, any need for an advance ruling evaporated."); *S.E.C. v. Life Wealth Mgmt., Inc.*, No. CV 10-4769 RSWL, 2013 WL 1660860, at *5 (C.D. Cal. Apr. 17, 2013) ("[T]o the extent that admission of the emails presents a risk of prejudice, such risk is minimized by the fact that this case is set for a bench trial."). Here, Defendant has not persuaded that this case—or its motions—prove the exception.

Further, Defendant's specific arguments fail to contend fully with the law. With respect to integration, a writing that the parties "intended . . . to serve as the exclusive embodiment of their agreement" is as an integrated writing or an integration. *Masterson v. Sine*, 436 P.2d 561, 563 (Cal. 1968). "In addition to the terms of the writing, a court should also consider the surrounding circumstances, including prior negotiations, and the nature of the purported collateral agreement to determine whether it is reasonable to conclude that the collateral agreement was intended to be part of the bargain." *Singh v. Southland Stone, U.S.A., Inc.*, 112 Cal. Rptr. 3d 455, 469 (Cal. App. 4th 2010). The mere inclusion of an integration clause does not demonstrate that the Agreement is fully integrated. With respect to the central dispute of whether the PO constitutes an "order" as described in the Minimum Requirement provision, Defendant fails to provide analysis as to why the definitions of "offer" that it advances suffice in the context of "order" as used in the Letter Agreement and Article 2. Moreover, though Defendant contends that PO 0801-01 is unambiguous in demonstrating that "Bridgelux clearly made a manifestation of willingness to enter a bargain,"

Dkt. 91 at 5, Plaintiff is correct that such a focus actually puts Defendant's subjective intent at issue.[2]

Particularly in light of the ambiguities identified in the previous order,[3] all relevant evidence will be provisionally admitted, subject to a later determination as to what evidence, if any, must be excluded.

### III. MOTION FOR RECONSIDERATION

The prior Order Denying Cross Motions for Summary Judgment determined that the relevant parol evidence rule was found in California Commercial Code § 2202, rather than California Civil Procedure Code § 1856, and characterized Plaintiff's proffered parol evidence as failing to fit into the categories enumerated in § 2202 (a). *See* Dkt. 87 at 8. Plaintiff moves for leave to file a motion for reconsideration, arguing that the California Commercial Code may be supplemented by existing law, including § 1856, so long as the latter does not supplant specific provisions of the former.

While Plaintiff invokes Cal. Com. Code § 1103 (the purpose of the California Commercial Code), it does not cite any authority indicating that Cal. Civ. Proc. Code § 1856 and Cal. Com. Code § 2202 work in tandem,[4] nor does it contend with authority suggesting the two provisions are mutually exclusive. *See Hebberd-Kulow Enterprises, Inc. v. Kelomar, Inc.*, 159 Cal. Rptr. 3d

---

[2] During the hearing, Defendant re-raised its earlier argument that Defendant placed an order for at least 15,000,000 holders, pointing to Plaintiff's responses to the requests for admissions ("RFAs") as demonstrating that Plaintiff conceded that PO 0801-01 is an order. While Plaintiff's response does say that "BJB admits that by virtue of purchase orders 0801-01 and 0831-01, Bridgelux submitted orders to BJB for at least 15,000,000 units of the Holder," and that "BJB rejected both of these purchase orders," it does so "subject to the . . . objection" that the information sought is "irrelevant to the present dispute," and that "submitted [purchase] orders" and "obtained orders" are entirely different. As such, Plaintiff's reference to 0801-01 as an order will not be construed as conceding it is an order under the meaning of Article 2 of the Letter Agreement, as the substance of Plaintiff's response, even if not its form, plainly indicates otherwise.

[3] Defendant's assertion that "there is no ambiguity to resolve" regarding the meaning of "obtain orders" in Article 2 is at odds with the analysis provided in the order.

[4] *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 55, Cal. 4th 1169 (2013), a case that Plaintiff does point to, to argue that the parol evidence rule is a matter of substantive law, rather than a law of evidence, is not a case that concerns sale of goods.

Order Denying Motions in Limine & Leave for Motion for Reconsideration
Case No. 22-cv-01886-RS

869, 874 (Cal. App. 4th 2013) ("Section 2202 removes written agreements for the sale of goods from the operation of Code of Civil Procedure section 1856, the general parol evidence statute.") (citing 4 Witkin, Summary of Cal. Law (10th ed. 2005) Sales, § 33, p. 46). Likewise, Plaintiff provides no specific analysis as to why the two provisions are compatible, particularly where the differing structures suggest that § 1856 contemplates greater permissibility of extrinsic evidence in interpreting terms of the agreement. *Compare* Cal. Com. Code § 2202(a) ("Terms . . . which are otherwise set forth in a writing intended by the parties as a final expression of their agreement . . . may be explained or supplemented . . . [b]y course of dealing, course of performance, or usage of trade."), *with*, Cal. Civ. Proc. Code § 1856(g) ("This section does not exclude other evidence of the circumstances under which the agreement was made or to which it relates, as defined in Section 1860, or to explain an extrinsic ambiguity or otherwise interpret the terms of the agreement, or to establish illegality or fraud.").

In the interests of hearing from both sides on the matter, however, the Parties will be permitted in due course to provide briefing specifically on the topic of whether the parol evidence rule under Cal. Com. Code § 2202 displaces the parol evidence rule in Cal. Civ. Proc. Code § 1856 for contracts for sale of goods—and if so, whether Cal. Com. Code § 2202 lists an exclusive set of extrinsic evidence, such that the parol evidence rule under Cal. Civ. Proc. Code § 1856 is necessarily broader than the parol evidence rule under Cal. Com. Code § 2202. In the interim, as discussed above, all relevant evidence will be provisionally permitted, subject to a later determination of what evidence, if any, must be excluded under the proper application of whichever articulation of the parol evidence rule governs in this action.[5]

## IV. CONCLUSION

For the reasons detailed above, the motions for limine and the motion for leave to file for reconsideration are denied.

---

[5] For now, footnote 5 in the Order Denying Summary Judgment should be regarded as dicta in an interlocutory order. Even were Plaintiff's parol evidence to be admissible under § 1856, summary judgment would in any event still be denied, given the triable issues of fact identified in the order.

1  **IT IS SO ORDERED**.

3  Dated: August 9, 2023

_____
RICHARD SEEBORG
Chief United States District Judge