PATRICK J. CAIN (SBN 105331)
**SMITH, GAMBRELL & RUSSELL, LLP**
444 South Flower Street Suite 1700
Los Angeles, California 90071
Telephone:  213-358-7200
Facsimile: 213-358-7300
Email:  pcain@sgrlaw.com

DANA M. RICHENS, *Admitted Pro Hac Vice*
**SMITH, GAMBRELL & RUSSELL, LLP**
1105 W. Peachtree Street St. NE, Suite 1000
Atlanta, GA 30309
Telephone:  404-815-3659
Facsimile: 404-685-6959
Email:  drichens@sgrlaw.com

Attorneys for Plaintiff BJB Electric LP

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | | |
|---|---|---|
| BJB ELECTRIC LP,<br><br>          Plaintiff,<br><br>     vs.<br><br>BRIDGELUX, INC.,<br><br>          Defendant. | | Case No. 3:22-cv-01886-RS<br><br>**PLAINTIFF BJB ELECTRIC LP'S TRIAL BRIEF** |
| BRIDGELUX, INC.,<br><br>          Counter-claimant,<br><br>     vs.<br><br>BJB ELECTRIC LP,<br><br>          Counterclaim-Defendant. | | Trial Date: August 21, 2023 |

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213-358-7200

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213-358-7200

## Introduction[1]

In this bench trial, the Court will determine whether Defendant Bridgelux, Inc. ("Bridgelux") breached a March 21, 2016 letter agreement (the "Letter Agreement") with Plaintiff BJB Electric LP ("BJB Electric") because BJB Electric failed to obtain orders from Bridgelux for 15 million units of BJB Electric's custom Holder product within a four-year Cost Sharing Period.

## Summary of Factual Background

Both BJB Electric and Bridgelux are active in the lighting industry.  The Letter Agreement concerns Bridgelux's purchase from BJB Electric of customized "Holders" for Bridgelux's light-emitting diode, or "LED," products.

### A.    The Letter Agreement

In October of 2015, Bridgelux approached BJB Electric, known by Bridgelux to have a good reputation in the industry as a high-end manufacturer, regarding providing Holders for its Vero 2.0 product series.  The result of negotiations between the parties was the subject Letter Agreement regarding the development and supply of Holders.

Article 2 of the Letter Agreement provides as follows:

If BJB is awarded the Holder Project (i.e., Bridgelux designates BJB as the supplier of the Holder), such units will be purchased by Bridgelux (or its designated contract manufacturer) under its purchase order at the pricing designated under Schedule A.  However, if BJB fails to obtain orders for at least 15 million units ("Minimum Requirement") of the Vero 2.0 Holder within 4 years after "First Availability" of the Vero 2.0 Holder ("Cost Sharing Period"), Bridgelux agrees that it or its contract manufacturer will purchase the "Shortfall Quantity" of such Vero 2.0 Holders at the pricing designated under Schedule A ($0.08 per unit) pursuant to a Bridgelux purchase order.  Bridgelux (or its designated contract manufacturers) purchase order(s) will become mutually binding upon BJB's written

---

[1] As this matter has been the subject of dispositive and other motions briefings, a motions hearing and a pretrial conference, all within the past several weeks, BJB Electric takes the opportunity of this submission to provide merely a brief overview of the upcoming trial.

confirmation to Bridgelux of said purchase order(s).  The "Shortfall Quantity" is the difference between the Minimum Requirement and the number of Vero 2.0 Holders ordered ("Ordered Holders") during the Cost Sharing Period.  "First Availability" is the date that "Shippable Holders" are available for sale and shipment by BJB (with such availability then indicated via written confirmation from BJB to Bridgelux).  "Shippable Holders" are the production version of Vero 2.0 Holders which are then available for sale and shipment.

On or about March 23-24, 2016, the parties amended Schedule A of the Letter Agreement to correct the language of the Letter Agreement.  The correction confirms that in the event of a shortfall, Bridgelux would not actually "purchase" the Shortfall Quantity, as the above excerpt states, but would merely pay "[c]ompensation," i.e., liquidated damages, of $0.08 per shortfall unit.

Thus, under the Letter Agreement, as amended, Bridgelux would purchase Holders from BJB Electric.  If BJB Electric "fail[ed] to obtain orders" for 15 million Holders – the "Minimum Requirement" – within a four-year Cost Sharing Period,[2] then Bridgelux would pay to BJB Electric liquidated damages in the amount of $.08 per unit of shortfall (the "Shortfall Quantity").

**B.    Disappointing Demand for Holders**

The four-year Cost Sharing Period began in October of 2016.  During the Cost Sharing Period, Bridgelux placed periodic purchase orders for Holders with BJB Electric.  However, Bridgelux fell behind what it had expected at the time of execution of the Letter Agreement that its purchases of Holders would be.  This is attributable to several factors.  First, because the Vero 2.0 product line was compliant with a Western industry standard, it was designed for manufacturers in the U.S. and Europe.  But fixture manufacturing was shifting from the U.S. and Europe to lower-cost manufacturing sites in eastern Europe and China.  Thus, while Bridgelux expected the Vero SE product to be well received in Europe, it was not.  Other problems included an initial threat of a 25 percent tariff on Bridgelux

---

[2] This obligation is referred to herein as the "Minimum Requirement provision."

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213-358-7200

products containing the Holders and sold in the U.S.  And near the end of the four-year period, the COVID-19 pandemic first disrupted Bridgelux's supply chain, and then stopped development activity at fixture manufacturers in the U.S. and Europe.

### C.   P.O. 0801-01

In the summer of 2020, BJB Electric raised with Bridgelux the fact that the end of the four-year Cost Sharing Period was approaching in October of 2020.  As of that time, Bridgelux had ordered only approximately two million Holders – far short of the 15-million-unit Minimum Requirement under the Letter Agreement.

In response to the fact that the four-year Cost-Sharing Period was approaching its end, Bridgelux tendered to BJB Electric what is styled as "P.O. 0801-01."  The format of this purchase order is very different from the format of the prior purchase orders.  Instead of a single order for each type of Holder, with delivery scheduled for a short time later, P.O. 0801-01 sets forth quantities of a little more than *13 million* Holders, with a series of delivery dates extending for 68 months – roughly *six years*.

BJB Electric rejected P.O. 0801-01, as it was entitled to do under the Letter Agreement, and asked Bridgelux to revise it.  Bridgelux replaced P.O. 0801-01 with P.O. 0831.  P.O. 0831 is not materially different from P.O. 0801-01, and BJB Electric did not accept it either.

The end of the Cost-Sharing Period came and went in October 2020 without BJB having obtained Bridgelux purchase orders for the 15-million-unit Minimum Requirement.

Thereafter, the parties attempted to negotiate a resolution.  In December of 2020, Bridgelux proposed a new P.O. 1104-01, which it has since described as a new delivery schedule for the Shortfall Quantity, but BJB Electric insisted that any such order be firm as to time and volume of product to be delivered, and noncancelable.

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213-358-7200

Between early 2021 and early 2023, BJB and Bridgelux continued to do some business together, with Bridgelux occasionally placing small orders for Holders and BJB Electric filling them.

Bridgelux has not ordered any Holders from BJB Electric since January of 2023, and has informed BJB Electric that it has procured a different source for its Holders.

Bridgelux has purchased a total of only approximately 3 million Holders from BJB Electric.

**BJB's Claim**

At the trial of the case, BJB Electric will present evidence that Bridgelux failed to satisfy the Minimum Requirement provision of the Letter Agreement, thereby breaching the Agreement, for at least three reasons.

First, P.O. 0801-01 is not really an "order" at all.  Rather, it is a document submitted by Bridgelux near the close of the Cost Sharing Period to avoid liquidated damages.

Second, even if P.O. 0801-01 is an order, BJB was entitled to reject the order, which it did.  As a result, BJB did not "obtain orders" for the Minimum Requirement of 15 million units.

Third, in order to count against the Minimum Requirement of 15 million units, Bridgelux had to take delivery of units within the Cost Sharing Period.  This requirement would allow BJB Electric to recoup for its affiliated company in Germany the investment that the German company had made in the tools and equipment necessary to design and manufacture the Holders.

As to these and potentially other issues, the Court has previously ruled that "all relevant evidence will be provisionally permitted, subject to a later determination of what evidence, if any, must be excluded under the proper application of whichever articulation of the parol evidence rule governs in this action."  See Order Denying

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213-358-7200

1   Motions in Limine and Denying Leave to File Motion for Reconsideration [Dkt.

2   #99], p. 4.

3        For Bridgelux's breach of the Letter Agreement, BJB Electric will seek

4   liquidated damages of $.08 per unit of the Shortfall Quantity, plus prejudgment

5   interest.  Alternatively, BJB Electric will ask for its actual damages, plus

6   prejudgment interest.

7        Witnesses will include Joe Laufer, the president of BJB Electric at the time the

8   Letter Agreement was entered into; Albert Pruenster, the current president of BJB

9   Electric who was BJB Electric's vice president of finance at the time of the Letter

10  Agreement; and Tim Lester, the president of Bridgelux when the Letter Agreement

11  was entered into.[3]

12  **Bridgelux's Counterclaim**

13       Bridgelux's sole counterclaim asserted in its Answer to the Amended

14  Complaint and Counter-claim [Dkt. #26] is that since April 2022, BJB Electric has

15  not delivered any Vero 2.0 Holders to Bridgelux.  BJB Electric will produce

16  evidence at trial that this assertion is incorrect, and that there are no outstanding

17  Holder orders from Bridgelux.

18

19  DATED: August 16, 2023          Respectfully submitted,

20

21                         SMITH, GAMBRELL & RUSSELL, LLP

22

23                 By:   */s/ Dana M. Richens*

                      Patrick J. Cain

24                        Dana M. Richens, *Admitted Pro Hac*

                      Attorneys for Plaintiff BJB Electric LP

25

26

27

28

---

[3] Bridgelux has identified two additional witnesses:  Frank Hu, formerly of Bridgelux, and Lawrence Leavitt, a CPA whom Bridgelux has designated as an expert witness.

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213-358-7200

1

2

**PROOF OF SERVICE**
**Case Name: *BJB ELECTRIC LP v. BRIDGELUX, INC.***
**Case Number: 3:22-cv-01886-RS**

3   STATE OF CALIFORNIA

4   COUNTY OF LOS ANGELES

5   At the time of service, I was over 18 years of age and not a party to this action.
    I am employed in the County of Los Angeles, State of California.  My business
6   address is 444 South Flower Street, Suite 1700, Los Angeles, CA 90071-2901.

7   On August 16, 2023, I served true copies of the following document(s)
8   described as **PLAINTIFF BJB ELECTRIC LP'S TRIAL BRIEF** on the
    interested parties in this action as follows:
9

10  CRAIG A. GELFOUND
    craig.gelfound@afslaw.com
11  KIRSTEN A. HART
    kirsten.hart@afslaw.com
12  JESSICA B. DO
    jessica.do@afslaw.com
13  TRACY LUU-VARNES
    tracy.luu.varnes@afslaw.com
14  **ARENTFOX SCHIFF LLP**
    555 West Fifth Street, 48th Floor
15  Los Angeles, CA 90013
    Telephone: 213.629.7400
16  Facsimile: 213.629.7401

17  BY CM/ECF NOTICE OF ELECTRONIC FILING:  I electronically filed the
    document(s) with the Clerk of the Court by using the CM/ECF system.  Participants
18  in the case who are registered CM/ECF users will be served by the CM/ECF system.
    Participants in the case who are not registered CM/ECF users will be served by mail
19  or by other means permitted by the court rules.

20  I declare under penalty of perjury under the laws of the United States of America
    that the foregoing is true and correct and that I am employed in the office of a
21  member of the bar of this Court at whose direction the service was made.

22  Executed on August 16, 2023, at Los Angeles, California.

23  */s/ Lupe D. Navid*
24  Lupe D. Navid

25

26

27

28

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213-358-7200