PATRICK J. CAIN (SBN 105331)
**SMITH, GAMBRELL & RUSSELL, LLP**
444 South Flower Street Suite 1700
Los Angeles, California 90071
Telephone: 213-358-7200
Facsimile: 213-358-7300

DANA M. RICHENS (PRO HAC VICE)
**SMITH, GAMBRELL & RUSSELL, LLP**
1105 W. Peachtree St. NE, Suite 1000
Atlanta, Georgia 30309
Telephone: 404-815-3659
Facsimile: 404-685-6959

Email: pcain@sgrlaw.com
drichens@sgrlaw.com

Attorneys for Plaintiff
BJB ELECTRIC LP

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| BJB ELECTRIC LP,<br><br>        Plaintiff,<br><br>vs.<br><br>BRIDGELUX, INC.,<br><br>        Defendant.<br><br>BRIDGELUX, INC.,<br><br>        Counter-Claimant,<br><br>vs.<br><br>BJB ELECTRIC LP,<br><br>        Counter-Defendant. | Case No. 3:22-cv-01886-RS<br><br>**PLAINTIFF BJB ELECTRIC LP'S POST-TRIAL MEMORANDUM OF LAW ON ADMISSIBILITY OF PAROL EVIDENCE** |


Plaintiff BJB Electric LP ("BJB Electric") respectfully submits this Memorandum of Law to assist the Court in its determination of what evidence adduced at trial, if any, must be excluded as improper parol evidence. As outlined in this brief, despite the prohibitions of what is generally referred to as the "parol evidence rule," there are a number of provisions of California law that contemplate the admission of parol evidence of certain types, or for certain purposes, several of which are applicable to this case.

**A.  California State Law on Parol Evidence Governs in this Action.**

"In California, the parol evidence rule is a substantive rule of state law. As such, California's rule must be applied by a federal court in connection with any claim arising under California law." Jankowski v. Persolve, No. CV-12-10609 JFW, 2013 WL 12155184, at *1 (C.D. Cal. June 14, 2013).

BJB Electric does not dispute that the current controversy should be decided pursuant to California law. Accordingly, California's parol evidence rule applies.

**B.  California Code of Civil Procedure § 1856**

"[California's] parol evidence rule is codified in Civil Code section 1625 and Code of Civil Procedure section 1856." Casa Herrera, Inc. v. Beydoun, 32 Cal. 4th 336, 343 (2004). The parol evidence rule "generally prohibits the introduction of any extrinsic evidence[1], whether oral or written, to vary, alter or add to the terms of an integrated written instrument." Id. However, "[p]arol evidence may be admitted to explain the meaning of a writing when the meaning urged is one to which the written contract term is reasonably susceptible or when the contract is ambiguous." Powers v. Dickson, Carlson & Campillo, 54 Cal. App. 4th 1102, 1111 (1997).

Cal. Civ. Proc. Code § 1856 contains two specific provisions applicable to the present action: subsection (c), and subsection (g). Each is addressed in turn below.

    **1.  Cal. Civ. Proc. Code § 1856(c)**

Subsection (c) of Cal. Civ. Proc. Code § 1856 provides that terms set forth in a writing

---

[1] Extrinsic evidence is "[e]vidence relating to a contract but not appearing on the face of the contract because it comes from other sources, such as statements between the parties or the circumstances surrounding the agreement." *Extrinsic Evidence*, Black's Law Dictionary (9th ed. 2009).

intended by the parties as a final expression of their agreement "may be explained or supplemented by a course of dealing or **usage of trade** or by **course of performance**." Cal. Civ. Proc. Code § 1856(c) (emphasis added).[2]

The reference to usage of trade in Cal. Civ. Proc. Code § 1856(c) has been explained as follows:

> Generally speaking, words in a contract are to be construed according to their plain, ordinary, popular or legal meaning, as the case may be. However, particular expressions may, by trade usage, acquire a different meaning in reference to the subject matter of a contract. If both parties are engaged in that trade, the parties to the contract are deemed to have used them according to their different and peculiar sense as shown by such trade usage and parol evidence is admissible to establish the trade usage even though the words in their ordinary or legal meaning are entirely unambiguous.

Hayter Trucking, Inc. v. Shell W. E&P, Inc., 18 Cal. App. 4th 1, 15 (1993).

In the context of this case, BJB Electric submits that "usage of trade" would include, for example, the parties' interpretation of such relevant terms as "order," and "blanket purchase order," as testified to by witnesses for both parties at trial.

"Course of performance" as used in Cal. Civ. Proc. Code § 1856(c) refers to "[t]he construction given the contract by the acts and conduct of the parties with knowledge of its terms, before any controversy has arisen as to its meaning . . . ." U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc., 281 F.3d 929, 937 (9th Cir. 2002). In the context of this case, therefore, BJB Electric submits that "course of performance" under Cal Civ. Proc. Code § 1856(c) would refer to, for example, the characteristics of the purchase orders submitted by Bridgelux in the first approximately three and one-half years of the Cost Sharing Period,[3] as distinguished from the document styled as "P.O. 0801-01"[4] that Bridgelux tendered in August 2020 as the Cost Sharing Period was set to expire.

**2.   Cal. Civ. Proc. Code § 1856(g)**

Cal. Civ. Proc. Code § 1856(g) provides that § 1856 as a whole "does not exclude other

---

[2] The parties have not presented evidence of a prior course of dealing between them and therefore the admissibility of evidence of course of dealing is not addressed herein.

[3] These purchase orders are compiled at Trial Exhibit 17.

[4] Trial Exhibit 18.

**evidence of the circumstances under which the agreement was made or to which it relates**, as defined in Section 1860 or to explain an extrinsic ambiguity or otherwise interpret the terms of the agreement, or to establish illegality or fraud." Cal. Civ. Proc. Code § 1856(g)(emphasis added).[5]

In context of this case, BJB Electric submits that Cal. Civ. Proc. Code § 1856(g) would allow for inclusion of, for example, evidence of the parties' shared understanding at the time the Letter Agreement was entered into that the four-year Cost Sharing Period was intended to give BJB Electric the opportunity to recoup its affiliate BJB Germany's investment in tools and equipment for the Holder project. This evidence is relevant to BJB Electric's argument that Bridgelux had to take delivery of Holders during the Cost Sharing Period in order for such units to count toward the 15-million-unit Minimum Requirement.

### 3.    Cal Civ. Proc. Code § 1856 Is Not Displaced by Cal. Com. Code § 2202.

During the course of pretrial briefings in this case, a question arose as to whether Cal. Civ. Proc. Code § 1856 is displaced by Cal. Com. Code § 2202 because this case pertains to the sale of goods and thus implicates the Commercial Code.

However, the Commercial Code supplants only inconsistent laws. "Unless displaced by the particular provisions of this code, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, and other validating or invalidating cause <u>supplement its provisions</u>." Cal. Com. Code § 1103(b)(emphasis added). This notion is repeated in the official comments to the statute, which state, "The Uniform Commercial Code was drafted against the backdrop of existing bodies of law, including the common law and equity, and relies on those bodies of law to supplement it [sic] provisions in many important ways."

The comments to Cal. Com. Code § 2202 itself reflect that it does not absolutely supplant other statutes, including Cal. Code Civ. Proc. § 1856. Comment 4 specifically refers to other statutory iterations of the parol evidence rule, including Section 1856: "Some of the statutory aids

---

[5] The referenced Section 1860, in turn, states that "[f]or the proper construction of an instrument, the circumstances under which it was made, including the situation of the subject of the instrument, and the parties to it, may also be shown so that the Judge be placed in the position of those whose language he is to interpret." Cal. Civ. Proc. Code § 1860.

in the interpretation of contracts are contained in Civil Code § 1625 (written agreement supersedes prior negotiations) § 1647 (contract may be explained by circumstances) and Code of Civil Procedure § 1856 (agreement in writing considered as containing the entire agreement) and § 1857 (language of agreement to be interpreted according to its relation to the place of execution)."

In short, there is room to bring in other parts of the law, such as Cal. Code Civ. Proc. § 1856(g), so long as doing so does not supplant a specific provision of the Commercial Code.

As the Court has noted, Hebberd-Kulow Enterprises, Inc. v. Kelomar, Inc., 218 Cal. App. 4th 272, 279 (2013), states that "[Cal. Com. Code] Section 2202 removes written agreements for the sale of goods from the operation of Code of Civil Procedure section 1856, the general parol evidence statute." But the statement is made in that case without analysis, and the only citation is to 4 Witkin, Summary of Cal. Law (10th ed. 2005) Sales, § 33. But a review of that citation (now, 4 Witkin, Summary of Cal. Law (11th ed. 2023) Sales § 33), reveals that it, too, lacks any analysis. While 2 Witkin, Summary of California Law (6th ed. 2023) Evidence, § 66, also asserts that Cal. Com. Code § 2202 "removes written agreements for the sale of goods from the operation of C.C.P. 1856," the only support for that statement is a reference back to 4 Witkin, Summary of Cal. Law (10th ed. 2005) Sales, § 33, again, without analysis. Thus, the statements both in Hebberd-Kulow and in Witkin that with regard to contracts for the sale of goods, Cal. Com. Code § 2202 somehow completely supplants or is narrower than Cal. Code Civ. Proc. § 1856, are mere *ipse dixit*.

In Yomtoubian v. Camellia Diamonds, Ltd., 2012 WL 3539555 (Cal. App. Ct., Fourth District, August 17, 2012), the appellate court analyzed the interplay between Cal. Com. Code § 2202 and Cal. Code Civ. Proc. § 1856, in an action over the sale of diamonds.[6] The appellate court rejected plaintiff's argument that the trial court erred in allowing parol evidence that the diamonds were sold to plaintiff, rather than being placed on consignment with plaintiff:

> [P]laintiff contends the court erred by admitting parol evidence that contradicted the express terms of the form memorandum, even though the form memorandum did not memorialize the parties' complete and final agreement. Plaintiff bases his contention

---

[6] Counsel is aware that this Court's former Local Rule 3-4(e) restricted the ability to cite to unpublished opinions of other courts. Counsel understands that this former rule has been eliminated, and does not appear in the current version of this Court's Local Rules, thus making citation to unpublished opinions permissible.

4
PLAINTIFF BJB ELECTRIC LP'S POST-TRIAL MEMORANDUM OF LAW ON
ADMISSIBILITY OF PAROL EVIDENCE - 3:22-CV-01886-RS

> on two arguments: (1) the form memorandum is governed by Uniform Commercial Code section 2202 (applicable to transactions in goods), not by the general parol evidence rule codified in Code of Civil Procedure section 1856; and (2) Uniform Commercial Code section 2202's plain language shows that it prohibits the use of extrinsic evidence to contradict the terms of an agreement, even if the contract is not integrated. As we shall explain, plaintiff's contention is wrong.

Yomtoubian, 2012 WL 3539555, at *3.

The appellate court also rejected the notion that Cal. Com. Code § 2202 establishes a more stringent standard for the admission of parol evidence than does Cal. Code Civ. Proc. § 1856:

> Indeed, plaintiff's contention that Uniform Commercial Code section 2022 establishes a more stringent prohibition on the use of extrinsic evidence than the general parol evidence rule (Code Civ. Proc. § 1856) is contrary to the official comments to Uniform Commercial Code section 2202. Those comments reveal an intention to liberalize the use of extrinsic evidence to aid in interpreting contracts related to goods.

Yomtoubian, 2012 WL 3539555, at *4 n.6.

Various courts refer to both Cal. Com. Code § 2202 and Cal. Code Civ. Proc. § 1856 when dealing with parol evidence issues, without concluding that Section 2202 supplants Section 1856. See, e.g., Priority Pharm., Inc. v. Gulf Coast Pharm., Inc., 2011 WL 13356075, at *2 (S.D. Cal., March 8, 2021)(action over a disputed agreement for the sale of prescription drugs; denying motion *in limine* to exclude evidence under the parol evidence rule, citing both Cal. Code Civ. Proc. § 1856(a) and Cal. Com. Code § 2202 as stating the rule); Bruno Rimini (Furniture) Ltd. v. Connor Mktg., Inc., 2015 WL 4530991, at *2 (E.D. Cal., July 27, 2015)(denying motion for summary judgment in action to recover the price of goods delivered; noting that parol evidence rule would not necessarily prohibit use of parol evidence sought by defendant, and citing both Cal. Code Civ. Proc. § 1856(a) and Cal. Com. Code § 2202 as setting out the parol evidence rule); Computer Place, Inc. v. Hewlett-Packard Co., 607 F. Supp. 2d 822, 834-35 (N.D. Cal. 1984)(granting defendant's motion for summary judgment in antitrust action; court noted that the contract at issue had an integration clause, and so parol evidence was barred, citing both Cal. Com. Code § 2202 and Cal. Code Civ. Proc. § 1856(a)).

Moreover, the discussion as to whether Cal. Civ. Proc. Code § 1856, or Cal. Com. Code § 2202(a), or both, provides the applicable parol evidence rule in a commercial case such as this one is somewhat academic, given that, in this case, the same evidence will come in under either standard.

5

Specifically, both Cal. Civ. Proc. Code § 1856 and Cal. Com. Code § 2202 contemplate the admissibility of evidence of usage of trade or course of performance to explain or supplement an integrated agreement.  See Cal. Civ. Proc. Code § 1856(c); Cal. Com. Code § 2202(a).

And even if Cal. Com. Code § 2202(a) supplants Cal. Civ. Proc. Code § 1856(c), evidence of the parties' circumstances at the time of contracting comes in anyway – not under Cal. Civ. Proc. Code § 1856(g), but separately – under Cal. Civ. Proc. Code § 1860, which relates *not* to parol evidence per se, but rather, contract construction.  See Sandell, Inc. v. Bailey, 212 Cal. App. 2d 920, 929 (1963)("Code of Civil Procedure section 1856 sets forth the rule as to agreements reduced to writing and the exclusion of parol evidence; section 1860 sets forth the construction of instruments; and section 1861 refers to admitting evidence where the terms of a writing have a 'local, technical, or otherwise peculiar signification.'").

## C. Cal. Civ. Proc. Code § 1861

In addition to explaining the distinction between Cal. Civ. Proc. Code §§ 1856 and 1860, the above quotation from Sandell also references Cal Civ. Proc. Code § 1861, which provides:

> The terms of a writing are presumed to have been used in their primary and general acceptation, but evidence is nevertheless admissible that they have a local, technical, or otherwise peculiar signification, and were so used and understood in the particular instance, in which case the agreement must be construed accordingly.

Cal Civ. Proc. Code § 1861.

As applied to this case, BJB Electric submits that Cal Civ. Proc. Code § 1861 provides for the admissibility of the parties' understanding of the term "Cost Sharing Period" as it appears in the Letter Agreement – a term with "peculiar signification" relevant to the issues in this case.

## D. Evidence of the Parties' Subjective Intent as to P.O. 0801-01

Finally, in its Order denying Bridgelux's motions in limine, the Court recognized that when Bridgelux argued that it "clearly made a manifestation of willingness to enter a bargain" in tendering P.O. 0801-01, Bridgelux "put[] Defendant's subjective intent at issue." See Dkt. #99, pp. 2-3.

As such, BJB Electric submits that the testimony of Bridgelux's then-president Tim Lester as to Bridgelux's subjective intent in submitting P.O. 0801-01, as well as the testimony of BJB Electric then-president Joe Laufer as to how P.O. 0801-01 was received and perceived by BJB

Electric, should remain in the record.

## CONCLUSION

For the foregoing reasons, BJB Electric respectfully requests that the following categories of parol evidence remain in the record:

| Parol Evidence Of: | Admissible Under: |
|---|---|
| Usage of trade | Cal. Civ. Proc. Code § 1856(c) and/or Cal. Com. Code § 2202(a) |
| Course of performance | Cal. Civ. Proc. Code § 1856(c) and/or Cal. Com. Code § 2202(a) |
| Circumstances under which agreement was made | Cal. Civ. Proc. Code § 1856(g); Cal. Civ. Proc. Code § 1860 |
| "Peculiar signification" of terms | Cal. Civ. Proc. Code § 1861 |
| Subjective intent re: P.O. 0801-01 | Put into issue by Bridgelux |

DATED: September 18, 2023        SMITH, GAMBRELL & RUSSELL, LLP

By:     /s/ Dana M. Richens
      Patrick J. Cain
      Dana M. Richens
      Attorneys for
      BJB ELECTRIC LP

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213-358-7200

7
PLAINTIFF BJB ELECTRIC LP'S POST-TRIAL MEMORANDUM OF LAW ON ADMISSIBILITY OF PAROL EVIDENCE - 3:22-CV-01886-RS

**PROOF OF SERVICE**
**Case Name: *BJB ELECTRIC LP v. BRIDGELUX, INC.***
**Case Number: 3:22-cv-01886-RS**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 444 South Flower Street, Suite 1700, Los Angeles, CA 90071-2901.

On September 18, 2023, I served true copies of the following document(s) described as **PLAINTIFF ELECTRIC LP's POST-TRIAL MEMORANDUM ON ADMISSIBILITY OF PAROL EVIDENCE** on the interested parties in this action as follows:

CRAIG A. GELFOUND
Craig.gelfoundd@afslaw.com
KIRSTEN A. HART
kirsten.hart@afslaw.com
JESSICA B. DO
jessica.do@afslaw.com
ARENTFOX SCHIFF LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: 213.629.7400
Facsimile: 213.629.7401

**BY CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 18, 2023, at Los Angeles, California.

*/s/ Lupe D. Navid*
Lupe D. Navid