PATRICK J. CAIN (SBN 105331)
**SMITH, GAMBRELL & RUSSELL, LLP**
444 South Flower Street Suite 1700
Los Angeles, California 90071
Telephone: 213-358-7200
Facsimile: 213-358-7300

DANA M. RICHENS (PRO HAC VICE)
**SMITH, GAMBRELL & RUSSELL, LLP**
1105 W. Peachtree St. NE, Suite 1000
Atlanta, Georgia 30309
Telephone: 404-815-3659
Facsimile: 404-685-6959

Email: pcain@sgrlaw.com
drichens@sgrlaw.com

Attorneys for Plaintiff
BJB ELECTRIC LP

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| BJB ELECTRIC LP,<br><br>      Plaintiff,<br><br>vs.<br><br>BRIDGELUX, INC.,<br><br>      Defendant.<br><br>BRIDGLUX, INC.,<br><br>      Counter-Claimant,<br><br>vs.<br><br>BJB ELECTRIC LP,<br><br>      Counter-Defendant. | Case No. 3:22-cv-01886-RS<br><br>**PLAINTIFF BJB ELECTRIC LP'S RESPONSE TO BRIDGELUX, INC.'S BRIEF REGARDING PAROL EVIDENCE**<br><br>Judge: Hon. Richard Seeborg<br>Magistrate: Hon. Laurel Beeler<br><br>Trial Date: August 21, 2023 |

Plaintiff BJB Electric LP ("BJB Electric") hereby responds to the brief filed by Defendant Bridgelux, Inc. ("Bridgelux") regarding parol evidence to be considered in the determination of the issues in this case.

Bridgelux continues to assert that parol evidence is not admissible in this case. But to reach that conclusion, Bridgelux argues that the Letter Agreement is not ambiguous, thus ignoring this Court's previous rulings to the contrary. Bridgelux also misapplies, or disregards altogether, various provisions of California law that contemplate the admission of parol evidence of certain types, or for certain purposes, several of which are applicable to this case.

**A.    The Letter Agreement Is Ambiguous.**

The starting point of Bridgelux's brief is to repeat its mantra that the Letter Agreement is "clear and unambiguous," such that "no parol evidence is required to interpret the contractual language . . . ." (Bridgelux Brief, pp. 2, 3.)

However, the Court has previously determined that the contract language is ambiguous. For example, the Court already found that the "obtain orders" language of the Letter Agreement is capable of more than one possible interpretation. See, e.g., Order Denying Motions for Summary Judgment ("Summary Judgment Order") [Dkt. #87], p. 6 (discussing possible competing interpretations of what it means to "obtain orders"; "Plaintiff's interpretation finds some support in the text of Article 2 . . . [y]et this interpretation is not so obvious as to preclude a contrary conclusion."); see also Order Denying Motions in Limine and Denying Leave to File Motion for Reconsideration ("Order on Motions in Limine") [Dkt. # 99], p. 3 n.3 ("Defendant's assertion that 'there is no ambiguity to resolve' regarding the meaning of 'obtain orders' in Article 2 is at odds with the analysis provided in the [summary judgment] order.").

2
PLAINTIFF BJB ELECTRIC LP'S RESPONSE TO BRIDGELUX, INC.'S BRIEF
REGARDING PAROL EVIDENCE – 3:22-cv-01886-RS

Additionally, interpretation of the term "obtain orders" necessarily also implicates the question of what constitutes an "order" in the first place – a separate question as to which the express language of the Letter Agreement is unclear. See Summary Judgment Order, p. 5. The existence of such ambiguity is why, at least in part, the Court denied both parties' motions for summary judgment.

"Parol evidence may be admitted to explain the meaning of a writing when the meaning urged is one to which the written contract term is reasonably susceptible or when the contract is ambiguous." Powers v. Dickson, Carlson & Campillo, 54 Cal. App. 4th 1102, 1111 (1997). Here, parol evidence is admissible not only because the Letter Agreement is ambiguous, as the Court has already determined, but also because the Letter Agreement is reasonably susceptible to the interpretation advanced by BJB Electric.

**B.   Evidence of "Subjective Intent" Is Not Universally Inadmissible.**

Bridgelux jumps to the sweeping conclusion that "the testimony by Messrs. Laufer and Pruenster regarding their subjective understanding of the meaning of 'obtain orders' is inadmissible for the purpose of interpreting the Letter Agreement." (Bridgelux Brief, p. 5.) Bridgelux seems to believe that by branding testimony as "subjective," such testimony is somehow automatically rendered inadmissible. In so arguing, Bridgelux completely ignores provisions of California law that contemplate the admission into evidence of the very type of testimony that Bridgelux is attempting to keep out.

First, the Court has already ruled that the term "obtain orders" as it appears in the Letter Agreement is ambiguous. See supra, pp. 2,3. Since the language is ambiguous, parol evidence is admissible to explain its meaning. Powers, 54 Cal. App. 4th at 1111. This is so even though the evidence at issue might be what Bridgelux considers "subjective."

3
PLAINTIFF BJB ELECTRIC LP'S RESPONSE TO BRIDGELUX, INC.'S BRIEF
REGARDING PAROL EVIDENCE – 3:22-cv-01886-RS

Second, the term "obtain orders" implicates other issues. What is an "order" in the first place? Is P.O. 0801-01 an "order" as the term is used in the Letter Agreement? What is the significance of the fact that P.O. 0801-01 looks nothing like the orders that preceded it? Parol evidence as to usage of trade and course of performance is admissible on these points. See Cal. Civ. Proc. Code § 1856(c); Cal. Com. Code § 2202(a). Again, this is so even though the evidence at issue might be what Bridgelux labels as "subjective."

Third, ascertaining the meaning of "obtain orders" also implicates the question of whether an "order" must contemplate delivery within the four-year Cost Sharing Period in order to count toward the 15-million-unit Minimum Requirement. What did the parties have in mind here? Parol evidence as to the circumstances at the time the agreement was made – *i.e.*, their shared understanding of BJB Electric's intention to use the Cost Sharing Period to recoup BJB Germany's investment in tools and equipment – is admissible to shed light on this issue. Cal. Civ. Proc. Code § 1856(g). Indeed, the parties' understanding of the very term "Cost Sharing Period" is separately admissible under Cal. Civ. Proc. Code § 1861 to explain the "[p]eculiar signification" ascribed to that term by the parties. Parol evidence is admissible here even though it might be what Bridgelux describes as "subjective."

And finally, Bridgelux itself put the parties' subjective intent of "obtain orders" into issue when it argued that "Bridgelux clearly made a manifestation of willingness to enter a bargain." See Order on Motions in Limine, p. 3 ("[S]uch a focus actually puts [Bridgelux's] subjective intent at issue.").

In short, calling something "subjective" does not automatically render it inadmissible, as Bridgelux seems to argue. Rather, various provisions of California law, and this Court's previous rulings, provide a path for even evidence that Bridgelux might characterize as "subjective" to come into evidence for the purpose of interpreting the Letter Agreement.

## C. Evidence of Course of Performance Is Admissible.

BJB Electric seeks to introduce evidence of course of performance in the form of Trial Exhibit 17, and the testimony attendant thereto. Exhibit 17 is a composite exhibit of dozens of purchase orders submitted by Bridgelux in the first approximately three and one-half years of the Cost Sharing Period. BJB Electric seeks to compare the characteristics of the purchase orders in Trial Exhibit 17 with the characteristics of "P.O. 0801-01" that Bridgelux tendered in August 2020 as the Cost Sharing Period was set to expire (Trial Exhibit 18) to demonstrate, through the parties' course of performance, what they understood an "order" under the Letter Agreement to be. See U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc., 281 F.3d 929, 937 (9th Cir. 2002) (course of performance refers to "[t]he construction given the contract by the acts and conduct of the parties with knowledge of its terms, before any controversy has arisen as to its meaning . . . .").

For its part, Bridgelux readily acknowledges that evidence of course of performance is admissible to explain or supplement contract terms. (Bridgelux Brief, pp. 4, 5.)[1] Nevertheless, Bridgelux contends that the use to which BJB Electric intends to put such parol testimony "impermissibly contradicts the express terms of the Letter Agreement." (Bridgelux Brief, p. 6.) But Bridgelux misstates the primary purpose for the introduction of the prior purchase orders. It is to show what an "order" is, and what it looks like – in contrast to what Bridgelux tendered in P.O. 0801-01. Thus, the evidence is primarily submitted for a broader, more general purpose than showing that delivery must be taken within the Cost Sharing Period.

Moreover, Bridgelux relies on Tanita Corp. of America v. Belfour, Inc., No. 06 C 4459, 2009 WL 54509 (N.D. Ill. Jan. 6. 2009), for its assertion that BJB Electric's

---

[1] For a discussion of whether evidence of course of performance is admissible under Cal. Civ. Proc. Code § 1856(c) or Cal. Com. Code § 2202, or both, see Plaintiff BJB Electric LP's Post-Trial Memorandum of Law on Admissibility of Parol Evidence [Dkt. # 116], pp. 3-6. The evidence is admissible under either standard.

interpretation of the term "obtain orders" would "improperly render certain contract terms meaningless." (Bridgelux Brief, p. 7.) But such reliance is misplaced, as that case is distinguishable on key elements. Tanita involved a letter of agreement requiring a customer to purchase a certain amount of a supplier's product within a specific "exclusivity period." The issue before the court was whether the contract required the product to be delivered during the "exclusivity period" in order to count toward the quota, as the supplier argued. The court found that the supplier's interpretation of the contract was at odds with an express contract provision requiring a 10- to 12-week lead time for all new orders, and with a separate provision that allowed the customer to schedule delivery as much as six months after the date of the first delivery. 2009 WL 54509, at *5 and n.1. Tanita is easily distinguishable because the Letter Agreement at issue here has no such express terms. Further, Bridgelux's reliance on Article 1 of the Letter Agreement actually supports *BJB Electric's* interpretation of the Letter Agreement – Article 1's requirement of "a mutually agreed upon time schedule" means that BJB Electric was well within its rights to reject the protracted six-year delivery schedule that Bridgelux presented in P.O. 0801-01.

**D.   BJB Electric's Evidence of the Circumstances at the Time of Contracting Is Admissible.**

Cal Civ. Proc. Code § 1856(g) contemplates the admission of "evidence of the circumstances under which the agreement was made or to which it relates" to interpret the terms of an agreement. Cal. Civ. Proc. Code § 1856(g). Bridgelux acknowledges that Cal. Civ. Proc. Code § 1856(g) is applicable to this case, even arguing for the admission of certain testimony under this standard. (Bridgelux Brief, p. 9.)[2]

---

[2] Bridgelux does not explain how it can contend that the Letter Agreement is unambiguous, yet simultaneously argue for the admission of parol evidence under Cal. Civ. Proc. Code § 1856(g).

BJB Electric agrees that Cal. Civ. Proc. Code § 1856(g) is applicable, and would allow for inclusion of, for example, evidence of the parties' shared understanding at the time the Letter Agreement was entered into that the four-year Cost Sharing Period was intended to give BJB Electric the opportunity to recoup its affiliate BJB Germany's investment in tools and equipment for the Holder project. This evidence is relevant to BJB Electric's argument that Bridgelux had to take delivery of Holders during the Cost Sharing Period in order for such units to count toward the 15-million-unit Minimum Requirement. (BJB Electric Brief, pp. 2-3.)

However, Bridgelux opposes BJB Electric's use of the statute in this fashion, claiming that "[t]here is no evidence to indicate that this was a shared understanding by all parties." (Bridgelux Brief, p. 8.) In fact, witnesses for *both* BJB Electric *and* Bridgelux testified at trial as to their common understanding of the meaning of the term "Cost Sharing Period:

**Examination of BJB Electric's Joe Laufer:**

Q: … [W]hat does the term "cost-sharing period" mean to you, as it's used in this agreement?

A: Yeah. For me, it was the four-year period that we had agreed on that volume of 15 million. And from our side, the cost-sharing was, we had X number of dollars, which I don't recall, tied up in the development and tooling and machinery, all that stuff, so the investment cost from our side. So that was -- that four-year cost sharing was Bridgelux essentially paying us for those -- for those start-up costs rather than paying us up-front all at one time.

(Trial Transcript I:48:11-21).

**Examination of Bridgelux's Tim Lester:**

Q: And do you know what [the term Cost Sharing Period] refers to?

A: Yes.

1   Q:   And what is that?
2   A:   It refers to a period of time from which the pricing would include
3        the cost BJB needed to get their return investment that they were
4        looking for from the investment they made to prepare the product
5        for production.
6   Q:   That being tools and equipment --
7   A:   Yes.

(Trial Transcript I:126:10-18).

What is good for the goose is good for the gander. Bridgelux agrees that Cal. Civ. Proc. Code § 1856(g) provides in this case for the admission of parol evidence as to the circumstances at the time the Letter Agreement was entered into. It cannot legitimately argue that only *Bridgelux's* evidence on this point should come in. Instead, BJB Electric's evidence as to the parties' shared understanding of the term "Cost Sharing Period" is admissible as well.

## CONCLUSION

BJB Electric respectfully requests that the following categories of parol evidence remain in the record:

| Parol Evidence Of: | Admissible Under: | Examples: |
|---|---|---|
| Usage of trade | Cal. Civ. Proc. Code § 1856(c) and/or Cal. Com. Code § 2202(a) | What is an order? What is a blanket purchase order? |
| Course of performance | Cal. Civ. Proc. Code § 1856(c) and/or Cal. Com. Code § 2202(a) | Comparing prior Bridgelux purchase orders to P.O. 0801-01 |
| Circumstances under which agreement was made | Cal. Civ. Proc. Code § 1856(g); Cal. Civ. Proc. Code § 1860 | Parties' shared understanding that Cost Sharing Period was intended to allow for recoupment of BJB investment in tooling and machinery |
| "Peculiar signification" of terms | Cal. Civ. Proc. Code § 1861 | Meaning of "Cost Sharing Period" |
| Subjective intent re: P.O. 0801-01 | Put into issue by Bridgelux | Evidence of whether P.O. 0801-01 manifested a "willingness to enter a bargain" |

DATED: October 3, 2023          SMITH, GAMBRELL & RUSSELL, LLP


By:   */s/ Dana M. Richens*
      Patrick J. Cain
      Dana M. Richens
      Attorneys for Plaintiff
      BJB ELECTRIC LP

# PROOF OF SERVICE
**Case Name: *BJB ELECTRIC LP v. BRIDGELUX, INC.***
**Case Number: 3:22-cv-01886-RS**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 444 South Flower Street, Suite 1700, Los Angeles, CA 90071-2901.

On October 3, 2023, I served true copies of the following document(s) described as **PLAINTIFF BJB ELECTRIC LP'S RESPONSE TO BRIDGELUX, INC.'S BRIEF REGARDING PAROL EVIDENCE** on the interested parties in this action as follows:

CRAIG A. GELFOUND
craig.gelfound@afslaw.com
KIRSTEN A. HART
kirsten.hart@afslaw.com
JESSICA B. DO
jessica.do@afslaw.com
**ARENTFOX SCHIFF LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: 213.629.7400
Facsimile: 213.629.7401

BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 3, 2023, at Los Angeles, California.

*/s/ Lupe D. Navid*
Lupe D. Navid