CRAIG A. GELFOUND (SBN 176378)
craig.gelfound@afslaw.com
KIRSTEN A. HART (SBN 258433)
Kirsten.hart@afslaw.com
JESSICA B. DO (SBN 317517)
jessica.do@afslaw.com
**ARENTFOX SCHIFF LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: 213.629.7400
Facsimile: 213.629.7401

Attorneys for Defendant and Counter-Claimant
BRIDGELUX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BJB ELECTRIC LP,<br><br>    Plaintiff,<br><br>v.<br><br>BRIDGELUX, INC.,<br><br>    Defendant. | Case No. 22-cv-01886-RS<br><br>**DEFENDANT AND COUNTER-CLAIMANT BRIDGELUX, INC.'S RESPONSE TO PLAINTIFF AND COUNTER-DEFENDANT BJB ELECTRIC LP'S BRIEF REGARDING PAROL EVIDENCE** |
| BRIDGELUX, INC,<br><br>    Counter-Claimant,<br><br>v.<br><br>BJB ELECTRIC LP,<br><br>    Counter-Defendant. | Judge: Hon. Richard Seeborg<br>Magistrate: Hon. Laurel Beeler<br><br>Trial Date: August 21, 2023<br>Date Filed: March 24, 2022 |

## I.   INTRODUCTION

Defendant/Counter-Claimant Bridgelux, Inc. ("Bridgelux") submits the following response to the Post-Trial Memorandum of Law on Admissibility of Parol Evidence ("MOL") of Plaintiff/Counter-Defendant BJB Electric LP ("BJB").

At trial, BJB sought to introduce self-serving testimony of Joseph Laufer, BJB's former president, and Albert Pruenster, BJB's current president, that they understood the language that BJB must "obtain orders" for the Minimum Requirement[1] during the Cost Sharing Period to mean that Bridgelux must not only submit orders to BJB for the Minimum Requirement, but also that BJB must accept those orders and deliver the holders to Bridgelux. By failing to argue that such evidence is admissible or to request that the Court admit such evidence in its MOL, BJB effectively concedes that Mr. Laufer and Mr. Pruenster's subjective understanding of the terms contained in the Letter Agreement is inadmissible to interpret the agreement.[2] Indeed, it is well-established that California recognizes the objective theory of contracts, under which a party's undisclosed intent or understanding is irrelevant to contract interpretation.[3] Thus, the testimony of Mr. Laufer and Mr. Pruenster concerning their subjective understanding of the term "obtain orders" should be excluded.

BJB's attempt to have admitted evidence of a purported "usage of trade" and "course of performance" between the parties fares no better. Although the California Uniform Commercial Code allows the parties to explain or supplement terms by evidence of usage of trade or course of performance, BJB's purported evidence of "usage of trade" and "course of performance" is inadmissible where it contradicts (rather than explains or supplements) the relevant terms.

BJB's argument that the parties' purported "shared understanding" of the circumstances under which the Letter Agreement was made is admissible under Cal. Civ. Proc. § 1856(g) is also unavailing where there is no evidence such understanding was shared by Bridgelux, and where

---

[1] Unless otherwise specified, capitalized terms shall have the same meaning as that set forth in Bridgelux's Brief Regarding Parol Evidence ("Bridgelux's MOL") [ECF No. 117].

[2] BJB's argument that subjective intent with respect to submission of PO0801-01 is relevant to the issue of whether PO0801-01 qualifies as an "order" under the Letter Agreement is a separate issue, addressed below.

[3] *See, e.g., Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc.,* 109 Cal. App. 4th 944, 956 (2003).

the terms are not reasonably susceptible to BJB's interpretation, an interpretation which would render other terms such as "Cost Sharing Period" meaningless. Nor can BJB rely on Cal. Civ. Proc. § 1861 where it is unable to show that its understanding of this term had a technical or otherwise peculiar signification *that was understood by the parties* to the Letter Agreement.

Accordingly, and for the reasons set forth below, the parol evidence BJB attempts to have admitted is inadmissible for the purpose of interpreting the Letter Agreement.

## II. ARGUMENT

### A. Cal. Com. Code § 2202 Applies.

As a preliminary matter, BJB's reliance on Cal. Civ. Proc. § 1856(c) in its analysis of the admissibility of its parol evidence of usage of trade and course of performance is incorrect as a matter of law. It is undisputed that the Letter Agreement is for the sale of goods. As such, the applicable rule concerning use of evidence of usage of trade and/or course of performance to explain or supplement existing terms is found in Section 2202 of the California Commercial Code ("Section 2202"), *not* § 1856(c). *See, e.g.*, Cal. Civ. Proc. Code § 1856 (Law Revision Commission Comments, 1978 Amendment) ("For the law applicable to contracts for the sale of goods, see Commercial Code Section 2202."); *Hebberd-Kulow Enterprises, Inc. v. Kelomar, Inc.*, 218 Cal.App.4th 272, 279 (2013) (recognizing that "Section 2202 removes written agreements for the sale of goods from the operation of Code of Civil Procedure section 1856, the general parol evidence statute.") (citing 4 Witkin, Summary of Cal. Law (10th ed. 2005) Sales, § 33, p. 46).

BJB's attempt to distinguish these authorities by relying on *Yomtoubian v. Camellia Diamonds, Ltd.*, No. G045110, 2012 WL 3539555, at *4 (Cal. Ct. App. Aug. 17, 2012) is unavailing. First and foremost, *Yomtoubian* is an unpublished opinion which cannot be cited or relied upon in California courts. *See* Cal. R. Ct. 8.1115(a). Moreover, and contrary to BJB's assertion, the court in *Yomtoubian* did *not* hold that Section 1856(c) may be applied in favor of Section 2202(a) where the underlying transaction is in goods. Rather, the court merely rejected plaintiff's argument (irrelevant for our purposes here) that Section 2202 was not intended to apply only to fully integrated agreements. *Id.* at *4. Nothing in *Yomtoubian* states that a party may choose to apply Section 1856(c) over Section 2202(a) simply because other subsections of

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 22-cv-01886-RS

- 3 -

DEFENDANT AND COUNTER-CLAIMANT
BRIDGELUX, INC.'S BRIEF REGARDING
PAROL EVIDENCE

Section 1856 are not covered by the provisions of Section 2202.

Accordingly, BJB's argument that its evidence is admissible under the exceptions to the parol evidence rule for usage of trade and course of performance should be analyzed under Section 2202(a) of the Commercial Code, not Cal. Civ. Proc. § 1856(c).

**B.     BJB's Usage of Trade and Course of Performance Evidence Is Not Admissible Under Section 2202(a).**

Under Section 2202, "[t]erms . . . set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement." However, such terms "may be explained or supplemented . . . [b]y course of dealing, course of performance, or usage of trade." *Id*. at § 2202(a). "The test of admissibility of extrinsic evidence to explain the meaning of a written instrument is ... whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible." *Brinderson-Newberg Joint Venture v. Pac. Erectors, Inc.*, 971 F.2d 272, 277 (9th Cir. 1992) (citing California cases). "If the contract is not 'reasonably susceptible' to the interpretation urged, then the case is over." *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, 176 F. Supp. 3d 949, 963 (E.D. Cal. 2016) (quoting *S. Cal. Edison Co. v. Superior Court*, 37 Cal.App.4th 839, 847–48, 44 Cal.Rptr.2d 227 (1995)).

BJB's contention that its purported "usage of trade" evidence is admissible is flawed for several reasons. The Commercial Code defines a "usage of trade" as "any practice or method of dealing having such regularity of observance in a place, vocation, or trade as to justify an expectation that it will be observed with respect to the transaction in question." Cal. Com. Code § 1303(c). "[T]he express terms of an agreement and any applicable course of performance, course of dealing, or usage of trade must be construed whenever reasonable as consistent with each other." Cal. Com. Code § 1303(e). "If such a construction is unreasonable . . . [then] express terms prevail over course of performance, course of dealing, and usage of trade." *Id.* "Evidence of a relevant usage of trade offered by one party is not admissible unless that party has given the other party notice that the court finds sufficient to prevent unfair surprise to the other party." Cal.

1   Com. Code § 1303(g).

2      Here, BJB asserts for the first time that "usage of trade" includes the parties' interpretation of the terms "order" and "blanket purchase order." BJB MOL [ECF No. 116] at 2. However, the term "blanket purchase order" does not appear anywhere in the Letter Agreement. Rather, the term "blanket purchase order" was simply how the parties referred to PO0801-01 in external e-mail communications. BJB makes no attempt to explain how the issue of whether PO0801-01 was a "blanket purchase order" is relevant to whether Bridgelux submitted an "order" under the Letter Agreement. *See, e.g.*, *Lennar Mare Island*, 176 F. Supp. 3d at 964 (quoting *Alameda Cnty. Flood Control v. Dep't of Water Res.*, 213 Cal.App.4th 1163, 1188–89, 152 Cal.Rptr.3d 845 (2013)) ("Because extrinsic evidence must be 'relevant to prove a meaning to which the language of the contract is reasonably susceptible,' any extrinsic evidence must be tethered to specific contract language.").

   Moreover, while testimony was given at trial regarding usage of trade generally, BJB provided **no** notice to Bridgelux that it intended to introduce usage of trade in order to interpret terms in the Letter Agreement. BJB's attempt to have supposed "usage of trade" evidence concerning the terms "order" and/or "blanket purchase order" admitted at this stage constitutes unfair surprise to Bridgelux, such that BJB's purported "usage of trade" evidence is not admissible. *See* Cal. Com. Code § 1303(g).

   Even assuming *arguendo* that BJB provided Bridgelux with sufficient notice of its purported evidence of "usage of trade," which it decidedly did *not*, the evidence it seeks to introduce is not admissible because its interpretation of the term "order" is inconsistent with the Letter Agreement. *See* Cal. Com. Code § 1303(e) (express terms prevail over usage of trade if terms cannot be construed as consistent); <u>Lennar Mare Island</u>, 176 F. Supp. at 966 ("The words 'explained' and 'supplemented' are not synonyms of 'contradicted.'"). Specifically, BJB's interpretation of the term "order" as excluding a purchase order that calls for delivery of goods in installments contradicts Section 1.1 of the standard Bridgelux purchase order terms and conditions ("T&Cs")—incorporated by reference into the Letter Agreement pursuant to Article 10 of the same—which defines the term "order" as follows:

> These terms and conditions, together with any additional terms appearing on the purchase order and attachments or documents referenced herein, including without limitation, product or service specification, requirements documents, statements of work, standards of case, or supplier code of conduct (collectively "Order") are incorporated by reference into each purchase order . . . .

Tr. Ex. No. 17.

PO0801-01 (which BJB attempts to introduce extrinsic evidence to distinguish) is a purchase order entirely consistent with this definition. Indeed, the document (i) is entitled "purchase order," (ii) specifically identifies the products being ordered, along with the quantities, pricing, and delivery schedule; and (iii) includes T&Cs that expressly state that the "Order shall become a binding agreement upon said terms and conditions upon acceptance by Supplier . . . ." *Id*., Section 1.3. Moreover, Section 4.1 of the T&Cs provides that Bridgelux sets the delivery schedule, subject to the Parties' agreement under Article 1 of the Letter Agreement. *Id*., Section 4.1. Thus, the term "order" as used in the Letter Agreement is not reasonably susceptible to BJB's proposed meaning, and its extrinsic "usage of trade" evidence cannot be considered to interpret the contract's language. *See Lennar Mare Island*, 176 F. Supp. 3d at 963 ("If the contract is not 'reasonably susceptible' to the interpretation urged, then the case is over.").

BJB's purported "usage of trade" evidence is inadmissible for the additional reason that it runs counter to statutory authority providing for installment contracts authorizing the delivery of goods in separate lots. *See* Cal. Com. Code § 2612 ("An 'installment contract' is one which requires or authorizes the delivery of goods in separate lots to be separately accepted."). BJB's interpretation also contradicts its responses to written discovery, in which it admitted that PO801-01 constitutes an order, an admission which is binding under California law. *See* Cal. Civ. Proc. Code § 2033.410(a) ("Any matter admitted in response to a request for admission is conclusively established against the party making the admission in the pending action . . . .").

To the extent BJB seeks to use "course of performance" evidence to interpret the term "order" and distinguish PO 0801-01, such an effort would be unavailing for the reasons set forth above. In particular, the term "order" is not reasonably susceptible to the interpretation urged by BJB where it is inconsistent with Sections 1.3 and 4.1 of the T&Cs, which define "order" and provide that Bridgelux sets the delivery schedule for the same, subject to the Parties' agreement

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 22-cv-01886-RS

- 6 -

DEFENDANT AND COUNTER-CLAIMANT
BRIDGELUX, INC.'S BRIEF REGARDING
PAROL EVIDENCE

under Article 1 of the Letter Agreement. Tr. Ex. No. 17;2A Anderson U.C.C. § 2-208:5 (3d. ed. updated 2015) ("Evidence of a course of performance is admissible if it does not directly contradict the terms of a written agreement, but merely explains or supplements them.").

      **C.**    **BJB's Argument that the Parties' Purported "Shared Understanding" of the Circumstances Under Which the Letter Agreement Was Made Is Admissible Under Cal. Civ. Proc. Code § 1856(g) Also Fails.**

BJB contends that Cal. Civ. Proc. Code § 1856(g) allows admission of evidence "of the parties' shared understanding . . . that the four-year Cost Sharing Period was intended to give [BJB] the opportunity to recoup its [investment]." BJB MOL [ECF No. 116] at 3. However, contrary to BJB's assertion, *no* evidence exists that BJB's self-serving "understanding" was shared by Bridgelux. Indeed, while Bridgelux understood at the outset that the pricing and Minimum Requirement was set to allow BJB to recoup its investment costs in tooling, there is no evidence that Bridgelux understood that BJB desired to recoup these costs during the first four years of the Letter Agreement. Moreover, while evidence of the circumstances under which the agreement was made is admissible "so that the Judge [may] be placed in the position of those whose language he is to interpret" (Cal. Civ. Proc. Code § 1860), such evidence cannot be admitted to interpret contract terms where the evidence contradicts (rather than explains or supplements) the relevant terms. *See* Cal. Civ. Proc. Code § 1856, Law Revision Commission Comments ("Evidence offered to interpret or explain the meaning of the terms of a written agreement is subject to the normal rules of admissibility and construction of instruments, including the rule that the test of admissibility of extrinsic evidence to explain the meaning of a written instrument is . . . whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible.") (citing *Pacific Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 69 Cal.2d 33, 37 (1968).

As set forth above, BJB's proposed interpretation of the Letter Agreement as requiring *delivery* of the Minimum Requirement during the Cost Sharing Period would limit and interfere with the express rights provided to Bridgelux under Section 4.1 of the T&Cs. *See* Tr. Ex. No. 17 (providing that Bridgelux sets the delivery schedule for purchase orders, subject to the Parties'

agreement under Article 1 of the Letter Agreement); Cal. Com. Code § 1303(e); *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, 176 F. Supp. 3d 949, 966 (E.D. Cal. 2016). As such, because BJB's interpretation of "obtain orders" conflicts with the terms of the Letter Agreement, evidence of the circumstances under which the Letter Agreement was made which support this flawed interpretation is inadmissible.

### D. BJB's Subjective Understanding of Material Terms Is Not Admissible Under Cal. Civ. Proc. Code § 1861

Under Cal. Civ. Proc. Code § 1861, "[t]he terms of a writing are presumed to have been used in their primary and general acceptation." However, "evidence is nevertheless admissible that they have a local, technical, or otherwise peculiar signification, and were so used and understood in the particular instance, in which case the agreement must be construed accordingly." *Id*.

BJB asserts that Section 1861 "provides for the admissibility of the parties' understanding of the term 'Cost Sharing Period.'" BJB MOL [ECF No. 116] at 6. However, BJB cites to no authority in support of the proposition that its own subjective understanding, which the evidence shows was *not* shared by Bridgelux, is admissible under this statute, nor can it. Indeed, it is well-established that there must be some shared understanding as to the application of the local, technical, or otherwise peculiar signification of the term in question in order for section 1861 to apply. *See, e.g.*, *Callahan v. Stanley*, 57 Cal. 476, 477 (1881) ("Before any evidence could, under any circumstances, be admissible to rebut this presumption, it was not only necessary to offer to prove that the word 'stubble' had a local or technical signification, ***but that the word was used and understood by the parties to the instrument in such local or technical sense***.") (emphasis added); *Holliday v. Porter*, 136 Cal. App. 480, 488, 29 P.2d 276, 279 (Cal. Ct. App. 1934) (parol evidence of custom admissible where "thoroughly understood and agreed by the parties thereto" to have a specified meaning or significance); *Sandell, Inc. v. Bailey*, 212 Cal. App. 2d 920, 929, 28 Cal. Rptr. 413, 418 (Ct. App. 1963) ("Where both parties to a transaction are engaged in the same occupation, or belong to the same group of persons, the usages of that occupation or group are operative, unless one of the parties knows or has reason to know that the other party has an

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 22-cv-01886-RS

- 8 -

DEFENDANT AND COUNTER-CLAIMANT
BRIDGELUX, INC.'S BRIEF REGARDING
PAROL EVIDENCE

inconsistent intention.").

Here, BJB is unable to show that the term "Cost Sharing Period" was understood by the parties to the Letter Agreement as requiring all deliveries of holders to occur within this timeframe. Nor is BJB able to demonstrate a shared understanding with respect to "obtain orders" or any of the other terms at issue in this case. This is because BJB's "understanding" of these terms is entirely subjective, and self-serving. *See Watson v. Fisher*, 79 Cal. App. 621, 624, 250 P. 577, 578 (Cal. Ct. App. 1926) ("When words of a doubtful meaning are used in a writing, parol testimony is admissible to show the common meaning of the words used, but it is not admissible to show the private understandings of the parties as to the meaning of such words.").

### E. Evidence of the Parties' Subjective Intent With Respect to PO0801-01 Is Inadmissible.

BJB's argument that the parties' subjective intent in submitting PO0801-01 is admissible may be summarily disregarded. Contrary to BJB's assertion, the issue of whether PO0801-01 meets the definition of "order" is properly resolved by examining the purchase order in light of terms of the Letter Agreement. As discussed above, PO0801-01 is entirely consistent with Section 1.3 of the T&Cs. Neither Bridgelux's subjective intent in submitting PO0801-01 nor BJB's reception/perception of said intent is relevant to the issue of whether PO-0801-01 meets this definition.

Tellingly, BJB cites to *no* authority providing that evidence of subjective intent with respect to a purchase order submitted under the Letter Agreement is somehow relevant or admissible. BJB's reliance on argument by Bridgelux's counsel that, by submitting PO0801-01, Bridgelux "clearly made a manifestation of willingness to enter a bargain" as the basis for opening the door to the parties subjective understanding concerning the term "order" is unavailing. BJB MOL [ECF No. 116] at 6. The statement by counsel to which BJB refers was clearly meant to convey that an *objective* reading of PO0801-01 demonstrates that it constituted a manifestation by Bridgelux of its intent to enter into a bargain. In other words, this argument was based on the language of PO0801-01, *not* the subjective intent of Bridgelux.

### III. CONCLUSION

For the foregoing reasons, BJB's proposed parol evidence is inadmissible where (1) BJB concedes that the subjective understanding of the parties is irrelevant to interpret the Letter Agreement; (2) BJB's evidence of usage of trade and course of performance contradicts, rather than explains or supplements, the Letter Agreement's terms; and (3) BJB's evidence of the circumstances under which the agreement was made does not exist, and even if it did, it supports an interpretation of the phrase "obtain orders" for which the Letter Agreement is not reasonably susceptible.

Dated: October 3, 2023

**ARENTFOX SCHIFF LLP**

By: */s/ Craig A. Gelfound*
Craig A. Gelfound
Kirsten A. Hart
Jessica B. Do
Attorneys for Defendant and Counter-Claimant
BRIDGELUX, INC.