UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BJB ELECTRIC LP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRIDGELUX, INC.,<br><br>　　　　　Defendant. | Case No. 22-cv-01886-RS<br><br>**ORDER REGARDING THE ADMISSIBILITY OF PAROL EVIDENCE** |

Supplemental briefing regarding what parol evidence rules govern in this contract dispute reveals—it turns out—substantial agreement between the parties. BJB Electric LP and Bridgelux, Inc. agree course of dealing, usage of trade, and course of performance evidence is admissible to explain or supplement the terms of the Letter Agreement. Further, the parties agree "evidence of the circumstances under which the agreement was made or to which it relates" is admissible. *See* Cal. Civ. Proc. Code § 1856(g). The parties' remaining disagreement appears to revolve around Bridgelux's arguments that certain *pieces* of BJB Electric's proffered evidence impermissibly contradict the terms of the Letter Agreement (and are inadmissible for that reason) or otherwise constitute inadmissible evidence of BJB Electric's "subjective intent."[1]

**1. California Commercial Code § 2202 and California Civil Procedure Code § 1856**

Bridgelux contends Cal. Com. Code § 2202(a) displaces Cal. Civ. Proc. Code § 1856(c)

---

[1] The parties have been specific as to only some of the parol evidence they apparently hope to admit.

because the Letter Agreement is a contract for the sale of goods, but agrees with BJB Electric that § 2202 does not displace § 1856(g). BJB Electric points out the question whether § 2202(a) displaces § 1856(c) is "somewhat academic" because the same three types of parol evidence come in under either subsection to explain or supplement a contract's terms: course of dealing, course of performance, and usage of trade. *See* Dkt. 116, at 5–6; *compare* Cal. Civ. Proc. Code § 1856(c) (contract terms may be explained or supplemented by course of dealing, usage of trade, and course of performance) *with* Cal. Com. Code § 2202(a) (same). Technically speaking, § 2202(a), as opposed to § 1856(c), appears to supply the relevant parol evidence rule for contracts for the sale of goods. *See, e.g.*, *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 857 (9th Cir. 1995) (applying § 2202 to contract for sale of goods); *Apex LLC v. Sharing World, Inc.*, 206 Cal. App. 4th 999, 1014 (Cal. Ct. App. 2012) (same). The parties, however, disagree over whether specific pieces of proffered evidence in the record impermissibly contradict contract terms rather than merely explain or supplement them such that they are inadmissible.

### *Course of performance*

BJB Electric seeks to introduce Exhibit 17 as evidence of what the term "obtain orders"[2] in Article 2 of the Letter Agreement means. Exhibit 17 contains purchase orders submitted by Bridgelux to BJB Electric during the first three and a half years of the Cost Sharing Period. *See* Dkt. 118, at 5. BJB Electric contends Exhibit 17 constitutes course of performance evidence of what the parties meant by "obtain orders" within the context of the Cost Sharing Period. *Id.* Bridgelux submits BJB Electric's argument *delivery* of the holders was required within the Cost Sharing Period contradicts the express terms of the Letter Agreement such that BJB Electric's proffered course of performance evidence (prior orders in Exhibit 17) is inadmissible. *See* Dkt.

---

[2] The meaning of "obtain orders" has already been found to be ambiguous. *See* Order Denying Motions for Summary Judgment (July 28, 2023), at 6–7. For instance, it is not clear from the face of the contract whether "obtain orders" can be read to require simply order *placement*. Bridgelux reraises its already-rejected contention BJB Electric conceded P.O. 0801-01 was an order in its responses to requests for admissions. For reasons already stated, this argument is unconvincing. *See* Order (Aug. 9, 2023), at 3 n.2.

ORDER REGARDING THE ADMISSIBILITY OF PAROL EVIDENCE
CASE NO. 22-cv-01886-RS
2

1  117, at 6. Though BJB Electric also makes this delivery argument, it explains its extrinsic

2  evidence is offered for the "broader, more general purpose" of showing P.O. 0801-01 was not the

3  type of "order" contemplated by the Letter Agreement. Dkt. 118, at 5.

4        Exhibit 17 need not be read as interpreting the Letter Agreement to require *delivery* of 15

5  million holders within the Cost Sharing Period. Rather, it could support an argument that the

6  parties intended for Bridgelux to take delivery of holders soon after ordering them. *See* Order

7  Denying Motions for Summary Judgment (July 28, 2023), at 8. As Bridgelux acknowledges,

8  Article I of the Letter Agreement contemplates the parties would agree on a delivery schedule for

9  ordered holders. Dkt. 119, at 6–7. Evidence concerning all of the other instances in which the

10  parties reached agreement on a delivery schedule does not contradict the express terms of the

11  Letter Agreement and is admissible evidence. Thus, the parties' history of submitting and

12  accepting orders during the first several years of the Cost Sharing Period (as shown in Exhibit 17)

13  is one example of admissible parol evidence.

14        ***Usage of trade***

15        BJB Electric also seeks to admit evidence of trade usage of the terms "order" and "blanket

16  purchase order." Dkt. 118, at 9. Under California law, "usage of trade" is "any practice or method

17  of dealing having such regularity of observance in a place, vocation, or trade as to justify an

18  expectation that it will be observed with respect to the transaction in question." Cal. Com. Code

19  § 1303(c). BJB Electric seeks admission of all testimony about the specialized meaning of the

20  terms "order" and "blanket purchase order." Dkt. 116, at 2. Bridgelux argues against admission on

21  the grounds it was given inadequate notice and because it contradicts the relevant contract terms.

22  Dkt. 119, at 1, 4–6. As previously held, the meaning of the term "obtain orders" in the Letter

23  Agreement is ambiguous and evidence of trade usage is admissible to explain or supplement this

24  term unless admission of such evidence is otherwise improper.

25        Bridgelux's argument it lacked sufficient notice of BJB Electric's trade usage argument is

26  unconvincing. Both parties were on notice the meaning of "obtain orders" in the Letter Agreement

27  was ambiguous and would be contested at trial. On the other hand, BJB Electric fails to point to

specific testimony from trial constituting evidence of trade usage in its briefs. To the extent the term "obtain orders" can be explained by reference to trade usage of specific related terms, BJB Electric must point to specific evidence in the record (for instance, testimony at the bench trial) establishing its proffered evidence qualifies as evidence of "usage of trade" in its proposed findings of fact and conclusions of law.

### *California Civil Procedure Code § 1856(g)*

Cal. Civ. Proc. Code § 1856(g) makes clear § 1856's parol-evidence-governing subsections do not bar the introduction of other evidence "of the circumstances under which the agreement was made or to which it relates," to explain extrinsic ambiguity, or otherwise to interpret an agreement. The parties agree § 1856(g) permits the introduction of extrinsic evidence even though the Letter Agreement is a contract for the sale of goods. *See, e.g.*, *Apex LLC*, 206 Cal. App. 4th at 1016 (applying other subsections of § 1856, in addition to § 2202, to contract for the sale of goods). This agreement appears to reflect how courts applying California law must look to extrinsic evidence to assess the ambiguity of a contract regardless of whether the relevant contract is one for the sale of goods.[3] *See A. Kemp Fisheries, Inc. v. Castle & Cook, Inc.*, 852 F.2d 493, 496 (9th Cir. 1988) (citing *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 69 Cal. 2d 33, 39–40 (1968)) (explaining need to consider extrinsic evidence to determine if contract is ambiguous and admit such evidence if contract is reasonably susceptible to meaning it supports); *Sun Pacific Mktg. Co-op, Inc. v. DiMare Fresh, Inc.*, No. 6-cv-1404, 2010 WL 3220301, at *11 (E.D. Cal. Aug. 13, 2010) (referencing rule regarding admissibility of extrinsic evidence to explain contract for sale of goods).

A contract is ambiguous when "on its face it is capable of two different reasonable

---

[3] This is so given the distinction between the parol evidence rule as it applies to fully integrated agreements and the use of extrinsic evidence to determine the meaning of specific terms when a contract is ambiguous. *See Morey v. Vannucci*, 64 Cal. App. 4th 904, 912 n.4 (Cal. Ct. App. 1998) (explaining how the "courts have long recognized that even when a contract is integrated . . . the *meaning* of the terms of the contract must still be ascertained" and cautioning against confusing the use of extrinsic evidence to interpret an ambiguous agreement with application of the parol evidence rule) (emphasis in original).

interpretations." *Republic Bank v. Marine Nat'l Bank*, 45 Cal. App. 4th 919, 924 (Cal. Ct. App. 1996) (citation omitted). Where a contract is ambiguous, extrinsic evidence is admissible when evidence is proffered to "prove a meaning" to which the contract language is "reasonably susceptible." *See Pac. Gas & Elec. Co.*, 69 Cal. 2d at 37. This reasonable susceptibility requirement is necessary to "avoid completely eviscerating the parol evidence rule." *Brinderson-Newberg Joint Venture v. Pacific Erectors, Inc.*, 971 F.2d 272, 277 (9th Cir. 1992). Both BJB Electric and Bridgelux assert they are entitled to introduce extrinsic evidence to provide context for what they intended by including language about BJB Electric obtaining orders within the Cost Sharing Period in the Letter Agreement. It is unclear—at least when looking solely at the express terms of the Letter Agreement—whether the parties intended BJB Electric would recoup its initial investment in the holders within (or near the end of) the four-year Cost Sharing Period.

BJB Electric's proffered evidence of the parties' shared understanding of what it would mean for BJB Electric to obtain orders within the Cost Sharing Period is admissible for this broader purpose. This evidence advances an interpretation—that the Cost Sharing Period was meant to be the general time period within which BJB Electric would recoup its initial investment in tooling and machinery by obtaining 15 million orders or being compensated for any shortfall— to which the Letter Agreement is reasonably susceptible. *See Pac. Gas & Elec.*, 69 Cal. 2d at 37.[4] Likewise, Bridgelux's proffered evidence about what the "parties understood at the time the agreement was made" about "lead time for delivery of holders" is admissible to provide context for what the parties contemplated regarding the Cost Sharing Period. *See* Dkt. 117, at 9.[5]

---

[4] Bridgelux argues there was no shared understanding BJB Electric would recoup its investment within the Cost Sharing Period and, therefore, BJB Electric's proffered evidence is inadmissible because it is entirely subjective. Whether or not this understanding was shared by the parties, however, as well as its corresponding weight, are open questions.

[5] California Civil Procedure Code § 1860 also permits consideration of the circumstances under which a contract was made in interpreting the contract.

### 2. California Civil Procedure Code § 1861

BJB Electric contends § 1861 permits the admission of parol evidence concerning the "[p]eculiar signification" of the term "Cost Sharing Period." Dkt. 118, at 4 (alteration in original). It does not, however, point to specific pieces of trial testimony it seeks to admit under § 1861, or explain how § 1861 permits the admission of parol evidence not already separately admissible. To the extent BJB Electric refers to evidence it seeks to admit under § 1861 in any future proposed findings of fact or conclusions of law, that evidence is potentially admissible if it "demonstrate[s] that terms in a writing were used and understood in a 'local . . . or otherwise peculiar way.'" *Clinton v. Universal Music Grp., Inc.*, 376 F. App'x 780, 782 (9th Cir. 2010) (citing Cal. Civ. Proc. Code § 1861).

### 3. P.O. (Purchase Order) 0801-01

Finally, the parties dispute whether evidence of Bridgelux's subjective intent in submitting P.O. 0801-01 is admissible.[6] It is unclear how Bridgelux's subjective intent in submitting P.O. 0801-01 bears on the meaning of any term in the Letter Agreement. That said, BJB Electric does not appear to seek to use "undisclosed communications and understandings" relating to P.O. 0801-01 to interpret the terms of the Letter Agreement. *See SCC Alameda Point LLC v. City of Alameda*, 897 F. Supp. 2d 886, 897 (N.D. Cal. 2012) (referencing how such evidence cannot be used to determine mutual intent). Regardless, the probative value of Bridgelux's subjective intent in submitting P.O. 0801-01 falls outside the scope of deciding which parol evidence rules govern in this case. Bridgelux's suggestion this evidence should be excluded on relevance grounds, *see* Dkt. 119, at 9, is unpersuasive. While it might indeed be irrelevant to whether P.O. 0801-01 objectively met the criteria for an order, it is possible its submission could be relevant to the parties' shared understanding of what it would mean for BJB Electric to "obtain orders" within the Cost Sharing Period.

---

[6] Confusingly, Bridgelux appears to argue "subjective evidence" of what the parties understood by "obtain orders" is barred despite also requesting the admission of its own parol evidence about what "the parties understood." *Compare* Dkt. 117, at 5, *with id.*, at 9.

**CONCLUSION**

For the aforementioned reasons, parol evidence is admissible to the extent it constitutes evidence of course of performance (such as in Exhibit 17) or usage of trade. The parties' proffered evidence about the meaning of "obtain orders" in the context of the Cost Sharing Period is also admissible. The following dates will govern moving forward:

1) Deadline for submission of revised findings of fact and conclusions of law: October 30, 2023 (14 days after entry of this Order)
2) Presentation of closing arguments (limited to 30 minutes per side): November 3, 2023, at 10:00 am, in person

**IT IS SO ORDERED**.

Dated: October 16, 2023

_____
RICHARD SEEBORG
Chief United States District Judge